PAID

MAY 1 2 2025

CLERK, U.S. DISTRICT COURT
COURT 4612

FILED

2025 MAY 12  PM 3: 01

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

**Joseph Little**
Defendant, In Pro Se
8121 Jason Street
Woodland Hills, CA 91304
(818) 458-6199

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **EDGE PROPERTY MANAGEMENT INC,** | Case No.: 2:25- CV- 04272- CBM(SSCx) |
| **Plaintiff,** | **NOTICE OF REMOVAL OF ACTION** |
| Vs. | [Removed from LASC Case No. 24VEUD03773] |
| **JOSEPH LITTLE: DOES 1 TO 10** | **Judge:** |
| **Defendant** | **Dept:** |
| | **JURY TRAIL DEMANDED** |

## NOTICE OF REMOVAL OF UNLAWFUL DETAINER ACTION

### [28 U.S.C. §§ 1331, 1332, 1441, 1443, and 1446]

TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND PLAINTIFF'S ATTORNEY FOR EDGE PROPERTY MANAGEMENT INC.:

PLEASE TAKE NOTICE: that, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1443, and 1446. Defendant **Joseph Little**, in propria persona, hereby removes to this Court the unlawful detainer action filed in the **Superior Court of California, County of Los Angeles**, Van Nuys Courthouse, Case No. **24VEUD03773**.

*III*

## I. THE STATE COURT ACTION

1. On or about April 2024, Plaintiff Edge Property Management Inc. filed an unlawful detainer complaint in the Superior Court of California, County of Los Angeles, Van Nuys Courthouse, styled:

*Edge Property Management Inc. v. Joseph Little*,
Case No. **24VEUD93773** ("UD Action").

2. The UD Action concerns real property located at:
**8121 Jason Street, Woodland Hills, CA 91304.**
3. Defendant has timely filed this Notice of Removal under 28 U.S.C. § 1446(b), within thirty (30) days after receiving a copy of the initial pleading setting forth the claim for relief.

## II. BACKGROUND

On or about April 2024, Plaintiff **Edge Property Management Inc.** filed an unlawful detainer

action in the Superior Court of California, County of Los Angeles, Van Nuys Courthouse,

titled:

**Edge Property Management Inc. v. Joseph Little**,
Case No. **24VEUD03773** ("UD Action").

Defendant is also the Plaintiff in a separate, related unlimited civil action for declaratory and

injunctive relief and damages, filed in the same court as:

**Joseph Little v. Edge Property Management Inc. et al.**,
Case No. **24VECV05651**. ("Unlimited Civil Action")

Both cases arise out of the same property, same landlord-tenant relationship, and the same

underlying facts, including:

- Substandard housing conditions;
- Repeated violations of health and safety codes;
- Tenant harassment under L.A.M.C. § 45.30;
- Mold, asbestos, and structural defects; and
- Retaliatory eviction notices following Plaintiff's complaints.

On or about January 10, 2025, Defendant moved the Superior Court to consolidate the unlawful

detainer case (24VEUD03773) with the unlimited civil case (24VECV05651) under California

Code of Civil Procedure § 1048(a). Despite both cases involving identical parties, identical subject property, and shared questions of law and fact, the Los Angeles Superior Court Denied the motion to consolidate, thereby refusing to address overlapping legal claims and defenses in a single proceeding, which significantly prejudices the Defendant and threatens inconsistent rulings.

The state court's denial of consolidation, combined with significant federal law violations (including the Rosenthal Act and civil rights violations under 28 U.S.C. § 1443), forms a basis for removal to federal court, where Defendant may fully assert his rights and defenses in one forum.

## III. GROUNDS FOR REMOVAL

### A. Federal Question Jurisdiction – 28 U.S.C. § 1331

4. Defendant asserts claims and defenses arising under federal law, including violations of the **Rosenthal Fair Debt Collection Practices Act**, which incorporates provisions of the **Fair Debt Collection Practices Act (FDCPA)**. These claims establish federal question jurisdiction under § 1331.

### B. Civil Rights Removal – 28 U.S.C. § 1443

5. Defendant also seeks removal under 28 U.S.C. § 1443 because the state court's denial of consolidation and refusal to hear related federal claims prevents Defendant from enforcing federally protected civil rights under color of state law. These include:

- Protection from **retaliatory eviction**;
- Right to **habitable housing** under federal housing standards;
- Protection against discriminatory or harassing landlord conduct under **federal civil rights statutes**.

### C. Diversity Jurisdiction – 28 U.S.C. § 1332

6. On information and belief, there may exist **complete diversity of citizenship**, and the amount in controversy exceeds $75,000, including claims for damages, injunctive relief, and statutory penalties. Removal is proper under 28 U.S.C. § 1332.

**D. Supplemental Jurisdiction – 28 U.S.C. § 1367**

7. Defendant is the plaintiff in a related unlimited civil action pending in the same courthouse:

*Joseph Little v. Edge Property Management Inc., et al.*
Case No. **24VECV05651**

8. Both cases arise from the same facts and tenancy, involving:

- Substandard housing conditions;
- Mold, asbestos, and electrical hazards;
- Harassment and retaliation by landlord;
- Health and safety violations.

These claims form part of the same case or controversy, justifying supplemental jurisdiction.


# IV. PROCEDURAL REQUIREMENTS

This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within 30 days of

service of the UD Complaint.

A true and correct copy of all pleadings from the UD action (Case No. 24VEUD03773) is

attached hereto as **Exhibit A**.

A copy of this Notice is being served on the Plaintiff and filed with the Los Angeles County

Superior Court.

Venue is proper in this District pursuant to **28 U.S.C. § 1441(a)** because the property and events

at issue occurred within the **Central District of California**.


# V. REQUEST FOR JUDICIAL NOTICE

Pursuant to **Federal Rule of Evidence 201(b)**, Defendant respectfully requests judicial notice

of the **Property Inspection Report** issued by licensed home inspector **Eric Penta** on or about

**November 7, 2024**, which found:

- **Toxic mold and asbestos** contamination in walls and ceilings;
- **Electrical panel defects** posing imminent fire risks;
- **Unsafe moisture levels** in bathrooms and walls;
- Hazardous structural conditions requiring professional abatement.

This report is material to both the underlying UD action and the removed federal claims. It

establishes a basis for **habitability violations**, **constructive eviction**, and **retaliatory conduct**,

and directly rebuts Plaintiff's basis for eviction.

A true and correct copy of the **Home Inspection Report** is attached hereto as **Exhibit B**.


# VI. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court:

1. Assume jurisdiction over this matter;
2. Remove Case No. 24VEUD03773 to the United States District Court;
3. Consolidate this matter with related federal claims and/or coordinate proceedings to prevent duplicative litigation.


Respectfully submitted,

**Dated:** May 12, 2025

_____

**Joseph Little**
Defendant, In Pro Se
8121 Jason Street
Woodland Hills, CA 91304
(818) 458-6199

**Attachments:**

- **Exhibit A** – State Court Unlawful Detainer Filings (Case No. 24VEUD03773)
- **Exhibit B** – Property Inspection Report (Eric Penta, November 7, 2024)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
EXHIBIT A
STATE COURT UNLAWFUL DETAINER FILINGS
25
26
27
28

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|

| COURTHOUSE ADDRESS: Van Nuys Courthouse East 6230 Sylmar Avenue, Van Nuys, CA 91401 | **FILED** Superior Court of California County of Los Angeles **11/21/2024** David W. Slayton, Executive Officer / Clerk of Court By: _____ A. Salcedo _____ Deputy |
|---|---|

PLAINTIFF(S):
EDGE PROPERTY MANAGEMENT, INC.

DEFENDANT(S):
JOSEPH LITTLE

| **NOTICE OF CASE ASSIGNMENT – LIMITED CIVIL CASE** | CASE NUMBER: 24VEUD03773 |
|---|---|

Case is assigned for all purposes to the judicial officer indicated below.  Notice given to Plaintiff / Cross-Complainant / Attorney of Record on _____ 11/21/2024 _____ .

| ASSIGNED JUDGE | DEPARTMENT | ROOM |
|---|---|---|
| Michael B. Wilson | H | |

David W. Slayton, Executive Officer / Clerk of Court

By A. Salcedo _____ , Deputy Clerk

### Instructions for Handling Limited Civil Cases

The following critical provisions, as applicable in the Los Angeles Superior Court are cited for your information.

**PRIORITY OVER OTHER RULES:** The priority of Chapter Seven of the LASC Local Rules over other inconsistent Local Rules is set forth in Rule 7.2© thereof.

**CHALLENGE TO ASSIGNED JUDGE:** To the extent set forth therein, Government Code section 68616(i) and Local Rule 2.5 control the timing of Code of Civil Procedure section 170.6 challenges.

**TIME STANDARDS: The time standards may be extended by the court only upon a showing of good cause. (Cal. Rules of Court, rule 3.110.)  Failure to meet time standards may result in the imposition of sanctions. (Local Rule 3.37.)**
Except for collections cases pursuant to California Rules of Court, rule 3.740, cases assigned to the Individual Calendar Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served and the proof of service filed within 60 days after filing of the complaint.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints against parties new to the action must be served and the proof of service filed within 30 days after the filing of the cross-complaint.  A cross-complaint against a party who has already appeared in the action must be accompanied by proof of service of the cross-complaint at the time it is filed. (Code Civ. Proc., § 428.50.)

**DEFAULTS** (Local Rule 9.10): If a responsive pleading is not served within the time to respond and no extension of time has been granted, the plaintiff must file a Request for Entry of Default within 10 days after the time for service has elapsed.  Failure to timely file the Request for Entry of Default may result in an Order to Show Cause being issued as to why sanctions should not be imposed.  The plaintiff must request default judgment on the defaulting defendants within 40 days after entry of default.

**NOTICED MOTIONS:** All regularly noticed motions will be calendared through the assigned department.  Each motion date must be separately reserved and filed with appropriate fees for each motion.  Motions for Summary Judgment must be identified at the time of reservations.  All motions should be filed in the clerk's office.

**EX PARTE MATTERS:** All ex parte applications should be noticed for the courtroom.

**UNINSURED MOTORISTS CLAIMS:** Delay Reduction Rules do not apply to uninsured motorist claims.  The plaintiff must file a Notice of Designation with the Court identifying the case as an uninsured motorist claim under Insurance Code section 11580.2.

## SUMMONS—EVICTION
### *(CITACIÓN JUDICIAL—DESALOJO)*

**SUM-130**

**UNLAWFUL DETAINER / FORCIBLE DETAINER / FORCIBLE ENTRY**
*(RETENCIÓN ILÍCITA DE UN INMUEBLE / RETENCIÓN FORZOSA / ENTRADA FORZOSA)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>JOSEPH LITTLE; AND DOES 1 TO 10, INCLUSIVE<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>EDGE PROPERTY MANAGEMENT, INC. | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>11/21/2024 10:10 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By A. Salcedo, Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 5 days. You have 5 DAYS, not counting Saturdays and Sundays and other judicial holidays, after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. If this summons was served through the Secretary of State's Safe at Home address confidentiality program, you have 10 days from the date of service, not counting Saturdays and Sundays and other judicial holidays, to respond.

A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courts.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services website (www.lawhelpca.org), the California Courts Online Self-Help Center (www.courts.ca.gov/selfhelp), or by contacting your local court or county bar association.

*¡AVISO! Usted ha sido demandado. Si no responde dentro de 5 días, el tribunal puede emitir un fallo en su contra sin una audiencia. Una vez que le entreguen esta citación y papeles legales, solo tiene 5 DÍAS, sin contar sábado y domingo y otros días feriados del tribunal, para presentar una respuesta por escrito en este tribunal y hacer que se entregue una copia al demandante. Si la presente citación le ha sido entregada a través del programa de dirección confidencial del Secretario del Estado Seguro en Casa, tiene 10 días después de la fecha de entrega, sin contar sábado y domingo y otros días feriados del tribunal, para responder.*

*Una carta o una llamada telefónica no lo protege. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta su respuesta a tiempo, puede perder el caso por falta de comparecencia y se le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpca.org/es), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados local.*

**FEE WAIVER:** If you cannot pay the filing fee, ask the clerk for a fee waiver form. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*EXENCIÓN DE CUOTAS: Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos con un gravamen sobre cualquier monto de $10,000 ó más recibido mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desestimar el caso.*

1. The name and address of the court is:
   *(El nombre y dirección de la corte es):*
   SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
   6230 SYLMAR AVENUE, VAN NUYS, CA 91401 - NORTHWEST DISTRICT

   | CASE NUMBER *(número de caso):* |
   |---|
   | 24VEUD03773 |

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
   MICHAEL D. ZEFF, ESQ., SBN 76655; 16633 VENTURA BLVD., SUITE 1014, ENCINO, CA 91436; TELEPHONE (818) 789-7711

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-130 [Rev. January 1, 2024]

**SUMMONS—EVICTION**
**(Unlawful Detainer / Forcible Detainer / Forcible Entry)**

Code of Civil Procedure, §§ 412.20, 415.46, 1167<br>www.courts.ca.gov

SUM-130

| PLAINTIFF *(Name):* EDGE PROPERTY MANAGEMENT, INC. | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name):* JOSEPH LITTLE; AND DOES 1 TO 10, INCLUSIVE | 24VEUD03773 |

3.  *(Must be answered in all cases)* An **unlawful detainer assistant** (Bus. & Prof. Code, §§ 6400–6415) [x] **did not** [ ] **did for compensation give advice or assistance with this form.** *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 4 below.)*

4.  Unlawful detainer assistant *(complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant):*

 a. Assistant's name:

 b. Telephone no.:

 c. Street address, city, and zip:

 d. County of registration:

 e. Registration no.:

 f. Registration expires on *(date):*

| Date: *(Fecha)* 11/21/2024 | Clerk, by *(Secretario)* A. Salcedo | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons (form POS-010).)*

[SEAL]

5.  **NOTICE TO THE PERSON SERVED:** You are served
 a. [x] as an individual defendant.
 b. [ ] as the person sued under the fictitious name of *(specify):*
 c. [ ] as an occupant.
 d. [ ] on behalf of *(specify):*
   under [ ] CCP 416.10 (corporation). [ ] CCP 416.60 (minor).
       [ ] CCP 416.20 (defunct corporation). [ ] CCP 416.70 (conservatee).
       [ ] CCP 416.40 (association or partnership). [ ] CCP 416.90 (authorized person).
       [ ] CCP 415.46 (occupant). [ ] other *(specify):*
 e. [ ] by personal delivery on *(date):*

**SUMMONS—EVICTION**
(Unlawful Detainer / Forcible Detainer / Forcible Entry)

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| MICHAEL D. ZEFF, ESQ., SBN 78668; LAW OFFICES OF MICHAEL D. ZEFF<br>16633 VENTURA BLVD., SUITE 1014, ENCINO, CA 91436 | |
| TELEPHONE NO.: (818) 789-7711    FAX NO.: (424) 292-8570 | |
| EMAIL ADDRESS: zeff@rosenthalzeff.com | |
| ATTORNEY FOR *(Name):* EDGE PROPERTY MANAGEMENT, INC. | Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | 11/21/2024 10:10 AM |
| STREET ADDRESS: 6230 SYLMAR AVENUE | David W. Slayton, |
| MAILING ADDRESS: (SAME) | Executive Officer/Clerk of Court, |
| CITY AND ZIP CODE: VAN NUYS, CA 91401 | By A. Salcedo, Deputy Clerk |
| BRANCH NAME: NORTHWEST DISTRICT | |

CASE NAME:
EDGE PROPERTY V. LITTLE

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☐ Unlimited<br>(Amount<br>demanded<br>exceeds $35,000) | ☒ Limited<br>(Amount<br>demanded is<br>$35,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 24VEUD03773 |
| | | | JUDGE: |
| | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☒ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☒ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* ONE
5. This case ☐ is ☒ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 11/19/2024

MICHAEL D. ZEFF, ESQ.
_____
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| EDGE PROPERTY V. LITTLE | 24VEUD03773 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | | |
|---|---|---|
| 1. | Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. | Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. | Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. | Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. | Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. | Location of property or permanently garaged vehicle. | |

| | A Civil Case Cover Sheet Case Type | B Type of Action (check only one) | C Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| EDGE PROPERTY V. LITTLE | 24VEUD03773 |

| A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reason (see<br>Step 3 above) |
|---|---|---|
| | ☐ 2307 Construction Accidents | 1, 4 |
| | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | ☐ 1502 Labor Commissioner Appeals | 10 |
| Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | ☐ 0602 Contract/Warranty Breach -- Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

- Other Personal Injury/ Property Damage/ Wrongful Death
- Non-Personal Injury/Property Damage/Wrongful Death Tort
- Employment
- Contract

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE<br>EDGE PROPERTY V. LITTLE | | CASE NUMBER 24VEUD03773 |
|---|---|---|

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(Check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☑ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| EDGE PROPERTY V. LITTLE | 24VEUD03773 |

| | A. Civil Case Cover Sheet Case Type | B. Type of Action (check only one) | C. Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE<br>EDGE PROPERTY V. LITTLE | CASE NUMBER 24VEUD03773 |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☐ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☑ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☑ 11 | ADDRESS:<br>8121 JASON AVENUE | |
|---|---|---|
| CITY:<br>WEST HILLS | STATE:<br>CA | ZIP CODE:<br>91304 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the  NORTHWEST  District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 11/19/2024

_____ (SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

**UD-101**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: 78885 | FOR COURT USE ONLY |
|---|---|---|

NAME: MICHAEL D. ZEFF, ESQ.
FIRM NAME: LAW OFFICES OF MICHAEL D. ZEFF
STREET ADDRESS: 16633 VENTURA BLVD., SUITE 1014
CITY: ENCINO   STATE: CA   ZIP CODE: 91436
TELEPHONE NO.: (818) 789-7711   FAX NO.: (424) 292-8570
EMAIL ADDRESS: zeff@rosenthalzeff.com
ATTORNEY FOR (name): EDGE PROPERTY MANAGEMENT, INC.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 6230 SYLMAR AVENUE
MAILING ADDRESS: (SAME)
CITY AND ZIP CODE: VAN NUYS, CA 91401
BRANCH NAME: NORTHWEST DISTRICT

PLAINTIFF: EDGE PROPERTY MANAGEMENT, INC.
DEFENDANT: JOSEPH LITTLE

**Electronically FILED by Superior Court of California, County of Los Angeles 11/21/2024 10:10 AM David W. Slayton, Executive Officer/Clerk of Court, By A. Salcedo, Deputy Clerk**

| PLAINTIFF'S MANDATORY COVER SHEET AND SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER | CASE NUMBER: 24VEUD03773 |
|---|---|

*All plaintiffs in unlawful detainer proceedings must file and serve this form. Filing this form complies with the requirement in Code of Civil Procedure section 1179.01.5(c).*
- *Serve this form and any attachments to it with the summons.*
- *If a summons has already been served without this form, then serve it by mail or any other means of service authorized by law.*
- *If defendant has answered prior to service of this form, there is no requirement for defendant to respond to the supplemental allegations before trial.*

*To obtain a judgment in an unlawful detainer action for nonpayment of rent on a residential property, a plaintiff must verify that no rental assistance or other financial compensation has been received for the amount demanded in the notice or accruing afterward, and that no application is pending for such assistance. To obtain a default judgment, plaintiff must use Verification by Landlord Regarding Rental Assistance—Unlawful Detainer (form UD-120) to make this verification and provide other information required by statute.*

1. PLAINTIFF *(name each)*:
   EDGE PROPERTY MANAGEMENT, INC.

   alleges causes of action in the complaint filed in this action against DEFENDANT *(name each)*:
   JOSEPH LITTLE

2. **Statutory cover sheet allegations** (Code Civ. Proc., § 1179.01.5(c))
   a. This action seeks possession of real property that is (check all that apply)  [X] residential  [ ] commercial.
      *(If "residential" is checked, complete all remaining items that apply to this action. If only "commercial" is checked, no further items need to be completed except the signature and verification on page 2.)*
   b. This action is based, in whole or in part, on an alleged default in payment of rent or other charges. [X] Yes  [ ] No

3. [X] **Statements regarding rental assistance** *(Required in all actions based on nonpayment of rent or any other financial obligation. Plaintiff must answer all the questions in this item and, if later seeking a default judgment, will also need to file Verification Regarding Rental Assistance—Unlawful Detainer (form UD-120).)*
   a. Has plaintiff received rental assistance or other financial compensation from any other source corresponding to the amount demanded in the notice underlying the complaint?  [ ] Yes  [X] No
   b. Has plaintiff received rental assistance or other financial compensation from any other source for rent accruing *after* the date of the notice underlying the complaint?  [ ] Yes  [X] No
   c. Does plaintiff have any pending application for rental assistance or other financial compensation from any other source corresponding to the amount demanded in the notice underlying the complaint?  [ ] Yes  [X] No
   d. Does plaintiff have any pending application for rental assistance or other financial compensation from any other source for rent accruing *after* the date on the notice underlying the complaint?  [ ] Yes  [X] No

| Form Adopted for Mandatory Use Judicial Council of California UD-101 [Rev. January 1, 2024] | PLAINTIFF'S MANDATORY COVER SHEET AND SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER | Code of Civil Procedure, § 1179.01 et seq, Health and Safety Code, § 50897.3(e) www.courts.ca.gov |
|---|---|---|

**UD-101**

| PLAINTIFF:  EDGE PROPERTY MANAGEMENT, INC. | CASE NUMBER: |
|---|---|
| DEFENDANT:  JOSEPH LITTLE | 24VEUD03773 |

4. ☐ **Other allegations** Plaintiff makes the following additional allegations: *(State any additional allegations below, with each allegation lettered in order, starting with (a), (b), (c), etc. If there is not enough space below, check the box below and use form MC-025, title it Attachment 4, and letter each allegation in order.)* ☐ Other allegations are on form MC-025.

5. ☒ Number of pages attached *(specify):* 1

Date: 11/19/2024

MICHAEL D. ZEFF, ESQ.
_____
(TYPE OR PRINT NAME)                (SIGNATURE OF PLAINTIFF OR ATTORNEY)

## VERIFICATION

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

(SEE ATTACHED VERIFICATION)
_____
(TYPE OR PRINT NAME)                (SIGNATURE)

**VERIFICATION**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I have read the foregoing <u>PLAINTIFF'S MANDATORY COVER SHEET AND SUPPLEMENTAL</u> <u>ALLEGATIONS—UNLAWFUL DETAINER</u> and know its contents.

☐ **CHECK APPLICABLE PARAGRAPHS**

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒ I am ☒ an Officer ☐ a partner _____ ☐ a _____ of _____ EDGE PROPERTY MANAGEMENT, INC. , a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☒ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for _____ a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on November 20, 2024 , at LOS ANGELES , California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

MAT HARDEGE
_____
Type or Print Name                                    Signature

**PROOF OF SERVICE**
1013a (5) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF

I am employed in the county of _____ , State of California.

I am over the age of 18 and not a party to the within action; my business address is: _____

On, _____ , I served the foregoing document described as _____

_____ on _____ in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ **BY MAIL**

☐ *I deposited such envelope in the mail at _____ , California. The envelope was mailed with postage thereon fully prepaid.

☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on _____ , at _____ , California.

☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

Executed on _____ , at _____ , California.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____                                    _____
Type or Print Name                                         Signature

*(BY MAIL, SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal
Solutions
& Plus                                              Rev. 7/99

**UD-100**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: 78685 | FOR COURT USE ONLY |
|---|---|---|

NAME: MICHAEL D. ZEFF, ESQ.
FIRM NAME: LAW OFFICES OF MICHAEL D. ZEFF
STREET ADDRESS: 16633 VENTURA BLVD., SUITE 1014
CITY: ENCINO      STATE: CA      ZIP CODE: 91436
TELEPHONE NO.: (818) 789-7711      FAX NO.: (424) 292-8570
EMAIL ADDRESS: zeff@rosenthalzeff.com
ATTORNEY FOR (name): EDGE PROPERTY MANAGEMENT, INC.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 6230 SYLMAR AVENUE
MAILING ADDRESS: (Same)
CITY AND ZIP CODE: VAN NUYS, CA 91401
BRANCH NAME: NORTHWEST DISTRICT

**FOR COURT USE ONLY**

Electronically FILED by
Superior Court of California,
County of Los Angeles
11/21/2024 10:10 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Salcedo, Deputy Clerk

PLAINTIFF: EDGE PROPERTY MANAGEMENT, INC.
DEFENDANT: JOSEPH LITTLE; and Does 1 to 10, Inclusive.
☐ DOES 1 TO

| COMPLAINT—UNLAWFUL DETAINER* | CASE NUMBER: |
|---|---|
| ☒ COMPLAINT   ☐ AMENDED COMPLAINT (Amendment Number): | 24VEUD03773 |

**Jurisdiction** (check all that apply):

☒ ACTION IS A LIMITED CIVIL CASE (amount demanded does not exceed $35,000)
Amount demanded    ☒ does not exceed $10,000
                   ☐ exceeds $10,000
☐ ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $35,000)
☐ ACTION IS RECLASSIFIED by this amended complaint or cross-complaint (check all that apply):
    ☐ from unlawful detainer to general unlimited civil (possession not in issue).      ☐ from limited to unlimited.
    ☐ from unlawful detainer to general limited civil (possession not in issue).        ☐ from unlimited to limited.

1. PLAINTIFF (name each):
   EDGE PROPERTY MANAGEMENT, INC.

   alleges causes of action against DEFENDANT (name each):
   JOSEPH LITTLE

2. a. Plaintiff is  (1) ☐ an individual over the age of 18 years.  (4) ☐ a partnership.
                   (2) ☐ a public agency.                        (5) ☒ a corporation.
                   (3) ☐ other (specify):
   b. ☐ Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of (specify):

3. a. The venue is the court named above because defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):
      8121 JASON AVENUE, WEST HILLS, CA 91304, LOS ANGELES COUNTY
   b. The premises in 3a are (check one)
      (1) ☒ within the city limits of (name of city): LOS ANGELES
      (2) ☐ within the unincorporated area of (name of county):
   c. The premises in 3a were constructed in (approximate year):

4. Plaintiff's interest in the premises is ☐ as owner ☒ other (specify): AS PROPERTY MANAGER / AUTHORIZED AGENT.

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

* NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

Form Approved for Optional Use
Judicial Council of California
UD–100 [Rev. January 1, 2024]    COMPLAINT—UNLAWFUL DETAINER    Page 1 of 4
Civil Code, § 1940 et seq.;
Code of Civil Procedure, §§ 425.12, 1166
www.courts.ca.gov

**UD-100**

| | |
|---|---|
| PLAINTIFF: EDGE PROPERTY MANAGEMENT, INC. | CASE NUMBER: |
| DEFENDANT: JOSEPH LITTLE; and Does 1 to 10, Inclusive. | 24VEUD03773 |

6.  a.  On or about *(date):* 05/16/2024

    *defendant (name each):*
    JOSEPH LITTLE

    (1)  agreed to rent the premises as a [ ] month-to-month tenancy [x] other tenancy *(specify):* ONE-YEAR LEASE
    (2)  agreed to pay rent of $ 4,995.00    payable [x] monthly   [ ] other *(specify frequency):*
    (3)  agreed to pay rent on the [x] first of the month   [ ] other day *(specify):*

  b.  This [x] written [ ] oral agreement was made with
    (1) [x] plaintiff.      (3) [ ] plaintiff's predecessor in interest.
    (2) [ ] plaintiff's agent.   (4) [ ] Other *(specify):*

  c.  [x] The defendants not named in item 6a are
    (1) [ ] subtenants.
    (2) [ ] assignees.
    (3) [x] Other *(specify):* ALL OTHER UNNAMED OCCUPANTS.

  d.  [ ] The agreement was later changed as follows *(specify):*

  e.  [x] A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached
    and labeled Exhibit 1. *(Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)*

  f.  [ ] *(For residential property)* A copy of the written agreement is **not** attached because *(specify reason):*
    (1) [ ] the written agreement is not in the possession of the landlord or the landlord's employees or agents.
    (2) [ ] this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7.  The tenancy described in 6 *(complete (a) or (b))*

  a.  [x] is **not** subject to the Tenant Protection Act of 2019 (Civil Code, § 1946.2). The specific subpart supporting why tenancy
    is exempt is *(specify):* Civil Code Sec. 1946.2 (e)(8)

  b.  [ ] is subject to the Tenant Protection Act of 2019.

8.  *(Complete only if item 7b is checked. Check all applicable boxes.)*

  a.  [x] The tenancy was terminated for at-fault just cause (Civil Code, § 1946.2(b)(1)).

  b.  [ ] The tenancy was terminated for no-fault just cause (Civil Code, § 1946.2(b)(2)) and the plaintiff *(check one)*

    (1) [ ] waived the payment of rent for the final month of the tenancy, before the rent came due, under
        section 1946.2(d)(2), in the amount of $

    (2) [ ] provided a direct payment of one month's rent under section 1946.2(d)(3), equaling $
        to *(name each defendant and amount given to each):*

  c.  [ ] Because defendant failed to vacate, plaintiff is seeking to recover the total amount in 8b as damages in this action.

9.  a.  [x] Defendant *(name each):* JOSEPH LITTLE

    was served the following notice on the same date and in the same manner:

    (1) [x] 3-day notice to pay rent or quit      (5) [ ] 3-day notice to perform covenants or quit
    (2) [ ] 30-day notice to quit                      *(not applicable if item 7b checked)*
    (3) [ ] 60-day notice to quit               (6) [ ] 3-day notice to quit under Civil Code, § 1946.2(c)
    (4) [ ] 3-day notice to quit                     Prior required notice to perform covenants served *(date):*
                                      (7) [ ] Other *(specify):*

**COMPLAINT—UNLAWFUL DETAINER**

UD-100

| PLAINTIFF: EDGE PROPERTY MANAGEMENT, INC. | CASE NUMBER: |
|---|---|
| DEFENDANT: JOSEPH LITTLE; and Does 1 to 10, Inclusive. | 24VEUD03773 |

9. b. (1) On *(date):* 11/18/2024          the period stated in the notice checked in 9a expired at the end of the day.

   (2) Defendants failed to comply with the requirements of the notice by that date.

   c. All facts stated in the notice are true.

   d. [ x ] The notice included an election of forfeiture.

   e. [ x ] A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc., § 1166. When Civil Code, § 1946.2(c), applies and two notices are required, provide copies of both.)*

   f. [ ] One or more defendants were served (1) with the prior required notice under Civil Code, § 1946.2(c), (2) with a different notice, (3) on a different date, or (4) in a different manner, as stated in Attachment 10c. *(Check item 10c and attach a statement providing the information required by items 9a–e and 10 for each defendant and notice.)*

10. a. [ x ] The notice in item 9a was served on the defendant named in item 9a as follows:

   (1) [ ] By personally handing a copy to defendant on *(date):*

   (2) [ ] By leaving a copy with *(name or description):*

   a person of suitable age and discretion, on *(date):*          at defendant's

   [ ] residence  [ ] business  AND mailing a copy to defendant at defendant's place of residence

   on *(date):*          because defendant cannot be found at defendant's residence or usual place of business.

   (3) [ x ] By posting a copy on the premises on *(date):* 11/13/2024

   [ ] AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises

   on *(date):* 11/13/2024

   (a) [ ] because defendant's residence and usual place of business cannot be ascertained OR

   (b) [ x ] because no person of suitable age or discretion can be found there.

   (4) [ ] *(Not for 3-day notice; see Civil Code, § 1946, before using)* By sending a copy by certified or registered mail addressed to defendant on *(date):*

   (5) [ ] *(Not for residential tenancies; see Civil Code, § 1953, before using)* In the manner specified in a written commercial lease between the parties

   b. [ ] *(Name):*

   was served on behalf of all defendants who signed a joint written rental agreement.

   c. [ ] Information about service of notice on the defendants alleged in item 9f is stated in Attachment 10c.

   d. [ x ] Proof of service of the notice in item 9a is attached and labeled Exhibit 3.

11. [ ] Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.

12. [ x ] At the time the 3-day notice to pay rent or quit was served, the amount of **rent due** was $4,995.00

13. [ x ] The fair rental value of the premises is $166.50          per day.

14. [ ] Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 14.)*

15. [ x ] A written agreement between the parties provides for attorney fees.

16. [ x ] Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*
City of Los Angeles Just Cause for Eviction Ordinance.


Plaintiff has met all applicable requirements of the ordinances.

17. [ ] Other allegations are stated in Attachment 17.

18. Plaintiff accepts the jurisdictional limit, if any, of the court.

UD-100 [Rev. January 1, 2024]          **COMPLAINT—UNLAWFUL DETAINER**          Page 3 of 4

| PLAINTIFF: EDGE PROPERTY MANAGEMENT, INC. | CASE NUMBER: |
|---|---|
| DEFENDANT: JOSEPH LITTLE; and Does 1 to 10, Inclusive. | 24VEUD03773 |

19. **PLAINTIFF REQUESTS**

a. possession of the premises.

b. costs incurred in this proceeding:

c. [ x ] past-due rent of $ 4,995.00

d. [ x ] reasonable attorney fees.

e. [ x ] forfeiture of the agreement.

f. [  ] damages in the amount of waived rent or relocation assistance as stated in item 8: $

g. [ x ] damages at the rate stated in item 13 from date: 12/01/2024

for each day that defendants remain in possession through entry of judgment.

h. [  ] statutory damages up to $600 for the conduct alleged in item 14.

i. [  ] other (specify):

20. [ x ] Number of pages attached (specify):    32

### UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400–6415)

21. [ x ] (Complete in all cases.) An unlawful detainer assistant [ x ] did **not** [  ] did for compensation give advice or assistance with this form. (If declarant has received **any** help or advice for pay from an unlawful detainer assistant, complete a–f.)

a. Assistant's name:

b. Street address, city, and zip code:

c. Telephone no.:

d. County of registration:

e. Registration no.:

f. Expires on (date):

Date: 11/19/2024

MICHAEL D. ZEFF, ESQ.

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

### VERIFICATION

(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

(SEE ATTACHED VERIFICATION)

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PLAINTIFF)

EXHIBIT "1"

# <u>Residential Lease Agreement</u>

**PARTIES:**

**OWNER/AGENT FOR OWNER:** <u>ALLISON LEVINE & GRACE TORRES/EDGE PROPERTY MANAGEMENT, INC.</u>

**TENANT(S)** ___Joseph Little_____

**PROPERTY ADDRESS**___8121 Jason Ave. Canoga Park, CA 91304_____

**OWNER/ AGENT and TENANT mutually agree as follows:**
**1. TERM.** The term of the rental shall begin on___May 16, 2024_____, and shall continue as follows subject to the payment of rent for one month and the security deposit:

For a period of _12__ months and __0__ days thereafter expiring on __May 15, 2025_____ (the expiration date). Renewal of the term shall be as described in Paragraph 21 of this Agreement (**A Fixed Term Lease**).

**2. RENTAL AMOUNT:** TENANT agrees to pay OWNER the sum of $_4995.00_____per month in advance on the 1st day of each calendar month. Said rental payment shall be delivered by TENANT to OWNER or his designated agent to the following location 6200 Canoga Ave.. #340, Woodland Hills CA 91367. Rent must be actually received by OWNER, or designated agent, in order to be considered in compliance with the terms of this agreement. (Check If Applicable)____ A prorated share of rent in the sum of **$2664** __ is due on _6/1/24__ to cover the period from __May 16_ to _May 31__ .

**3. SECURITY DEPOSITS:** On signing this Agreement, TENANT shall pay to Agent the sum of $_4995.00 as a deposit to secure TENANT'S performance of the covenants contained herein. No part of this deposit is to be considered as an advance payment of rent, including last months' rent, nor is it to be used for refunded prior to the leased premises being permanently and totally vacated by all TENANTS. After TENANT has vacated the premises, Agent shall furnish TENANT with an itemized written statement of the basis for, and the amount of, any of the security deposit retained by OWNER. OWNER may withhold that portion of TENANT'S security deposit necessary (a) to remedy any default by TENANT in the payment of rent or any other provision of this Agreement, (b) to repair damages to the premises, to include repainting, but exclusive of ordinary wear and tear, and (c) to remove trash and clean the premises to meet OWNER'S re-rental standards, as provided by law. The unused portion of this deposit shall be returned to TENANT without interest, according to law. If the TENANT fails to furnish a forwarding address to OWNER/AGENT, then AGENT shall send statement and any security deposit refund to the leased premises.

**4. INITIAL PAYMENT:** TENANT shall pay the first full month rent (June) $4995 and the security deposit in the amount of $4995_for a total of $9990. Said payment shall be made in the form of a cashier's check and is all due prior to occupancy.

**5. OCCUPANTS:** The premises are rented for residential purposes only and shall not be occupied by any person other than those designated above as TENANT with the exception of the following named persons: ___Joey Little__
If OWNER, with written consent, allows for additional persons to occupy the premises, the rent shall be increased by 10% for each such person. Any person staying 14 days cumulative or longer, without the OWNER'S written consent, shall be considered as occupying the premises in violation of this agreement. **MAXIMUM OCCUPANCY: 4 - MUST BE APPROVED**

**6. UTILITIES:** TENANT shall pay for all utilities and/or services supplied to the premises with the following exception: gardener

**7. SUBLETTING OR ASSIGNING:** TENANT agrees not to assign or sublet the premises, or any part thereof, without first obtaining written permission from OWNER. Any such action, without prior written consent, is void.

**8. PARKING:** TENANT __X_is not __is (check one) assigned a parking space. If assigned a parking space it shall be designated as space #____. TENANT may only park a vehicle that is registered in the TENANT'S name. TENANT may not assign, sublet, or allow any other person to use this space. This space is exclusively used for the parking of passenger automobiles by the TENANT. No other type of vehicle or item may be stored in this space without prior written consent of OWNER. TENANT may not wash, repair, or paint in this space or at any other common area on the premises. Only vehicles that are operational, currently registered in the State of California, free of any leaking substances, insured for public liability/property damage, and comply with governmental noise limitations may be brought on to the premises. OWNER may have unauthorized vehicles towed away at Vehicle owner's or TENANT'S expense.

_of 5_

Manager Initial _____    Tenant initials _____    _____

**9. CONDITION OF PREMISES:** TENANT acknowledges that the premises have been inspected. Tenant acknowledges that said premises have been cleaned and all items, fixtures, appliances, and appurtenances are in complete working order. TENANT promises to keep the premises in a neat and sanitary condition and to immediately reimburse landlord for any sums necessary to repair any item, fixture or appurtenance that needed service due to TENANT'S , or TENANT'S invitee, misuse or negligence. TENANT shall be responsible for the cleaning or repair to any plumbing fixture where a stoppage has occurred. TENANT shall also be responsible for repair or replacement of the garbage disposal where the cause has been a result of bones, grease, pits, or any other item which normally causes blockage of the mechanism.

**10. ALTERATIONS:** TENANT shall not make any alterations to the premises, including but not limited to installing aerials, lighting fixtures, dishwashers, washing machines, dryers or other items without first obtaining written permission from OWNER. TENANT shall not change or install locks, paint, or wallpaper said premises without OWNER'S prior written consent, TENANT shall not place placards, signs, or other exhibits in a window or any other place where they can be viewed by other residents or by the general public. TENANT shall not store any object on the property outside of the unit.

**11. LATE CHARGE/RETURNED CHECKS:** The parties agree that it would be impractical or extremely difficult to fix the actual damage incurred by the OWNER if the TENANT fails to pay the rent timely. An administrative cost, which is related to collecting and accounting for the late payment, will be assessed at the rate of 6% of the monthly rent if not received by 5:00 p.m. on the 3rd day of the month. The parties further agree that the acceptance of this provision will be conclusive evidence, in any legal proceeding, that calculating actual damage would be impractical and extremely difficult to fix. Furthermore, the late fee assessed above, is conclusive evidence in any legal proceeding that it is a reasonable administrative cost.

If rent is not paid when due and landlord issues a 'Notice To Pay Rent Or Quit', TENANT must tender money order or cashier's check only. If TENANT tenders a check, which is dishonored by a banking institution, then TENANT shall only tender cash or cashier's check for all future payments. This shall continue until such time as written consent is obtained from OWNER. In addition, TENANT shall be liable in the sum of $25 for each check that is returned to OWNER because the check has been dishonored. A fee of $50 will be incurred each time the Landlord is required to serve a 3 Day Notice To Pay The Rent due to the Tenant's failure to pay rent timely.

**12. NOISE AND DISRUPTIVE ACTIVITIES:** TENANT or his/her guests and invitees shall not disturb, annoy, endanger or inconvenience other tenants of the building, neighbors, the OWNER or his agents, or workmen, nor violate any law, nor commit or permit waste or nuisance in or about the premises. Further, TENANT shall not do or keep anything in or about the premises that will obstruct the public spaces available to other residents. Lounging or unnecessary loitering on the front steps, public balconies or the common hallways that interferes with the convenience of other residents is prohibited. Violations constitute a breach of this Agreement, and OWNER may take legal action to terminate this Agreement and remove TENANT.

**13. FURNISHINGS:** No liquid filled furniture of any kind may be kept on the premises. If the structure was built in 1973 or later TENANT may possess a waterbed if he maintains waterbed insurance valued at $100,000 or more. TENANT must furnish OWNER with proof of said insurance. TENANT must use bedding that complies with the load capacity of the manufacturer. In addition, TENANT must also be in full compliance with Civil Code Section 1940.5. TENANT shall not install or use any washer, dryer, or dishwasher that was not already furnished with the unit. TENANT shall not have any musical instruments on the premises.

**14. RIGHT OF ENTRY:** OWNER may enter and inspect the premises during normal business hours and upon reasonable advance notice of at least 24 hours to TENANT. OWNER is permitted to make all alterations, repairs and maintenance that in OWNER'S judgment is necessary to perform. In addition OWNER has right to enter pursuant to Civil Code Section 1954. If the work performed requires that TENANT temporarily vacate the unit, then TENANT shall vacate for this temporary period upon being served a 7 days notice by OWNER. TENANT agrees that in such event that TENANT will be solely compensated by a corresponding reduction in rent for those many days that TENANT was temporarily displaced. No other compensation shall be offered to the TENANT. If the work to be performed requires the cooperation of TENANT to perform certain tasks, then those tasks shall be performed upon serving 24 hours written notice by OWNER. (EXAMPLE - removing food items from cabinets so that the unit may be sprayed for pests)

**15. REPAIRS BY OWNER:** Where a repair is the responsibility of the OWNER, TENANT must notify OWNER/AGENT with a written notice stating what item needs servicing or repair. TENANT must give OWNER a reasonable opportunity to service or repair said item. TENANT acknowledges that rent will not be withheld unless a written notice has been served on OWNER giving OWNER a reasonable time to fix said item within in the meaning of Civil Code Section 1942. Under no circumstances may TENANT withhold rent unless said item constitutes a substantial breach of the warrantee of habitability as stated in Code of Civil Procedure Section 1174.2.

**16. PETS/:** No dog, cat, bird, fish or other domestic pet or animal of any kind may be kept on or about the premises without OWNER'S written consent.

Manager Initial _____    Tenant initials _____        _____  _____  _____

2 of 5

**17. ANTENNAS/SATELLITE DISHES :** No antenna or satellite dish may be kept on or about the premises without OWNER'S written consent.

**18. SECURITY.** TENANT acknowledges that Owner has made no representation that the property is a "secure" complex, and that TENANT is safe from theft, injury or damage. Gates, fences and locks are provided primarily for the protection of OWNER'S property and are not a warranty of protection nor are they specifically provided for the protection of TENANT or guest's person or property. TENANT shall take appropriate measures to protect their own property, and report to the Police any suspicious activities, persons or events occurring on or about the general premises.

**19. LIABILITY / DAMAGE RESPONSIBILITY.** Resident agrees to hold Owner harmless from all claims of loss or damage to property, and of injury or death to persons caused by the intentional acts or negligence of the Resident, his guest or invitees, or occurring on the premises rented for Resident's exclusive use. **Resident expressly absolves Owner from any and all liability for any loss or damage to Resident's property or effects arising out of water leakage or breaking pipes, or theft, or other cause beyond the reasonable control of Owner.** This includes damage to Resident's or guest's vehicles while parked on the property. In the event the premises are damaged by fire or other casualty, Owner shall have the option either to (1) repair such damage, this Agreement continuing in full force and effect, or (2) give notice to Resident terminating this Agreement. Owner shall not be required to repair or replace any property brought onto the premises by Resident. Resident agrees to accept financial responsibility for any damage to the premises from fire, water or casualty caused by Resident's negligence. **Resident is required to carry a standard renter's policy** or as an alternative, warrants that they will be financially responsible for losses not covered by Owner's fire and extended coverage insurance policy. In no event shall Resident be entitled to any compensation or damage due to any extra expense, annoyance or inconvenience for loss of use due to a casualty beyond the control of the Owner.

**20. INSURANCE:** TENANT MUST maintain a Renter's insurance policy to cover any losses sustained to TENANT'S personal property, vehicle, or expenses relating to the necessity to relocate or any other losses. It is acknowledged that OWNER does not maintain this insurance to cover personal property damage or loss caused by fire, theft, rain, water overflow/leakage, acts of GOD, and/or any other causes. It is acknowledged that OWNER is not liable for these occurrences. It is acknowledged that TENANT'S insurance policy shall solely indemnify TENANT for any losses sustained. TENANT'S failure to maintain said policy shall be a complete waiver of TENANT'S right to seek damages against OWNER for the above stated losses. The parties acknowledge that the premises are not to be considered a security building which would hold OWNER to a higher degree of care.

**21. TERMINATION OF LEASE/RENTAL AGREEMENT:** If this lease is based on a fixed term, pursuant to paragraph 1, then at the expiration of said fixed term this lease shall become a month to month tenancy upon the approval of OWNER or Agent. Where said term is a month to month tenancy, either party may terminate this tenancy by the serving of a 30 day written notice.

**22. RULES AND REGULATIONS.** Resident acknowledges receipt of, and has read a copy of the Apartment Rules and Regulations, which are hereby incorporated into this Agreement by this reference. OWNER may terminate this Agreement, as provided by law, if any of these Rules and Regulations are violated. Such Rules and Regulations may be amended from time to time upon giving notice to Resident. If the property is located within a common interest development, Resident agrees to comply with and abide by any Declaration of Covenants, Conditions and Restrictions (CC & R's) and Association Rules and Regulations. A copy of these documents (if applicable) are made a part of this agreement. Residents shall comply with any valid order of the Association and shall pay to Owner any charge assessed by reason of Resident's breach.

**23. SMOKE DETECTION DEVICE.** The premises are equipped with a smoke detection device(s), and: (a) Resident acknowledges the smoke detector(s) was tested and its operation explained by management, in the presence of Resident, at time of initial occupancy, and the detector(s) in the unit was working properly at the time, (b) Resident shall test the smoke detector at least once a week to determine if the smoke detector(s) is operating properly, and immediately inform the Owner, in writing, of any malfunction.

**24. JOINT AND SEVERAL LIABILITY (CO-RESIDENT).** If more than one Resident enters into this Agreement ("roommates'), the obligations are joint and several; each such Resident is individually, as well as jointly, liable for full performance of all agreed terms and payment of all sums required hereunder as long as any one of the Residents remain in possession of the premises. Any breach or abandonment by any one or more of the Residents shall not terminate the Agreement nor shall it relieve the remaining Resident from fulfilling the terms of this Agreement. Should one or more of the Residents terminate their residency apart and separately from the other Resident, no right to have another person substituted in their stead shall exist.

**25. NON-CURABLE BREACH OF RENTAL AGREEMENT:** It shall be considered a non-curable breach of this rental agreement, within the meaning of Code of Civil Procedure 1161 subsection 3, if tenant has not paid the rent when due, three times in any 12 month period. No notice of these delinquencies need be served on the tenant.

3 of 5

Manager Initial _____     Tenant initials _____     _____     _____     _____

**26. POSSESSION:** If premises cannot be delivered to TENANT on the agreed date due to loss, total or partial destruction of the premises, or failure of previous TENANT to vacate, either party may terminate this agreement upon written notice to the other party at their last known address. It is acknowledged that either party shall have no liability to each other except that all sums paid to OWNER will be immediately refunded to TENANT.

**27. ABANDONMENT:** It shall be deemed a reasonable belief by the OWNER that an abandonment of the premises has occurred where the, within the meaning of Civil Code Section 1951.2, where rent has been unpaid for 14 consecutive days and the TENANT has been absent from unit for 14 consecutive days. In that event, OWNER may serve written notice pursuant to Civil Code Section 1951.2. If TENANT does not comply with the requirements of said notice in 18 days, the premises shall be deemed abandoned.

**28. WAIVER:** OWNER'S failure to require compliance with the conditions of this agreement, or to exercise any right provided herein, shall not be deemed a waiver by OWNER of such condition or right. OWNER 'S acceptance of rent with knowledge of any default under agreement by TENANT shall not be deemed a waiver of such default, nor shall it limit OWNER 'S rights with respect to that or any subsequent right. It is further agreed between the parties that the payment of rent at any time shall not be a waiver to any UNLAWFUL DETAINER action unless OWNER in writing specifically acknowledges that this constitutes a waiver to the UNLAWFUL DETAINER action.

**29. VALIDITY/SEVERABILITY:** If any provision of this agreement is held to be invalid, such invalidity shall not affect the validity or enforcement of any other provision of this agreement.

**30. ATTORNEY FEES:** In the event action is brought by any party to enforce any terms of this agreement or to recover possession of the premises, the prevailing party shall recover from the other party reasonable attorney fees not to exceed $500. It is acknowledged, between the parties, that jury trials significantly increase the costs of any litigation between the parties. It is also acknowledged that jury trials require a longer length of time to adjudicate the controversy. On this basis, all parties waive their rights to have any matter settled by jury trial.

**31. NOTICES:** All notices to the tenant shall be deemed served upon mailing by first class mail, addressed to the tenant, at the subject premises or upon personal delivery to the premises whether or not TENANT is actually present at the time of said delivery. All notices to the landlord shall be served by mailing first class mail or by personal delivery to the manager's apartment or to: _____
**Edge Property Management, Inc.  6200 Canoga Ave., Suite 340, Woodland Hills, CA 91367**

**32. PERSONAL PROPERTY OF TENANT:** Once TENANT vacates the premises, all personal property left in the unit shall be stored by the OWNER for 18 days. If within that time period, TENANT does not claim said property, OWNER may dispose of said items in any manner OWNER chooses.

**33. ADDITIONAL RENT:** All items owed under this lease shall be deemed additional rent.

**34. APPLICATION:** All statements in TENANT'S application must be true or this will constitute a material breach of this lease.

**35. Lead Warning Statement:** Housing built before 1978 may contain lead-based paint. Lead from paint, paint chips and dust pose health hazards if not managed properly. Lead exposure is especially harmful to young children and pregnant women. Before renting pre-1978 housing, OWNER'S must disclose the presence of known lead-based paint and/or lead-based paint hazards in the dwelling. TENANTS must also receive a federally approved pamphlet on lead poisoning prevention.

**OWNER'S/AGENT'S Disclosure**
OWNER has no knowledge of lead-based paint and/or lead-based paint hazards in the premises.  OWNER/AGENT has no reports or records pertaining to lead -based paint and/or lead-based paint hazards in the premises.

**TENANTS Acknowledgment**
TENANT has received the pamphlet Protect Your Family From Lead In Your Home. TENANT agrees to promptly notify OWNER in writing of any deteriorated and/or peeling paint.

**36. PEST CONTROL.** Upon demand by Owner, Residents shall temporarily vacate the premises for a reasonable period of time to allow pest or vermin control work to be done. Resident shall comply with all instructions, forthwith, from pest controller, fumigator and/or exterminator regarding the preparation of the premises for the work, including the proper bagging and storage of food, perishables and medicine.

4 of 5

Manager Initial _____    Tenant initials _____

**37. ENTIRE AGREEMENT:** The foregoing agreement, including any attachments incorporated by reference, constitute the entire agreement between the parties and supersedes any oral or written representations or agreements that may have been made by either party. Further, TENANT represents that TENANT has relied solely on TENANT'S judgment in entering into this agreement. TENANT acknowledges having been advised to consult with independent legal counsel before entering into this Agreement and has decided to waive such representation and advice. TENANT acknowledges that TENANT has read and understood this agreement and has been furnished a duplicate original.

**38. ADDITIONAL TERMS:** All items owed under this lease, except the security deposit, shall be deemed additional rent. It shall be considered a substantial breach of this lease agreement if the Tenant violates any term of this lease agreement. If the premises are subject to a law which requires the landlord to pay interest on a security deposit, then an additional fee will be owed by the tenant representing a management fee. This fee shall be a sum equal to 4% of the security deposit or the amount of interest required to be paid by the landlord, whichever is less. This fee is due on a yearly basis. Tampering or disconnecting the smoke or carbon dioxide detector is a non curable breach. Door Locks may not be changed or the replacement cost is $150 per door. No Smoking in the unit. Remediation of smoke if this rule is broken is $2500.

**39. This Property is Exempt from Statewide Rent Control AB 1482** This property is not subject to the rent limits imposed by Section 1947.12 of the Civil Code and is not subject to the just cause requirements of Section 1946.2 of the Civil Code. This property meets the requirements of Sections 1947.12 (d)(5) and 1946.2 (e)(8) of the Civil Code and the owner is not any of the following: (1) a real estate investment trust, as defined by Section 856 of the Internal Revenue Code; (2) a corporation; or (3) a limited liability company in which at least one member is a corporation.

**40. Payment/Contact Information:**    All Rent payments should be made payable to:

Edge Property Management, Inc.
6200 Canoga Ave., Suite 340
Woodland Hills, CA 91367
(818) 728-1113

Tenant email if you wish to pay online: _MR. JOSEPHLITTLE@icloud.com_

Notice: Pursuant to Section 290.46 of the Penal Code, information about specified registered sex offenders is made available to the public via an Internet Web site maintained by the Department of Justice at www.meganslaw.ca.gov. Depending on an offender's criminal history, this information will include either the address at which the offender resides or the community of residence and ZIP Code in which he or she resides.

Joseph Little                                       Date  5/14/24

Mat Hardegel Agent for Owner                        Date  5/14/24

*5 of 5*

## PESTICIDE DISCLOSURE NOTICE

*(Pursuant to California Civil Code 1940.8—Renters must be provided with and sign this Pesticide Disclosure Notice attached hereto from the building's pest control company.)*

This Pesticide Disclosure Notice is provided to you annually as required by California law (Business & Professions Code §8538 and California Code of Regulations §1970.4) to all residents in properties managed by Edge Property Management, Inc. State law requires that you be given the following information:

## CAUTION - PESTICIDES ARE TOXIC CHEMICALS

Structural Pest Control Companies are registered and regulated by the Structural Pest Control Board, and apply pesticides that are registered and approved by the California Department of Pesticide Regulation and the United States Environmental Protection Agency. Registration is granted when the state finds that based on existing scientific evidence there are no appreciable risks if proper use conditions are followed or that the risks are outweighed by the benefits. The degree of risk depends upon the degree of exposure, so exposure should be minimized.

Pests generally include: ants / roaches / mice / rats / spiders / fleas / silverfish / ticks / stored grain pests.

Areas covered generally include: interior / exterior / inside on request.

If within 24 hours following application you experience symptoms similar to common seasonal illness comparable to the flu, contact your physician or Poison Control Center (1-800-876-4766) immediately.

For further information contact Edge Property Management, Inc. for the specific pest control company servicing your building.

For health questions contact the County Health Department (213-240-8101). For application information contact the County Agricultural Commissioner (626-575-5466) and for Regulatory Information contact the Structural Pest Control Board (1-800-737-8188).

**Insecticides used / active ingredients:**
Advance - Abamectin B1
Avert – Abamectin B1
Baygon – Propoxur
Catalyst – Propetamphos
CB-80 – Pyrethrins
Cy-Kick – Cyfluthrin
Delta Dust – Deltamethrin
DeltaGard – Deltamethrin
Demand CS - Lambda – cyhalothrin
Demon – Cypermethrin
Diazinon – Diazinon
Dragnet SFR – Permethrin
Drax – Orthoboric acid
Dual Choice – Sulfluramid
Dursban – Chlorpyrifos
Empire - Chlorpyrifos

Engage - Chlorpyrifos
Gentrol - Hydroprene
Invader - Propoxur
Intern - Chlorpyrifos
Knox-Out 2FM - Diazinon
Maxforce - Hydramethylnon or Fipronil
Microcare - Pyrethrins, Piperonyl butoxide,
N. Octyl bicycloheptene dicarboximide
P.I. - Pyrethrins, Piperonyl butoxide
Perma Dust - Boric acid
Precor IGR - Methoprene
Procide - Pyrethrins
PT 240 - Boric acid
PT 400 - Chlorpyrifos, Fenoxycarb
Powerplant - d-limonene
Pyrethrin - Pyrethrins
Siege - Hydramethylnon

Strikeforce - Chlorpyrifos
Suspend SC – Deltamethrin
Talstar - Bifenthrin
Tempo – Cyfluthrin
Tim-Bor - Boric Acid
Tri Die - Silica gel, Pyrethrins, Piperonyl butoxide

**Rodenticides used / active ingredients:**
Answer - Diphacinone
Contrac - Bromadiolone
Quintox - Cholecalciferol
Rodent Cake - Diphacinone
Rozol Tracking Powder - Chlorophacinone
Talon - Brodifacoum
Vengeance – Bromethalli

Attached to the Lease, I/we acknowledge receipt of this Pesticide Disclosure Notice.

8121 Jason Ave.
_____
Street Address                Unit #

Canoga Park, CA, 91304
_____
City            State         Zip Code

JOSEPH LITTLE
_____
Residents(s) Name

_____
Residents Signature

# EDGE PROPERTY MANAGEMENT, INC.

## OBLIGATIONS OF A RESIDENT
*Rules and Regulations*

YOUR APARTMENT IS YOUR HOME AND THE BUILDING OR COURT IS THE COMMUNITY YOU SHARE WITH OTHER RESIDENTS. THESE RULES ARE NOT INTENDED TO BE RESTRICTIVE, BUT ARE DESIGNED TO HELP CREATE A BETTER, MORE PLEASANT AND SAFER PLACE TO LIVE. A FRIENDLY COOPERATIVE WILL BE TO THE BENEFIT OF ALL, AND THE MANAGEMENT SOLICITS YOUR HELP IN ATTAINING THESE GOALS!

1. Your rent is to be paid to the Manager on the 1st (first) of every month. There will be a 6% late charge if rent is not received by 5:00 p.m. on the 3rd (third) of the month. Should you have a check returned for non-sufficient funds, there will be a $25.00 NSF charge as well as a 6% late charge.
2. Management is not responsible for fire damage or theft of personal property including jewelry, money, apparel or other items in said premises, including storage areas, carports and garages.
3. The number of persons who shall occupy an apartment is set forth in the rental agreement. No exceptions.
4. Excessive noise is not permitted at any time, especially before 8:00 a.m. and after 10:00 p.m. Noise should not carry outside your apartment.
5. Parking is provided for TENANTS ONLY in spaces assigned by the Manager, unless you reside in a building without assigned parking. Guests must park elsewhere. Do not back into parking spaces. Washing of vehicles and mechanical work is not permitted on the premises. Vehicles must be in running condition and disabled vehicles should not be stored on the premises. Any vehicle parked in violation of the above will be towed away and stored at the vehicle owner's expense.
6. Residents are responsible for the conduct of their guests and the adherence to these rules at all times. Residents and guests must be orderly, and intoxication, disorderly contact, objectionable language or other disturbance by residents or visitors shall be cause for eviction. Any action by you or your guests that causes damage will be at your expense. A house guest is defined as anyone who stays up to 14 days unless further extension is given by management in writing.
7. No rugs, towels, articles of clothing or other such items are to be draped over the rails of balconies, and no mops or rugs are to be shaken from same or through window openings.
8. No personal belongings, including bicycles, play equipment or other items may be placed in halls, stairways or about the building except in storage areas where allowed.
9. State law prohibits the use or storage of gasoline, cleaning solvents or other combustibles in an apartment.
10. No animals are permitted on the premises unless prior arrangements have been made with the manager.
11. In event of emergency or good reason to believe such may exist, management reserves the right to enter the premises during resident's absence without prior permission.
12. No alterations, painting or hanging pictures or other items on walls may be done without prior consent in writing from management. Drapes, carpets, and appliances must be given good care and be free of spots, burns or other damage. The resident will be responsible and required to pay for all damage beyond normal wear and tear.
13. In any building with security gates, please do not admit anyone you do not know personally. This is for your protection and the protection of others.
14. No trash or other material may be accumulated which will create a hazard or be in violation of any heath, fire or safety ordinance or regulation. Apartment must be kept clean and sanitary and free from objectionable odors.
15. Laundry rooms are for the exclusive use of tenants. Please report any mechanical problems to the Manager. Do not leave your laundry unattended. Do not overload machines, as this may cause mechanical breakdown. The management is not responsible for lost or stolen articles.

Manager: _____

Date: 5/10/24

Renter: Joseph L. Hle

Renter: _____



## LEASE ADDENDUM FOR PLUMBING AND GARBAGE DISPOSALS

In order to avoid plumbing problems, we would appreciate your assistance with proper usage of your garbage disposal, sink, and shower/tub drains. **Residents** will be held responsible for damage caused by negligence. Please follow the guidelines listed below.

Kitchen Plumbing: Do not put any hard, sharp, or stringy items in the garbage disposal. Potato peels, cornhusks, coffee grounds, rice, beans, pasta, onions, celery, raw fat, glass, paper, silverware, or any kind of bones should not be put down the disposal. Oil, grease, or lard should never be poured down the drain! We recommend that you use DAWN dishwashing liquid to wash your dishes. DAWN breaks up grease and helps to keep the drains unclogged.

Always run cold water when running the disposal. Continue to let the water run for a minute after you have turned off the garbage disposal to flush the drain. Periodically, squeeze the juice of 1/2 of a lemon, orange or lime in your disposal to keep your disposal smelling fresh.

To clear a jammed garbage disposal: a) turn disposal off b) check to see if anything is blocking the disposal c) remove anything that may be blocking the disposal d) try the disposal again e) if disposal still doesn't work, use a hex tool that you insert in the bottom of the disposal to clear the jam f) DO NOT STICK A BROOM HANDLE OR ANYTHING ELSE INSIDE YOUR DISPOSAL TO CLEAR A JAM g) if you do not have a hex tool, the manager has one that you can borrow h) if disposal does not work after using the hex tool, wait 15 minutes and press the reset button on the side of the disposal, then try the disposal again i) if your disposal still doesn't work, contact the manager.

Bathroom Plumbing: Do not allow excess hair to go down the sink, tub or shower drains. If your sink or tub or toilet is clogged, try using a plunger to unclog it. If you do not have a plunger, you can borrow one from the manager. Do not pour any chemicals (Liquid Plumber or Drano) in the toilets or drains. Your sinks, tub, or shower should also have a strainer to collect any hair or other items that should not go into the drains.

**Do not flush any paper towels, tampons, baby wipes, or diapers** down your toilet. Residents will be held responsible for any repairs needed to clear clogs caused by any foreign objects.

Please advise your manager of any clogged drains or toilets or of any faucet or pipe leaks right away. The easiest way to solve plumbing problems is when they first begin.

This Lease Addendum is incorporated into the Lease between the Management and the Tenant.

Date: 5/14/24

Manager:

Resident(s): JOSEPH L HE

6200 Canoga Ave. • Suite 340 • Woodland Hills, CA 91367 • (818) 728-1113 • Fax (818) 728-1115



## Residents Responsibilities regarding children

In compliance with the law, the owner/landlord/operator of the premises described in the Lease (Rental Agreement) to which this is attached, does not discriminate in the rental process based upon age and related matters. At the same time, all parties recognize that the specific apartment involved, the building in which it is located, and the surrounding areas, deep swimming pools with no lifeguards, saunas, Jacuzzis, barbeque areas, gymnasium equipment, recreation rooms, elevators, fireplaces, and railings which are not designed to prevent someone or something from falling through, garbage areas and/or garbage chutes.

Resident has inspected the premises and surrounding area in order to determine which of the above potential hazardous conditions exist and also to determine whether or not there are other conditions which might present a hazard to children even though not specifically described above. Resident, with full knowledge of all these conditions, has intentionally and freely rented the subject apartment and signed this agreement, and by doing so, assumes the risk of any damages which may result from injury to any person under the age of eighteen (18) residing in the subject apartment with the Resident, and shall indemnify and hold harmless the owner/landlord/operator on account thereof.

Resident shall obey and assure that any children residing in the subject unit shall follow all terms and conditions of the attached Lease (Rental Agreement) and all rules and regulations of the apartment complex.

**IT IS THE RESIDENTS RESPONSIBILTY TO SUPERVISE AND PROTECT ALL CHILDRERN RESIDING WITH THE RESIDENT FROM ANY POTENTIALLY HAZARDOUS CONDITIONS AND SITUATIONS.**

The undersigned has read, understands, and agrees to the above.

Dated: 3/14/24                     Resident: _____

Manager: _____          Resident: _____

6200 Canoga Ave. Suite 340, Woodland Hills, Ca 91367 Tel (818)728-1113 Fax (818)728-1115

# Bedbug Addendum

This agreement is an addendum and part of the rental agreement dated ___5/16/24___ between ___Edge Property Management, Inc___, hereby known as Owner/Agent and _____, hereby known as Resident(s) for the premises located at ___8121 Jason Ave.___ unit number ___ in the city of ___Canoga Park___, CA.

- Residents acknowledge that the Owner/Agent has inspected the unit and is aware of no bedbug infestation.
- Residents claim that all furnishings and personal properties that will be moved into the premises are free of bedbugs.

_____ (Resident Initials)       _____ (Resident Initials)       _____ (Resident Initials)

Resident(s) hereby agree to prevent and control possible infestation by adhering to the below list of responsibilities:

1. Check for hitch-hiking bedbugs. If you stay in a hotel or another home, inspect your clothing, luggage, shoes and personal belongings for signs of bedbugs before re-entering your apartment. Check backpacks, shoes and clothing after using public transportation or visiting theaters. After guests visit, inspect beds, bedding and upholstered furniture for signs of bedbug infestation.
2. Resident shall report any problems immediately to Owner/Agent. Even a few bedbugs can rapidly multiply to create a major infestation that can spread to other units.
3. Resident shall cooperate with pest control efforts. If your unit or a neighbor's unit is infested, a pest management professional may be called in to eradicate the problem. Your unit must be properly prepared for treatment. Resident must comply with recommendations and requests from the pest control specialist prior to professional treatment including but not limited to:
   - Placing all bedding, drapes, curtains and small rugs in bags for transport to laundry or dry cleaners.
   - Heavily infested mattresses are not salvageable and must be sealed in plastic and disposed of properly.
   - Empty dressers, night stands and closets. Remove all items from floors; bag all clothing, shoes, boxes, toys, etc. Bag and tightly seal washable and non-washable items separately. Used bags must be disposed of properly.
   - Vacuum all floors, including inside closets. Vacuum all furniture including inside drawers and nightstands. Vacuum mattresses and box springs. Carefully remove vacuum bags sealing them tightly in plastic and discarding of properly.
   - Wash all machine-washable bedding, drapes, and clothing etc on the hottest water temperature and dry on the highest heat setting. Take other items to the dry cleaner making sure to inform the dry cleaner that the times are infested with bedbugs. Discard any items that cannot be decontaminated.
   - Move furniture toward the center of the room so that technicians can easily treat carpet edges where bed bugs congregate, as well as walls and furniture surfaces. Be sure to leave easy access to closets.
4. Resident agrees to indemnify and hold the Owner/Agent harmless from any actions, claims, losses, damages and expenses including but not limited to attorneys' fees that Owner/Agent may incur as a result of the negligence of the Resident(s) or any guest occupying or using the premises.
5. It is acknowledge that the Owner/Agent shall not be liable for any loss of personal property to the Resident, as a result of an infestation of bedbugs. Resident agrees to have personal property insurance to cover such losses.

By signing below, the undersigned Resident(s) agree and acknowledge having read and understood this addendum.

_____       ___5/14/24___
Resident       Date

_____       _____
Resident       Date

_____       ___5/14/24___
Owner/Agent       Date



## Moisture and Mold Addendum

This Moisture and Mold Addendum is attached to, and incorporated into, the Lease Agreement. In consideration of the mutual covenants set forth in the Lease and below, and other good and valuable consideration, Landlord and Tenant agree as follows:

1. Mold is found virtually everywhere in our environment – both indoor and outdoor and in both new and old structures. When moisture is present, mold can grow. Therefore, the best way to avoid problems related to mold is to prevent moisture buildup in the apartment. This is particularly important in certain more humid climates and, as a general matter, in any climate during those times of the year when outdoor temperatures and humidity levels are high. Because mold occurs naturally and can grow almost anywhere, LANDLORD cannot guarantee TENANT that the apartment is, or ever will be, a "mold-free environment". There is much a TENANT can and should do within the apartment to reduce the possibility of mold growth, including the following:

• When doors and windows are closed, keep the air conditioning on "Auto" or "On" at all times. When doors or windows are open, turn the air conditioner "Off". To the extent possible, keep windows and doors closed in damp or rainy weather conditions to avoid moisture entering the apartment. Maintain a general temperature of 68° F to 73° F in the winter and 72° F to 76° F in the summer. Do not block or cover any heating/ventilation/air-conditioning diffusers, grilles and/or thermostats with furniture, wall hangings, etc.

• Wipe down and dry countertops, windows, windowsills, and air conditioning grilles when moisture condenses on these surfaces. Do not over-water houseplants and clean up spills immediately. All potted plants must have a secondary container under the primary container to collect water.

6200 Canoga Ave., Suite 340, Woodland Hills, CA 91367 . Tel (818) 728-1113 Fax (818) 728-1115

• Use the exhaust fan when bathing/showering and, if applicable, keep the shower curtain inside the tub and/or fully close the shower door. When finished bathing/showering, leave the bathroom door open, and allow the exhaust fan to run, until all moisture on the mirrors, bathroom walls and tile surfaces has evaporated. Hang up towels and bathmats to dry completely. Dry any excess moisture on bath/shower and sink fixtures. Periodically clean and dry the walls around the bathtub and shower using a household cleaner.

• Use the kitchen exhaust fan when cooking on the stovetop, particularly when boiling water or other liquids.
• Dry any condensation that gathers in the laundry closet. Use the dryer to dry most laundry. Use drying racks in well-ventilated areas and, if possible, use a fan to circulate the air. Ensure that the dryer vent is properly connected and clear of any obstructions. Clean the dryer lint filter after every use.

2.TENANT acknowledges and agrees that if Tenant fails to take steps necessary to prevent or reduce moisture from building up in the apartment or fails to maintain the apartment in a clean condition, TENANT will be creating an environment that could result in mold growth. TENANT agrees to notify LANDLORD immediately of any sign of a water leak, excessive or persistent moisture or any condensation sources in the apartment or in any storage room or garage leased to TENANT, any stains, discoloration, mold growth or musty odor in any of such areas, any malfunction of the heating or air-conditioning system, or any cracked or broken windows.

TENANT ACKNOWLEDGES AND AGREES THAT LANDLORD WILL NOT BE RESPONSIBLE FOR DAMAGES OR LOSSES DUE TO MOLD GROWTH TO THE EXTENT SUCH CONDITIONS HAVE RESULTED FROM THE ACTS OR OMISSIONS OF TENANT, OR IF TENANT HAS FAILED TO IMMEDIATELY NOTIFY LANDLORD OF ANY OF THE CONDITIONS DESCRIBED IN THIS ADDENDUM, AND TENANT WILL REIMBURSE LANDLORD FOR ANY DAMAGE TO THE APARTMENT RESULTING

FROM TENANT'S ACTS OR OMISSIONS OR FROM TENANT'S FAILURE
TO NOTIFY LANDLORD OF SUCH CONDITIONS.

TENANT agrees to cooperate fully with LANDLORD in LANDLORD's efforts to
investigate and correct any conditions that could result in, or have resulted in, mold
growth, including, without limitation, upon LANDLORD's request, vacating the
apartment for such time as necessary to allow for any investigation and corrective
action deemed necessary by LANDLORD.

3.TENANT warrants that TENANT has reviewed and understands its obligations
under this Addendum.

4.In the event of a conflict between the terms of the Lease and this Addendum, the
terms of this Addendum shall control.

5. I have been supplied with the attached **"Tips to Avoid Moisture and Mold
Problems"**

Date 5/14/24

Tenant _____

Tenant _____

6200 Canoga Ave., Suite 340, Woodland Hills, CA 91367 . Tel (818) 728-1113 Fax (818) 728-1115



## ADDENDUM TO LEASE

### SMOKE-FREE POLICY:

Due to the increased risk of fire, and the known health effects of secondhand tobacco smoke, smoking is prohibited in any area of the property, both private and common, whether enclosed or outdoors. The policy applies to all owners, tenants, guests, and servicepersons.

Smoking: The term "Smoking" means inhaling, exhaling, burning, or carrying any lighted cigar, cigarette or other tobacco product in any manner or in any form.

### Tenant Acknowledgment:

I hereby acknowledge the above smoking policy as part of the lease or month-to-month agreement. I agree that I will not smoke in the areas of the property listed below. In addition, I will be responsible for the enforcing this policy with all of my visitors, guests, and relatives who visit the premises. If I fail to abide by this policy, I agree to move within 30 days.

Smoke-free areas: ___OUTSIDE ONLY_____

_____

_Josiah Little_____     _[signature]_____
NAME (please print)                 SIGNATURE

_____
ADDRESS

_____
CITY, STATE, ZIP CODE

_____
PHONE NUMBER

Additional Names:

_____
NAME (please print)                 SIGNATURE

_____
NAME (please print)                 SIGNATURE

2220 W. Burbank Blvd. • Suite 201 • Burbank, CA 91506 • (818) 728-1113 • Fax (818) 728-1115

EXHIBIT "2"



**EDGE**
PROPERTY MANAGEMENT, INC.

### THREE (3) DAY NOTICE TO PAY RENT OR QUIT

TO RESIDENT(S): __Joseph Little__
AND ALL OTHER PERSONS IN POSSESSION

ADDRESS:    ___8121 Jason Ave., Canoga Park, CA 91304___

Number of Bedrooms: 4

| Date Rent Accrued | Rental Period | Unpaid Rent |
|---|---|---|
| November 1, 2024 | 11/01/24 - 11/30/24 | $4,995.00 |
| **Total Rent Arrearages:** | | **$4,995.00** |

YOU ARE HEREBY NOTIFIED that within three (3) days, excluding Saturdays, Sundays, and judicial holidays, after the date of service upon you a copy of this notice, renter(s) is/are required to:

1. Pay the total delinquent rent due for the above premises as stated above; or
2. Quit and deliver up possession of the premises to the undersigned on behalf of the owner.

IF RENTER(S) FAIL(S) either to pay the total delinquent rent or quit possession of the premises within three (3) days, excluding Saturdays, Sundays, and judicial holidays, after the date of service of a copy of this notice, legal proceedings will be instituted for possession of the premises, for forfeiture of the rental agreement and for such other damages as may be allowed by law. This notice supersedes all prior notices to pay rent or quit served upon you. Any such legal action could result in a judgment against you which would include the costs, attorney's fees and necessary disbursements allowed by law.

The Rent should be made payable to:    Edge Property Management, Inc.
Person to whom rent is to be paid:      Mat Hardege
Address where rent is to be paid:       6200 Canoga Ave. Suite 340 Woodland Hills, CA 91367
Days on which rent may be paid:         Monday - Friday
Times at which rent may be paid:        10:00AM - 5:00PM
Telephone Number:                       (818) 728-1113

You are concurrently being served with a copy of the City of Los Angeles Renters Protection Notice.

DATE: 11/13/24                          By _____
                                        AGENT FOR OWNER

*As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations per California Code Section 1785.26 (c) (2).Sec 594 of the Penal Code of California: "Every person who maliciously injures or destroys any real property not his own...is guilty of vandalism" (a Felony or Misdemeanor)*

6200 Canoga Ave. • Suite 340 • Woodland Hills, CA 91367 • (818) 728-1113 • Fax (818) 728-1115

EXHIBIT "3"



# **EDGE**
## PROPERTY MANAGEMENT, INC.

### DECLARATION OF SERVICE OF NOTICE TO TENANT

I, the undersigned, declare that I have served the checked Notice to Tenant(s),

- ☑ Notice to Pay Rent or Quit
- ☐ Notice to Quit
- ☐ Notice to Perform or Quit

by serving it in the manner checked and set forth below:

**PERSONAL SERVICE**

☐ By DELIVERING a copy of the Notice on _____ 20___ To each of the following personally:

**CONSTRUCTIVE SERVICE**

By service of said Notice as authorized by C.C.P., Section 1162 (2,3) on the following tenants:

As checked below:

☐ By LEAVING a copy for each said tenant on _____ 20___ with _____ a person of suitable age and discretion at the residence or usual place of business of the tenants, said tenants being absent therefrom, and MAILING a copy to each said tenant by depositing said copies in the United States Mail, in a sealed envelope with postage fully prepaid, addressed to the tenants at their place of residence at _____ _____ California on _____ 20___.

☑ By POSTING a copy for each said tenant on __November 13__ 20_24_ in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at any known place or residence or business of said tenants, and MAILING a copy to each said tenant by depositing said copies in the United States Mail, in a sealed envelope with postage fully prepaid, addressed to the tenants at their place where the property is situated on __November 13__ 20_24_.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: __November 13__ 20_24_.

At __Canoga Park,__ California

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I have read the foregoing <u>COMPLAINT—UNLAWFUL DETAINER</u>

_____ and know its contents.

### ☐ CHECK APPLICABLE PARAGRAPHS

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

[X] I am [X] an Officer ☐ a partner _____ ☐ a _____ of _____ EDGE PROPERTY MANAGEMENT, INC. a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. [X] The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for _____ a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on ___November 20, 2024___ , at LOS ANGELES _____ , California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

MAT HARDEGE _____
Type or Print Name                                   Signature

## PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF

I am employed in the county of _____ , State of California.

I am over the age of 18 and not a party to the within action; my business address is: _____

_____

On, _____ I served the foregoing document described as _____

_____

_____ on _____ in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list;

☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ **BY MAIL**

☐ *I deposited such envelope in the mail at _____ , California. The envelope was mailed with postage thereon fully prepaid.

☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on _____ , at _____ , California.

☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

Executed on _____ , at _____ , California.

☐ (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____                                    _____
Type or Print Name                              Signature

*BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal Solutions Plus                                    Rev. 7/99

CP10.5

**NOTICE:** EVERYONE WHO LIVES IN THIS RENTAL UNIT MAY BE EVICTED BY COURT ORDER. READ THIS FORM IF YOU LIVE HERE AND IF YOUR NAME IS NOT ON THE ATTACHED SUMMONS AND COMPLAINT.

1. If you live here and you do not complete and submit this form, you may be evicted without further hearing by the court along with the persons named in the Summons and Complaint.
2. You must file this form within 10 days of the date of service listed in the box on the right hand side of this form.
   - **Exception:** If you are a tenant being evicted after your landlord lost the property to foreclosure, the 10-day deadline does not apply to you and you may file this form at any time before judgment is entered.
3. If you file this form, your claim will be determined in the eviction action against the persons named in the complaint.
4. If you do not file this form, you may be evicted without further hearing.
5. If you are a tenant being evicted due to foreclosure, you have additional rights and should seek legal advice immediately.

| CLAIMANT OR CLAIMANT'S ATTORNEY (Name and Address):     TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|
| ATTORNEY FOR (Name): | |

NAME OF COURT: SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS:    6230 SYLMAR AVENUE
MAILING ADDRESS:    (SAME)
CITY AND ZIP CODE:    VAN NUYS, CA 91401
BRANCH NAME:    NORTHWEST DISTRICT

Plaintiff: EDGE PROPERTY MANAGEMENT, INC.
Defendant: JOSEPH LITTLE; AND DOES 1 TO 10, INCLUSIVE

| **PREJUDGMENT CLAIM OF RIGHT TO POSSESSION** | CASE NUMBER: |
|---|---|
| Complete this form only if ALL of these statements are true:<br>1. You are NOT named in the accompanying Summons and Complaint.<br>2. You occupied the subject premises on or before the date the unlawful detainer (eviction) complaint was filed. (The date is in the accompanying Summons and Complaint.)<br>3. You still occupy the subject premises. | *(To be completed by the process server)*<br>DATE OF SERVICE:<br>*(Date that form is served or delivered, posted, and mailed by the officer or process server)* |

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:

1. My name is *(specify):*

2. I reside at *(street address, unit no., city and ZIP code):*

3. The address of "the premises" subject to this claim is *(address):*

4. On *(insert date):* _____, the landlord or the landlord's authorized agent filed a complaint to recover possession of the premises. *(This date is in the accompanying Summons and Complaint.)*

5. I occupied the premises on the date the complaint was filed *(the date in item 4).* I have continued to occupy the premises ever since.

6. I was at least 18 years of age on the date the complaint was filed *(the date in item 4).*

7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed *(the date in item 4).*

8. I was not named in the Summons and Complaint.

9. I understand that if I make this claim of possession, I will be added as a defendant to the unlawful detainer (eviction) action.

10. *(Filing fee)* I understand that I must go to the court and pay a filing fee of $ _____ or file with the court an "Application for Waiver of Court Fees and Costs." I understand that if I don't pay the filing fee or file the form for waiver of court fees, I will not be entitled to make a claim of right to possession.

(Continued on reverse)

| CP10.5 [Rev. June 15, 2015] | **PREJUDGMENT CLAIM OF RIGHT<br>TO POSSESSION** | Code of Civil Procedure, §§ 415.46,<br>715.010, 715.020, 1174.25 |

|  | | CP10.5 |
|---|---|---|
| Plaintiff: | EDGE PROPERTY MANAGEMENT, INC. | CASE NUMBER: |
| Defendant: | JOSEPH LITTLE; AND DOES 1 TO 10, INCLUSIVE | |

11. If my landlord lost this property to foreclosure, I understand that I can file this form at any time before judgment is entered, and that I have additional rights and should seek legal advice.

12. I understand that I will have *five days* (excluding court holidays) to file a response to the Summons and Complaint after I file this Prejudgment Claim of Right to Possession form.

> **NOTICE: If you fail to file this claim, you may be evicted without further hearing.**

13. **Rental agreement:** I have *(check all that apply to you)*:

a. ☐ an oral or written rental agreement with the landlord.

b. ☐ an oral or written rental agreement with a person other than the landlord.

c. ☐ an oral or written rental agreement with the former owner who lost the property to foreclosure.

d. ☐ other *(explain)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

> **WARNING: Perjury is a felony punishable by imprisonment in the state prison.**

Date: _____

_____          ►          _____
(TYPE OR PRINT NAME)                                (SIGNATURE OF CLAIMANT)

> **NOTICE:** If you file this claim to possession, the unlawful detainer action against you will be determined at trial. At trial, you may be found liable for rent, costs, and, in some cases, treble damages.

---

**— NOTICE TO OCCUPANTS —**

**YOU MUST ACT AT ONCE if all the following are true:**

1. **You are NOT named in the accompanying Summons and Complaint.**
2. **You occupied the premises on or before the date the unlawful detainer (eviction) complaint was filed.**
3. **You still occupy the premises.**

You can complete and SUBMIT THIS CLAIM FORM WITHIN 10 DAYS from the date of service (on the form) at the court where the unlawful detainer (eviction) complaint was filed. If you are a tenant and your landlord lost the property you occupy through foreclosure, this 10-day deadline does not apply to you. You may file this form at any time before judgment is entered. You should seek legal advice immediately.

If you do not complete and submit this form (and pay a filing fee or file a fee waiver form if you cannot pay the fee), YOU WILL BE EVICTED.

After this form is properly filed, you will be added as a defendant in the unlawful detainer (eviction) action and your right to occupy the premises will be decided by the court. *If you do not file this claim, you may be evicted without a hearing.*

---

2018-SJ-014-00

**FILED**
Superior Court of California
County of Los Angeles

**JUN 29 2018**

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Stephanie Chung

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE UNLAWFUL DETAINER CASES )<br>FILED IN THE LOS ANGELES SUPERIOR )<br>COURT RE UNLAWFUL DETAINER )<br>PROCEDURES: SERVICE OF ONLINE )<br>DISPUTE RESOLUTION FLYER )<br>_____ ) | STANDING ORDER |

TO EACH PARTY:

    Pursuant to California Rule of Court 3.898, IT IS HEREBY ORDERED that in all Unlawful

Detainer Cases filed in the Los Angeles Superior Court, each plaintiff shall serve all named defendants

with the *Los Angeles County Consumer & Business Affairs Department's Online Dispute Resolution*

flyer, announcing the mediation services of the Department of Consumer and Business Affairs. The

flyer will be provided to the plaintiff(s) at the time the Unlawful Detainer action is filed, and will also

be posted on the Los Angeles County Superior Court internet website (http://www.lacourt.org).

    Effective immediately, this Standing Order supersedes any previous order related to service of

the Department of Consumer & Business Affairs Online Dispute Resolution flyer.

DATED: June 29, 2018

Debra K. Weintraub
Supervising Judge of Civil Courts

STANDING ORDER – UNLAWFUL DETAINER PROCEDURES

**FILED**
Superior Court of California
County of Los Angeles

APR 15 2022

2022-SJ-011-00

Sherri R. Carter, Executive Officer/Clerk

By_____, Deputy
Anoush Mehitarian

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| In re Los Angeles Superior Court Cases Fourth Amended Standing Order – Limited Jurisdiction Unlawful Detainer (Eviction) Cases Assigned to Designated District Hub Locations<br><br>Antelope Valley – North<br>Chatsworth - North Valley<br>Compton - South Central<br>Inglewood - Southwest<br>Long Beach - South<br>Norwalk - Southeast<br>Pasadena - Northeast<br>Santa Monica - West<br>Van Nuys - Northwest<br>West Covina - East | **FOURTH AMENDED STANDING ORDER** |

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure [CCP], the California Rules of Court [CRC], and the Los Angeles County Court Rules [LASC Rules], the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE THIRD AMENDED STANDING ORDER FILED MARCH 5, 2018, AND ORDERS AS FOLLOWS:

**SERVICE OF THIS ORDER**

1.    Each Plaintiff is ordered to serve a copy of this Standing Order on each defendant along with copies of the summons and complaint, and to file proof of this service as mandated in this order.

**EARLY SETTLEMENT MEETING & MEDIATION OPPORTUNITIES**

2.    Each plaintiff is ordered to contact each defendant within 10 days of service to discuss in good faith either potential informal resolution of the case and or if settlement is not possible how instead to prepare for trial.  Such contact shall be made orally or in writing with the objective of having the case

1   resolved within 60 days of its filing.  It is the Court's intent that, where possible, every effort should be

2   made to keep settled cases from becoming public as provided in CCP §§ 1161.2(a)(1)(F) and (a)(1)(G).

3   If the parties agree, the Court will retain jurisdiction to enforce any settlement after dismissal. [CCP

4   §664.6]

5   **SERVICE BY POSTING AND MAILING**

6   3.      Service of the summons and complaint on a named party by posting and mailing may only be

7   done after an order is obtained, based upon an affidavit of due diligence. [CCP§415.45(a)] Such an

8   order will not extend to unnamed or unknown occupants.

9   **ADDRESSES AND TELEPHONE NUMBER**

10  4.      Absent good cause, each party must have an address and telephone number listed on each

11  document filed with the Court. [CRC rules, 2.111 and 2.118]

12  **LAW AND MOTION**

13  5.      All regularly noticed motions and demurrers will be heard on the court days at the time and

14  location in the courtroom designated in Paragraph 19. Hearing dates must be reserved by calling the

15  calendar clerk in the department the case is assigned or obtaining a date at the time the motion is filed.

16  All motions, oppositions to the motions, and reply papers must be electronically filed unless a party is

17  a self-represented litigant or otherwise exempt from mandatory electronic filing requirements.  All

18  motions should be filed in the rooms designated in Paragraph 19 with respect to each Unlawful

19  Detainer Hub location.

20  6.      If not served by personal delivery, the moving party must comply with the time extensions for

21  notice required by CCP §1013. The motion will not be heard otherwise.

22  7.      Absent good cause, motions set on five (5) days' notice should not be personally served on the

23  last day of the week preceding the hearing. [LASC Rule 3.26 and Appendix 3.A(b)(1-4)]

24  8.      A separate statement of undisputed or disputed facts is not required for summary judgment

25  motions. [CCP §§ 437c(s) and 1170.7; CRC rules 3.1350(c) and 3.1351] However, in cases with

26  multiple parties, complicated evidentiary issues, or intricate legal issues, the court may continue the

27  hearing and order the parties to file such statements.

28  ///

**EX PARTE APPLICATIONS**

9.      Ex parte applications will be heard on the dates, times and at the location in the courtroom designated in Paragraph 19. **Unless a party is self-represented or otherwise exempt from electronic filing, all ex parte applications and supporting papers must be electronically filed by 10:00 a.m. the day before the ex parte hearing. If a party is exempt from electronic filings,** any application must be filed no later than 8:30 a.m. on the day of the hearing for ex parte hearings scheduled at 8:30 a.m. in the room listed for the UD Hub in Paragraph 19. All applications must be filed no later than 11:00 a.m. on the day of the hearing in the room listed for the UD Hub in Paragraph 19 for ex parte hearings scheduled at 1:30 p.m. **Ex parte applications shall have a separate application, a separate declaration of ex parte notice, and a proposed order.** Absent good cause, notice must be given by 10:00 a.m. the day before the hearing as required by CRC rule 3.1204(c).

**JURY TRIAL DEMANDS AND FEES**

10.      The right to a jury trial may be deemed waived unless it is timely requested. [CCP §631 (f)(4)] If one or more of the parties have demanded a jury trial, jury fees shall be deposited no later than five days before trial. [CCP §631 (b) and (c)(1)] Failure to pay the required fee as required by law may result in a waiver of jury trial. [CCP §631 (f)(5)] Jury demands should be filed separately from all other pleadings.

11.      With a timely-filed qualifying fee waiver, the court may waive jury fees and expenses for those parties. Parties must complete and submit an official *Request to Waive Court* and *Order on Court Fee Waiver (Superior Court)* [Judicial Council Forms FW-001 and FW-003] for consideration to receive these services at no charge.

**STIPULATIONS TO CONTINUE TRIAL**

12.      A trial will be postponed if all attorneys of record and/or the parties who have appeared in the action stipulate in writing to the postponement. Such stipulated trial continuance will not be limited to 30 days. Stipulations to continue trial must be filed five (5) days in advance or an appearance by at least one party will be necessary to continue the trial.

**INTERPRETERS AND COURT REPORTERS**

13.      The Court will provide an interpreter for parties and witnesses at no charge.

14.     Proceedings in court will not be transcribed by a court reporter unless supplied by a party to the action as permitted by LASC Rule 2.21. Proceedings are recorded electronically. **Copies of the recordings may be obtained and used by the parties as permitted by LASC Rule 9.2(a)(5).**

**JURY TRIALS AND COURT TRIALS**

15.     Parties to an unlawful detainer action should have conducted the early meeting required in Paragraph 2 above and should be ready to go to trial on the day of trial. Trial readiness—within the meaning of this Standing Order—includes both having conducted the early meeting and having the ability to begin trying a case forthwith or as directed by the court. Accordingly, parties who appear on the day of trial and are not ready to try their case, or parties who announce "trial-ready" but are not prepared to immediately try a case, are not acting in compliance with this Standing Order, regardless of whether the parties' attorneys are appearing on behalf of other litigants in different actions on the same day. Misrepresentations of a case's trial readiness on the day of trial is a violation of this Standing Order and may subject the offending party to the imposition of monetary sanctions.

16.     On the day of trial, parties shall have a three-ring binder with a table of contents containing conformed copies of each of the following (each signed by attorneys and self-represented litigants) behind a separate tab:

        a)  Copies of the Current Operative Pleadings (including operative complaint and answer;

        b)  Joint Statement of the Case (if a jury trial);

        c)  Motions in Limine, if any, which must be drafted in accordance with LASC Rule 3.57 and served and filed;

        d)  Joint Witness List disclosing the witnesses who will be called, what they will testify to, whether an interpreter is needed, and how long their testimony will take;

        e)  Joint Exhibits in exhibit books, numbered appropriately, and a Joint Exhibit List; [LASC Rules 3.52 and 3.53]

        f)  Edited Joint Proposed Jury Instructions printed out for the court (if a jury trial); and

        g)  Edited Joint Proposed Verdict Form(s) printed out for the court (if a jury trial).

To assist the parties, an optional *Compliance with Standing Order for Limited Jurisdiction Unlawful Detainer [Eviction] Jury Trial Readiness* form (LACIV 244) is available on the Court's website, at:

1  www.lacourt.org/forms/unlawfuldetainer

2  17.    If a party fails or refuses to meet and confer, the other party or parties shall prepare and bring to

3  trial the above listed documents labeled as "[Proposed] Joint Documents."

4  18.    Failure to provide any of the aforementioned documents in this Standing Order on the trial date

5  may cause a delay in the case being assigned to a trial court. Failure to comply with any provision of

6  this Standing Order without substantial justification may result in monetary sanctions.

7  **FILING LOCATIONS AND HEARING TIMES**

8  19. Filing locations and general information for each District Hub location are set forth below:

9  • **ANTELOPE VALLEY COURTHOUSE**

10      Trial Department: Department A22

11      Law and Motion Heard: Monday and Wednesday at 8:30 a.m.

12      Ex Parte Applications Heard: Monday through Friday at 8:30 a.m. Clerk's Office for

13          Filing Documents: 1st Floor, Room 1000

14      Clerk's Office for Filing Law and Motion: 1st Floor, Room 1000

15  • **CHATSWORTH COURTHOUSE**

16      Trial Department: Department F44

17      Law and Motion Heard: Monday and Wednesday at 8:30 a.m.

18      Ex Parte Applications Heard: Monday and Wednesday at 8:30 a.m.

19      Clerk's Office for Filing Documents: Room 1200

20  • **COMPTON COURTHOUSE**

21      Trial Department: Department 7

22      Law and Motion Heard: Monday and Wednesday at 8:30 a.m.

23      Ex Parte Applications Heard: Monday through Friday at 8:30 a.m.

24      Clerk's Office for Filing Documents: Room 902

25      Clerk's Office for Filing Law and Motion: Room 902

26  ///

27  ///

28  ///

1  · **INGLEWOOD COURTHOUSE**

2  Trial Department: Department 1

3  Law and Motion Heard: Monday through Friday at 1:30 p.m.

4  Ex Parte Applications Heard: Monday through Friday at 1:30 p.m.

5  Clerk's Office for Filing Documents: Room 630

6  Clerk's Office for Filing Law and Motion: Room 630

7  · **GOVERNOR GEOEGE DEUKEJIAN (LONG BEACH) COURTHOUSE**

8  Trial Department: Department SI3

9  Law and Motion Heard: Monday and Wednesday at 1:30 p.m.

10  Ex Parte Applications Heard: Monday through Friday at 8:30 a.m.

11  Clerk's Office for Filing Documents: Room 1401

12  Clerk's Office for Filing Law and Motion: Room 1401

13  · **NORWALK COURTHOUSE**

14  Trial Department: Department W

15  Law and Motion Heard: Monday through Friday at 9:30 a.m.

16  Ex Parte Applications Heard: Monday through Friday at 8:30 a.m.

17  Clerk's Office for Filing Documents: Room 101

18  Clerk's Office for Filing Law and Motion: Room 101

19  · **PASADENA COURTHOUSE**

20  Trial Department: Department R, 2nd Floor

21  Law and Motion Heard: Monday through Friday at 1:30 p.m.

22  Ex Parte Applications Heard: Monday through Friday at 1:30 p.m.

23  Clerk's Office for Filing Documents: Room 102

24  Clerk's Office for Filing Law and Motion: Room 102

25  ///

26  ///

27  ///

28  ///

1  • **SANTA MONICA COURTHOUSE**

2  Trial Department: Department S

3  Law and Motion Heard: Monday and Wednesdays at 8:30 a.m., 10:00 a.m. or 3:00 p.m.

4  Ex Parte Applications Heard: Monday through Friday at 8:30 a.m.

5  Clerk's Office for Filing Documents: Room 224

6  Clerk's Office for Filing Law and Motion: Room 224

7  • **VAN NUYS COURTHOUSE**

8  Trial Department: Department H

9  Law and Motion Heard: Friday at 8:30 a.m. and 10:00 a.m.

10  Ex Parte Applications Heard: Monday through Friday at 1:30 p.m.

11  Clerk's Office for Filing Documents: Room 107

12  Clerk's Office for Filing Law and Motion: Room 107

13  • **WEST COVINA COURTHOUSE**

14  Trial Department: Department 2

15  Law and Motion Heard: Monday through Friday at 8:30 a.m.

16  Ex Parte Applications Heard: Monday through Friday at 11:00 a.m.

17  Clerk's Office for Filing Documents: Room 107

18  Clerk's Office for Filing Law and Motion: Room 107

19

20  IT IS SO ORDERED.

21  Date: ___4/15/22___

22  Judge David J. Cowan
   Supervising Judge, Civil Division

23

24

25

26

27

28

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Van Nuys Courthouse East 6230 Sylmar Avenue, Van Nuys, CA 91401 | **FILED** Superior Court of California County of Los Angeles 11/21/2024 David W. Slayton, Executive Officer / Clerk of Court By: ___ A. Salcedo ___ Deputy |
| PLAINTIFF(S): EDGE PROPERTY MANAGEMENT, INC. | |
| DEFENDANT(S): JOSEPH LITTLE | |
| **NOTICE OF ONLINE DISPUTE RESOLUTION (ODR) UNLAWFUL DETAINER (UD)** | CASE NUMBER: 24VEUD03773 |

The Court provides a free program to help landlords and tenants resolve their eviction case online without coming to Court. This voluntary program is called UD ODR (Unlawful Detainer Online Dispute Resolution).

Register here: https://my.lacourt.org/odr/unlawful-detainers

**What is UD ODR?**

UD ODR is an online negotiation program for eviction cases. The program guides parties through the negotiation by asking simple questions about how they would like to resolve their case.

If the parties reach an agreement, the program puts it into the proper form, each party "signs" it online, and then the program sends it to the Court for review. If the Court approves the agreement, the trial is cancelled, and no Court appearances are required.

There is no risk: If parties try UD ODR but can't reach an agreement, they go to trial unless they can resolve their case another way.

**Free mediation:** During UD ODR, parties can ask a mediator to help them use ODR or a video conference to try to reach an agreement that may be better than going to trial. Free mediation is provided by outside organizations, not by the Court.

**Visit the Court's UD ODR website** https://my.lacourt.org/odr/unlawful-detainers
- **To register for UD ODR.** Register within five (5) calendar days of receipt of this Notice. If you have an attorney, they will register and participate in UD ODR for you.
- **To learn more about UD ODR**
- **To find helpful resources** including links to COVID-19 housing information and help paying back rent and utilities

The Court strongly encourages all self-represented parties and attorneys for parties to register for UD ODR and use it to try, in good faith, to resolve their eviction case without coming to Court.

NOTICE 0F ONLINE DISPUTE RESOLUTION (ODR) UNLAWFUL DETAINER (UD)

**Important Notices about UD ODR**

**Unlawful Detainer Filing Deadlines: Participating in UD ODR does not change the filing deadline stated on the unlawful detainer summons or any other filing deadline**. UD ODR cannot be used to file an Answer or other response to the summons and complaint.

**UD ODR Deadline:** The **deadline** for reaching an agreement through UD ODR is two (2) court days before the trial date. Parties who do not submit an agreement through UD ODR by their deadline must attend the trial unless they are dismissed or resolve their case another way. Parties may attend their trial remotely by video. https://my.lacourt.org/laccwelcome

**Confidentiality:** UD ODR negotiations and mediations do not become part of the case file or public record. The only people who can enter the confidential negotiation space for your case are the mediator, if the parties choose mediation, and the attorneys for parties and self-represented parties who register and are approved for UD ODR. Judges and court staff cannot access any information about the parties' UD ODR communications.

CP10.5

**NOTICE:** EVERYONE WHO LIVES IN THIS RENTAL UNIT MAY BE EVICTED BY COURT ORDER. READ THIS FORM IF YOU LIVE HERE AND IF YOUR NAME IS NOT ON THE ATTACHED SUMMONS AND COMPLAINT.

1. If you live here and you do not complete and submit this form, you may be evicted without further hearing by the court along with the persons named in the Summons and Complaint.
2. You must file this form within 10 days of the date of service listed in the box on the right hand side of this form.
   - **Exception:** if you are a tenant being evicted after your landlord lost the property to foreclosure, the 10-day deadline does not apply to you and you may file this form at any time before judgment is entered.
3. If you file this form, your claim will be determined in the eviction action against the persons named in the complaint.
4. If you do not file this form, you may be evicted without further hearing.
5. If you are a tenant being evicted due to foreclosure, you have additional rights and should seek legal advice immediately.

| CLAIMANT OR CLAIMANT'S ATTORNEY *(Name and Address)*:     TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|
| ATTORNEY FOR *(Name)*: | |

NAME OF COURT: SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS:    6230 SYLMAR AVENUE
MAILING ADDRESS:   (SAME)
CITY AND ZIP CODE:  VAN NUYS, CA 91401
BRANCH NAME:    NORTHWEST DISTRICT

Plaintiff: EDGE PROPERTY MANAGEMENT, INC.
Defendant: JOSEPH LITTLE; AND DOES 1 TO 10, INCLUSIVE

### PREJUDGMENT CLAIM OF RIGHT TO POSSESSION

CASE NUMBER:

**Complete this form only if ALL of these statements are true:**
1. You are NOT named in the accompanying Summons and Complaint.
2. You occupied the subject premises on or before the date the unlawful detainer (eviction) complaint was filed. (The date is in the accompanying Summons and Complaint.)
3. You still occupy the subject premises.

*(To be completed by the process server)*
DATE OF SERVICE:
*(Date that form is served or delivered, posted, and mailed by the officer or process server)*

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:

1. My name is *(specify)*:

2. I reside at *(street address, unit no., city and ZIP code)*:

3. The address of "the premises" subject to this claim is *(address)*:

4. On *(insert date)*: _____, the landlord or the landlord's authorized agent filed a complaint to recover possession of the premises. *(This date is in the accompanying Summons and Complaint.)*

5. I occupied the premises on the date the complaint was filed *(the date in item 4)*. I have continued to occupy the premises ever since.

6. I was at least 18 years of age on the date the complaint was filed *(the date in item 4)*.

7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed *(the date in item 4)*.

8. I was not named in the Summons and Complaint.

9. I understand that if I make this claim of possession, I will be added as a defendant to the unlawful detainer (eviction) action.

10. *(Filing fee)* I understand that I must go to the court and pay a filing fee of $_____ or file with the court an "Application for Waiver of Court Fees and Costs." I understand that if I don't pay the filing fee or file the form for waiver of court fees, I will not be entitled to make a claim of right to possession.

*(Continued on reverse)*

CP10.5 [Rev. June 15, 2015]

**PREJUDGMENT CLAIM OF RIGHT TO POSSESSION**

Code of Civil Procedure, §§ 415.46, 715.010, 715.020, 1174.25

CP10.5

| Plaintiff: | EDGE PROPERTY MANAGEMENT, INC. | CASE NUMBER: |
|---|---|---|
| Defendant: | JOSEPH LITTLE; AND DOES 1 TO 10, INCLUSIVE | |

11. If my landlord lost this property to foreclosure, I understand that I can file this form at any time before judgment is entered, and that I have additional rights and should seek legal advice.

12. I understand that I will have *five days* (excluding court holidays) to file a response to the Summons and Complaint after I file this Prejudgment Claim of Right to Possession form.

> **NOTICE: If you fail to file this claim, you may be evicted without further hearing.**

13. **Rental agreement.** I have *(check all that apply to you):*

a. ☐ an oral or written rental agreement with the landlord.

b. ☐ an oral or written rental agreement with a person other than the landlord.

c. ☐ an oral or written rental agreement with the former owner who lost the property to foreclosure.

d. ☐ other *(explain):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

> **WARNING: Perjury is a felony punishable by imprisonment in the state prison.**

Date:

_____          ►          _____
(TYPE OR PRINT NAME)                                                (SIGNATURE OF CLAIMANT)

> **NOTICE:** If you file this claim to possession, the unlawful detainer action against you will be determined at trial. At trial, you may be found liable for rent, costs, and, in some cases, treble damages.

---

**— NOTICE TO OCCUPANTS —**

**YOU MUST ACT AT ONCE if all the following are true:**

1. You are NOT named in the accompanying Summons and Complaint.
2. You occupied the premises on or before the date the unlawful detainer (eviction) complaint was filed.
3. You still occupy the premises.

You can complete and SUBMIT THIS CLAIM FORM WITHIN 10 DAYS from the date of service (on the form) at the court where the unlawful detainer (eviction) complaint was filed. If you are a tenant and your landlord lost the property you occupy through foreclosure, this 10-day deadline does not apply to you. You may file this form at any time before judgment is entered. You should seek legal advice immediately.

If you do not complete and submit this form (and pay a filing fee or file a fee waiver form if you cannot pay the fee), YOU WILL BE EVICTED.

After this form is properly filed, you will be added as a defendant in the unlawful detainer (eviction) action and your right to occupy the premises will be decided by the court. *If you do not file this claim, you may be evicted without a hearing.*

---

1   Joseph Little
2   8121 Jason Ave. *J.L.* 91309
    West Hills, Ca ~~91401~~ 91309
3   Defendant in Pro Per
4

**FILED**
Superior Court of California
County of Los Angeles

DEC 23 2024

David W. Slayton, Executive Officer/Clerk of Court
By: P. Diaz, Deputy

5       **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
6           **FOR THE COUNTY OF ORANGE**
7               **VAN NUYS COURTHOUSE**
8

9   **EDGE PROPERTY MANAGEMENT INC.** )    Case No.: **24VEUD03773**
10          Plaintiff,                )
                                       )    **NOTICE AND MOTION TO QUASH**
11  vs.                                )    **PLAINTIFF'S COMPLAINT;**
                                       )    **MEMORANDUM OF POINTS AND**
12                                     )    **AUTHORITIES; DECLARATION OF**
    **JOSEPH LITTLE; DOES 1 TO 10**    )    **DEFENDANT JOSEPH LITTLE**
13  **INCLUSIVE**                      )
                                       )    Date: 02/04/2025
14          Defendant(s)                    Time: 1:30
                                            Dept.: H
15

16                                          **NON-STIPULATION TO COMMISSIONOR**
17  _____

18  **TO PLAINTIFF AND THE ATTORNEY OF RECORD:**
19

20  **EDGE PROPERTY MANAGEMENT INC.** and their Attorney.

21      PLEASE TAKE NOTICE that on **02/04/2025**_____, at **1:30 pm**, or as soon

22  after that as the matter can be heard, in Department _____ of the above-entitled located at the

23  Court is located at 6230 Sylmar Ave, Van Nuys, CA 91401, Defendant, Joseph Little and his attorney

24  will appear and move the Court for an order quashing plaintiff's purported service of summons and

25
26  complaint on defendant. This motion is made under Section 418.10 of the Code of Civil Procedure on

27  the grounds that the summons and complaint were not properly served on defendants in that

28  Defendant Joseph Little was never personally served with the summons and complaint despite the

- 1 -
NOTICE OF MOTION AND MOTION TO QUASH SERVICE

fact that no order to post prior to service had been requested by plaintiff, nor granted by the Court. Furthermore, no other occupants at the property notified me that a Notice of Unlawful Detainer was filed, and a copy of this notice was not mailed to the home.  This is not proper service as Defendants were not personally served with such notice at the property and no other person at the property of legal age was personally served on our behalf as such to deliver this Unlawful Detainer to us personally.  Dropping papers off at the doorsteps is not service, nor was there a legal posting of notice of the Unlawful Detainer posted on the door as a directive and order of the Court at the home. No person living at the subject property has been served with a summons and complaint and therefore, the requirement for personal service has not been perfected and is a violation of the laws of the State of California as pertaining to California Code of Civil Procedure 116b.and the Federal Homeowners Bill of Right.  Therefore, the purported service on Defendant was not valid and should be quashed.

This motion will be based on this notice of motion, the memorandum of points and authorities, the Declaration of Defendants pleading documents, records and files in this action, and such oral and subsequent evidence as may be presented at the hearing.

Dated: December 23, 2024

Joseph Little, Defendant

NOTICE OF MOTION AND MOTION TO QUASH SERVICE

1
2

## MEMORANDUM OF POINTS AND AUTHORITIES

3

## I.

4

## STATEMENT OF FACTS

5
6

On an unknown date to Defendant, Plaintiff, **EDGE PROPERTY MANAGEMENT INC.,**

7

("Plaintiff") filed their Unlawful Detainer Complaint against the Defendants,

8
9

Joseph Little, herein known as ("Defendant").  The summons filed by Plaintiff shows that Defendant.

10

was NOT personally served with the summons and complaint.

11

Defendants denies being personally served and alleges that they had no knowledge of the summons

12

and complaint, nor that anyone was attempting to serve them when the Notice of Unlawful Detainer

13

was mailed to the home by the court.  A Summons and Complaint for Unlawful Detainer was never

14

posted on the front door in the name of Defendants.

15
16

Plaintiff did not request, nor did they obtain an order from this Court to allow posting of the

17

summons and complaint as required by law before a summons and complaint may be served by

18

posting. Defendant contends that the service on them was improper, and the Court should quash the

19

purported service.

20
21
22
23
24
25
26
27
28

## II.

### LEGAL ARGUMENT

**A.    THE PURPORTED SERVICE OF THE SUMMONS AND COMPLAINT IS NOT VALID AND SHOULD BE QUASHED**

*Code of Civil Procedure* § 418.10 states in part "A defendant, on or before the last day of his or her time to plead or within any further time that the court may for good cause allow, may serve and file a notice of motion for one or more of the following purposes: (1) To quash service of summons on the ground of lack of jurisdiction of the court over him or her".

*Code of Civil Procedure* § 415.10 states in part: "A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served. Service of a summons in this manner is deemed complete at the time of such delivery."

As shown by the summons, Defendant was not personally served. Therefore, the purported service of the summons and complaint was not valid.

Further, the posting of the summons and complaint by dropping and leaving at the front door was not valid as *Code of Civil Procedure* § 415.45 states that,

"(a) A summons in an action for unlawful detainer of real property may be served by posting if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in any manner specified in this article other than publication and that: (1) A cause of action exists against the party upon whom service is to be made or he is a necessary or proper party to the action; or (2) The party to be served has or claims an interest in real property in this state that is subject to the jurisdiction of the court or the relief demanded in the action consists wholly or in part in excluding such party from any interest in such

property. (b) The court shall order the summons to be posted on the premises in a manner most likely to give actual notice to the party to be served and direct that a copy of the summons and of the complaint be forthwith mailed by certified mail to such party at his last known address. (c) Service of summons in this manner is deemed complete on the 10th day after posting and mailing. (d) Notwithstanding an order for posting of the summons, a summons may be served in any other manner authorized by this article, except publication, in which event such service shall supersede any posted summons".

Because Plaintiff did not request, nor did they obtain an order from this Court to allow posting of the summons and complaint, the posting of the summons and complaint by posting on the front door in the name of defendants did not constitute valid service and should be quashed.

And the fact that Defendant did receive a Notice of Unlawful Detainer by mailing from the court and did not receive of having been served with the summons and complaint does not preclude a motion to quash due to the fact that Plaintiff did not serve the summons and complaint in a statutorily authorized manner.

Even when the defendant tenants (and/or subtenants) actually received summons and complaint and otherwise have actual notice of the lawsuit, a motion to quash will lie if process was not served in a statutorily authorized manner. *Schering Corp. v. Super.Ct. (Ingraham)* (1975) 52 Cal. App. 3d 737, 741.

## B.     THE PLAINTIFF HAS THE BURDEN OF SHOWING THAT THE PURPORTED SERVICE OF THE SUMMONS AND COMPLAINT ON DEFENDANT IS VALID

Case law is clear that once a defendant files a motion to quash service that the plaintiff has the burden of proving that the service was valid.

1    Once a defendant files a motion to quash the burden is on the plaintiff to prove by a

2    preponderance of the evidence the validity of the service and the court's jurisdiction over the

3    defendant. <u>Bolkiah v. Superior Court</u> (1999) 74 Cal.App.4th 984, 991.

4    And a defendant is under no duty to respond to a defectively served summons and may stand

5    mute until a plaintiff makes a showing of the validity of the service to the satisfaction of the court.

6

7    <u>Taylor-Rush v. Multitech Corp.</u> (1990) 217 Cal.App.3d 103, 111.

8    Thus, Plaintiff now has the burden of showing that the purported service of the summons and

9    complaint on Defendant Joseph Little is not valid.

10

11

12                                  **III.**

13                              **CONCLUSION**

14    Based on the above, it is requested that defendant's motion to quash service of the summons

15    and complaint be granted.

16

17

18    Dated: December 23, 2024

19                                         Joseph Little, Defendant

20

21

22

23

24

25

26

27

28

## DECLARATION OF DEFENDANTS

I, Joseph Little declare as follows.

1.  I am over the age of 18 years and am a party to this action. We have personal
    knowledge of the facts stated in this declaration, and if called as a witness, could and
    would testify competently to the truth of the facts as stated herein.

2.  The summons filed by Plaintiff shows that I was NOT personally served.  I was never
    personally served with the summons and complaint for Plaintiffs lawsuit.

    There was no posting or prior notice of any kind of lawsuit to be taken against us and
    to date there has been no attempt to personally serve us properly with the Summons
    and Complaint of the Unlawful Detainer.

3.  At no time was personal service on defendants and Other Unnamed Occupants ever
    attempted by Plaintiffs.

4.  I was not intentionally trying to avoid service as we had no knowledge that anyone
    was attempting to serve me.

5.  I respectfully request that the Court grant the motion to quash service of the summons
    and complaint.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true
and correct, and that this Declaration was executed on December 23, 2024, Van Nuys California.

Joseph Little, Defendant in Pro Per

NOTICE OF MOTION AND MOTION TO QUASH SERVICE

**PROOF OF SERVICE**

1

2          I am over the age of 18 and not a party to this action.

3          I am a resident of or employed in the county where the mailing occurred; my

4     business/residence address is:  **815 N. La Brea Ave, Inglewood, CA 90301**

5          On December 23, 2024, I served the foregoing document(s) described as:

6     **NOTICE AND MOTION TO QUASH PLAINTIFF'S COMPLAINT; MEMORANDUM OF**

7     **POINTS AND AUTHORITIES; DECLARATION OF DEFENDANT JOSEPH LITTLE.**
      to the following parties:

8

9          MICHAEL D. ZEFF ESQ.
           16633 VENTURA BLVD

10          SUITE 1014
           ENCINO, CA 91438

11

12          [X ] (By U.S. Mail) I deposited such envelope in the mail at Inglewood, CA with postage
                   thereon fully prepaid. I am aware that on motion of the party served, service is

13                   presumed invalid if postal cancellation date or postage meter date is more than one
                   day after date of deposit for mailing in affidavit.

14

15          [   ]  (By Personal Service) I caused such envelope to be delivered by hand via messenger
                   service to the address above;

16

17          [   ]  (By Facsimile) I served a true and correct copy by facsimile during regular business
                   hours to the number(s) listed above. Said transmission was reported complete and
                   without error.

18

19          I declare under penalty of perjury under the laws of the State of California that the

20     foregoing is true and correct.

21     DATED: December 23, 2024

22

23                                                                                 Donna Todd

24

25

26

27

28

1  | Joseph Little
2  | 8121 Jason Ave. ~~Tit~~ 91309
   | West Hills, Ca ~~91401~~ 91309
3  | Defendant in Pro Per

**FILED**
Superior Court of California
County of Los Angeles

DEC 23 2024

David W. Slayton, Executive Officer/Clerk of Court
By: P. Diaz, Deputy

5
6  | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
   | **FOR THE COUNTY OF ORANGE**
7  | **VAN NUYS COURTHOUSE**

8

9  | **EDGE PROPERTY MANAGEMENT INC.** )    Case No.: 24VEUD03773
   |                     Plaintiff,            )
10 |                                           )    **NOTICE AND MOTION TO QUASH**
11 | vs.                                       )    **PLAINTIFF'S COMPLAINT;**
   |                                           )    **MEMORANDUM OF POINTS AND**
12 |                                           )    **AUTHORITIES; DECLARATION OF**
   | **JOSEPH LITTLE; DOES 1 TO 10**           )    **DEFENDANT JOSEPH LITTLE**
13 | **INCLUSIVE**                             )
14 |                                           )    Date: 02/04/2025
   |                     Defendant(s)               Time: 1:30
15 |                                                Dept.: H

16
                                                   **NON-STIPULATION TO COMMISSIONOR**
17 | _____

18 | **TO PLAINTIFF AND THE ATTORNEY OF RECORD:**

19
20 | **EDGE PROPERTY MANAGEMENT INC.** and their Attorney.

21 | PLEASE TAKE NOTICE that on ___02/04/2025___, at __1:30 pm__, or as soon

22 | after that as the matter can be heard, in Department _____ of the above-entitled located at the

23 | Court is located at 6230 Sylmar Ave, Van Nuys, CA 91401, Defendant, Joseph Little and his attorney

24 | will appear and move the Court for an order quashing plaintiff's purported service of summons and

25

26 | complaint on defendant. This motion is made under Section 418.10 of the Code of Civil Procedure on

27 | the grounds that the summons and complaint were not properly served on defendants in that

28 | Defendant Joseph Little was never personally served with the summons and complaint despite the

- 1 -
NOTICE OF MOTION AND MOTION TO QUASH SERVICE

fact that no order to post prior to service had been requested by plaintiff, nor granted by the Court. Furthermore, no other occupants at the property notified me that a Notice of Unlawful Detainer was filed, and a copy of this notice was not mailed to the home. This is not proper service as Defendants were not personally served with such notice at the property and no other person at the property of legal age was personally served on our behalf as such to deliver this Unlawful Detainer to us personally. Dropping papers off at the doorsteps is not service, nor was there a legal posting of notice of the Unlawful Detainer posted on the door as a directive and order of the Court at the home. No person living at the subject property has been served with a summons and complaint and therefore, the requirement for personal service has not been perfected and is a violation of the laws of the State of California as pertaining to California Code of Civil Procedure 116b.and the Federal Homeowners Bill of Right. Therefore, the purported service on Defendant was not valid and should be quashed.

This motion will be based on this notice of motion, the memorandum of points and authorities, the Declaration of Defendants pleading documents, records and files in this action, and such oral and subsequent evidence as may be presented at the hearing.

Dated: December 23, 2024

Joseph Little, Defendant

- 2 -
NOTICE OF MOTION AND MOTION TO QUASH SERVICE

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**STATEMENT OF FACTS**

On an unknown date to Defendant, Plaintiff, **EDGE PROPERTY MANAGEMENT INC.,** ("Plaintiff") filed their Unlawful Detainer Complaint against the Defendants, Joseph Little, herein known as ("Defendant").  The summons filed by Plaintiff shows that Defendant. was NOT personally served with the summons and complaint.

Defendants denies being personally served and alleges that they had no knowledge of the summons and complaint, nor that anyone was attempting to serve them when the Notice of Unlawful Detainer was mailed to the home by the court.  A Summons and Complaint for Unlawful Detainer was never posted on the front door in the name of Defendants.

Plaintiff did not request, nor did they obtain an order from this Court to allow posting of the summons and complaint as required by law before a summons and complaint may be served by posting. Defendant contends that the service on them was improper, and the Court should quash the purported service.

## II.

### LEGAL ARGUMENT

**A.     THE PURPORTED SERVICE OF THE SUMMONS AND COMPLAINT IS
NOT VALID AND SHOULD BE QUASHED**

*Code of Civil Procedure* § 418.10 states in part "A defendant, on or before the last day of his
or her time to plead or within any further time that the court may for good cause allow, may serve and
file a notice of motion for one or more of the following purposes: (1) To quash service of summons
on the ground of lack of jurisdiction of the court over him or her".

*Code of Civil Procedure* § 415.10 states in part: "A summons may be served by personal
delivery of a copy of the summons and of the complaint to the person to be served. Service of a
summons in this manner is deemed complete at the time of such delivery."

As shown by the summons, Defendant was not personally served. Therefore, the purported
service of the summons and complaint was not valid.

Further, the posting of the summons and complaint by dropping and leaving at the front door
was not valid as *Code of Civil Procedure* § 415.45 states that,

"(a) A summons in an action for unlawful detainer of real property may be served by posting
if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party
to be served cannot with reasonable diligence be served in any manner specified in this article other
than publication and that: (1) A cause of action exists against the party upon whom service is to be
made or he is a necessary or proper party to the action; or (2) The party to be served has or claims an
interest in real property in this state that is subject to the jurisdiction of the court or the relief
demanded in the action consists wholly or in part in excluding such party from any interest in such

property. (b) The court shall order the summons to be posted on the premises in a manner most likely to give actual notice to the party to be served and direct that a copy of the summons and of the complaint be forthwith mailed by certified mail to such party at his last known address. (c) Service of summons in this manner is deemed complete on the 10th day after posting and mailing. (d) Notwithstanding an order for posting of the summons, a summons may be served in any other manner authorized by this article, except publication, in which event such service shall supersede any posted summons".

Because Plaintiff did not request, nor did they obtain an order from this Court to allow posting of the summons and complaint, the posting of the summons and complaint by posting on the front door in the name of defendants did not constitute valid service and should be quashed.

And the fact that Defendant did receive a Notice of Unlawful Detainer by mailing from the court and did not receive of having been served with the summons and complaint does not preclude a motion to quash due to the fact that Plaintiff did not serve the summons and complaint in a statutorily authorized manner.

Even when the defendant tenants (and/or subtenants) actually received summons and complaint and otherwise have actual notice of the lawsuit, a motion to quash will lie if process was not served in a statutorily authorized manner. *Schering Corp. v. Super.Ct. (Ingraham)* (1975) 52 Cal. App. 3d 737, 741.

**B.    THE PLAINTIFF HAS THE BURDEN OF SHOWING THAT THE PURPORTED SERVICE OF THE SUMMONS AND COMPLAINT ON DEFENDANT IS VALID**

Case law is clear that once a defendant files a motion to quash service that the plaintiff has the burden of proving that the service was valid.

1    Once a defendant files a motion to quash the burden is on the plaintiff to prove by a

2    preponderance of the evidence the validity of the service and the court's jurisdiction over the

3    defendant. <u>Bolkiah v. Superior Court</u> (1999) 74 Cal.App.4th 984, 991.

4    And a defendant is under no duty to respond to a defectively served summons and may stand

5

6    mute until a plaintiff makes a showing of the validity of the service to the satisfaction of the court.

7    <u>Taylor-Rush v. Multitech Corp.</u> (1990) 217 Cal.App.3d 103, 111.

8    Thus, Plaintiff now has the burden of showing that the purported service of the summons and

9    complaint on Defendant Joseph Little is not valid.

10

11

12    **III.**

13    **CONCLUSION**

14    Based on the above, it is requested that defendant's motion to quash service of the summons

15    and complaint be granted.

16

17    Dated: December 23, 2024

18

19    _____

20    Joseph Little, Defendant

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO QUASH SERVICE

## DECLARATION OF DEFENDANTS

I, Joseph Little declare as follows.

1.    I am over the age of 18 years and am a party to this action. We have personal knowledge of the facts stated in this declaration, and if called as a witness, could and would testify competently to the truth of the facts as stated herein.

2.    The summons filed by Plaintiff shows that I was NOT personally served.  I was never personally served with the summons and complaint for Plaintiffs lawsuit.

There was no posting or prior notice of any kind of lawsuit to be taken against us and to date there has been no attempt to personally serve us properly with the Summons and Complaint of the Unlawful Detainer.

3.    At no time was personal service on defendants and Other Unnamed Occupants ever attempted by Plaintiffs.

4.    I was not intentionally trying to avoid service as we had no knowledge that anyone was attempting to serve me.

5.    I respectfully request that the Court grant the motion to quash service of the summons and complaint.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed on December 23, 2024, Van Nuys California.

Joseph Little, Defendant in Pro Per

NOTICE OF MOTION AND MOTION TO QUASH SERVICE

**PROOF OF SERVICE**

1

2      I am over the age of 18 and not a party to this action.

3      I am a resident of or employed in the county where the mailing occurred; my

4  business/residence address is:  **815 N. La Brea Ave, Inglewood, CA 90301**

5      On December 23, 2024, I served the foregoing document(s) described as:

6  **NOTICE AND MOTION TO QUASH PLAINTIFF'S COMPLAINT; MEMORANDUM OF**

7  **POINTS AND AUTHORITIES; DECLARATION OF DEFENDANT JOSEPH LITTLE.**
   to the following parties:

8

9      MICHAEL D. ZEFF ESQ.
       16633 VENTURA BLVD
10      SUITE 1014
       ENCINO, CA 91438

11

12      [X ] (By U.S. Mail) I deposited such envelope in the mail at Inglewood, CA with postage
             thereon fully prepaid. I am aware that on motion of the party served, service is
13             presumed invalid if postal cancellation date or postage meter date is more than one
             day after date of deposit for mailing in affidavit.

14

15      [   ] (By Personal Service) I caused such envelope to be delivered by hand via messenger
             service to the address above;

16

17      [   ] (By Facsimile) I served a true and correct copy by facsimile during regular business
             hours to the number(s) listed above. Said transmission was reported complete and
             without error.

18

19      I declare under penalty of perjury under the laws of the State of California that the

20  foregoing is true and correct.

21  DATED: December 23, 2024

22

23                                      Donna Todd

24

25

26

27

28

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Northwest District, Van Nuys Courthouse East, Department H

**24VEUD03773**                                                  February 4, 2025
**EDGE PROPERTY MANAGEMENT, INC. vs JOSEPH**                           1:30 PM
**LITTLE**

Judge: Honorable Sharon L. Ransom                CSR: Electronically Recorded
Judicial Assistant: J.Garcia                     ERM: None
Courtroom Assistant: None                        Deputy Sheriff: R. Gonzales

APPEARANCES:

For Plaintiff(s): Michael D. Zeff via LACC

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Hearing on Motion to Quash Service of Summons

The matter is called for hearing at 2:56 P.M.

There being no appearances by on on behalf of the Defendant, the Court proceeds with the matter this date.

The Court reads and considers the moving papers, opposition, and reply, if any.

After hearing argument from the counsel, the Court now rules as follows:

The Motion to Quash Plaintiff's Complaint filed by JOSEPH LITTLE on 12/23/2024 is Denied.

The Court finds Plaintiff has complied per Code of Civil Procedure 415.45.

Defendant is ordered to file a responsive pleading within 5 days.

Plaintiff is to give notice.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT B
Property Inspection Report (Eric Penta, November 7, 2024)

**PROOF OF SERVICE**

1   Joseph Little
2   8121 Jason Street
    Woodland Hills, CA 91304
3   Plaintiff in Pro Per
4

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 07 2025

David W. Slayton, Executive Officer/Clerk of Court

5
6       **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
7            **FOR THE COUNTY OF LOS ANGELES**
                **VAN NUYS COURTHOUSE**
8

9   **EDGE PROPETY MANAGEMENT INC.**
10
                    Plaintiff,           )   Case No.: **24VEUD03773**
11                                        )
    vs.                                   )   **NOTICE AND MOTION TO DEMURRER**
12                                        )   **PLAINTIFF'S COMPLAINT;**
                                          )   **MEMORANDUM OF POINTS AND**
13  **JOSEPH LITTLE; DOES 1 TO 10**       )   **AUTHORITIES; DECLARATION OF**
14  **INCLUSIVE**                         )   **DEFENDANTS AND [PROPOSED**
                                          )   **ORDER]**
15                                        )
16                  Defendant(s)
                                              Date:
17                                            Time:
                                              Dept.:  H
18

19
                                              **NON-STIPULATION TO COMMISSIONER**
20  _____
21

22  **TO PLAINTIFF AND THE ATTORNEY OF RECORD:**

23          PLEASE TAKE NOTICE that on _____, 2025 at _____ A.M./P.M. or

24  as soon thereafter, as the matter may be heard in Dept. _____ of this Court located at 6230

25  Sylmar Ave., Van Nuys CA 91401.  Defendant JOSEPH LITTLE and his attorney or record

26  will move and hereby does Demurrer Plaintiff's Complaint, pursuant to Code of Civil Procedure

27  (CCP) §§ 430.10 and 446, on the grounds, (1) Plaintiff's complaint fails to meet its burden of

28  proof of providing any evidence sufficient to meet any preliminary fact, (2) the complaint is

            Notice and Motion to Demurrer Complaint

                        - 1 -

verified on information and belief, in violation of Cal. Civ. Code §1812.10(c), (3) it fails to state

a cause of action in this unlawful detainer action, (4) the complaint is based on hearsay Cal.

Evid. Code §1200 and lacks authentication by a Real Party In Interest. This Demurrer is based on

this Notice and Motion, the attached Memorandum of Points and Authorities and Declaration of

DEFENDANTS on such matters as the court must take judicial notice, on the papers and

pleadings on file in this action and on such argument as may be advanced at hearing on this

matter.

The Defendant file this Demurrer under duress to prevent a default from being entered against

them.

Dated this 7th day of February 2025.

Joseph Little
Defendant in Pro Per

## MEMORANDUM OF POINTS AND AUTHORITY

### I.   DEMURRER IS PROPER IN THIS CASE BECAUSE PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION

Here, Plaintiff brings a Complaint for unlawful detainer and possession that is in violation of Cal. Civ. Code 1812.10 (c) Cal. Evid. Code 403.

A Factual claim requires the citing of a known duty a breach of which is the causation of damages that be attested to by at least one known competent fact witness that Defendant can cross examine this person under oath regarding the rules of evidence.

Attorney Michael D. Zeff on behalf of Edge Property Management Inc. allegedly bring this action for unlawful detainer and failed to have signed the verification on behalf of the Plaintiff, stating that their knowledge the subject matter is on "INFORMATION AND BELIEF".

The complaint fails on three levels:

1. Every action must be prosecuted in the name of real party in Interest…. Friendly Village Community ASS'N, Inc. No. IV v Silva & Hill Const. (1973) 31 CA3D 220,107 CR 123. The "real party in interest" is the person who owns or holds Title to the claim or property involved [GANTMAN V.UNITED PAC. Ins.Co. (1991) 232CA3d 1560, 1566, 284CR 188, 192; Thus, the Landlord owner's agent does not have inherent authority to sue In the agent's name "real party in interest".[2322; Modlin v Walter's Fur Shop (1948) 83 Ca2d 384, 390, 188 P2d 805, 808-809]

2. Our Court of Appeals in Star Motor Imports, Inc. v. Superior Court, 88 Cal. App. 3d 201, has already decided that a Complaint made on information and belief is hearsay and Such allegations on "information and belief" furnish " 'no proof of the facts stated therein.

   a. Where the verification, or affidavit, is to be "used as evidence" of facts, " Section 446 [Code Civ. Proc.] does not apply." (Toboni v. Pennington Millnery Co., supra, p. 52.) [4] Matters alleged on "information and belief" do "not serve to establish the facts ... because an affidavit which is to be used as evidence must be positive, direct and not based upon hearsay." (Gutierrez v. Superior Court, 243 Cal. App. 2d 710, 725 [52 Cal. Rptr. 592].)

3. The verification is done in violation of Cal Civ. Code 1812.10 (c); In any action subject to this section, concurrently with the filing of the complaint, the plaintiff shall file an affidavit stating facts showing that the action has been commenced in a superior court and court location described in this section as a proper place for the trial of the action. Those facts may be stated in a verified complaint and shall not be stated on information or belief. When that affidavit is filed with the complaint, a copy thereof shall be served with the summons. If a plaintiff fails to file the affidavit or state facts in a verified complaint required by this section, no further proceedings may occur, but the court shall, upon its own motion or upon the motion of any party, dismiss the action without prejudice.

4. An affidavit based on "information and belief" is hearsay and must be disregarded (Franklin v. Nat C. Goldstone Agency, 33 Cal. 2d 628, 631 [204 P.2d 37]; Moore v. Thompson, 138 Cal. 23, 26 [70 P. 930]; Judd v. Superior Court, 60 Cal. App. 3d 38, 43 [131 Cal. Rptr. 246]; Tracy v. Tracy, 213 Cal. App. 2d 359, 362 [28 Cal.Rptr. 815]), and it is "unavailing for any purpose" whatsoever (Gay v. Torrance, 145 Cal. 144, 151 [76 P. 717]

Plaintiff fails to plead the essential elements of its claim and fails to state any claim for relief against defendant. Plaintiff's allegations are textbook examples of boilerplate pleadings replete by form complaint checked boxes with no attached evidence to support the statement. The verbatim hearsay quotes from other pleadings but lacking allegations specific to Plaintiff's situation. Plaintiff has opted to sue Defendant Joseph Little on behalf of Edge Property Management, Inc., which is the entity that claims standing to sue Defendant.

The Unlawful Detainer Complain is the first question of evidence submitted as an attached document in the Summons and shows that no verification of a person signature is appropriated in the verification area of the document. The line designated for signature is left blank with no attached verification as stated or filed with the court. Seemingly, the attorney is of knowledge that the Complaint needs to be verified by a person with factual knowledge of the allegation and yet the attorney Michael D. Zeff has not obtained a person for the Plaintiff with such knowledge of the facts to verify this complaint. Plaintiff Edge Property Management Inc. is not an attorney yet being a corporation. A person of knowledge must read the complaint and declare under penalty of perjury under the laws of the State of California that the information in the Complaint is true and correct. Attorney Michael D. Zeff has failed to acquire proper

signatures or persons to move Complaint before the Court. Matt Hardege has signed a statement claiming he is agent for the Plaintiff but has not provided the court with any documents that grant him this authority and has no standing with the court until such is discoverable. Plaintiff is incorporated and therefore should have a corporate officer for whom should sign on behalf of the corporation. No such person has been brought before the court or has signed a verification indicating knowledge of the facts in the Complaint under penalty of perjury as per the procedure for filing an Unlawful Detainer Complaint. Matt Hardege has been designated as Manager of the subject property has not verified the facts of the complaint and Edge Property Management Inc., who is the Plaintiff has not verified the facts in the complaint which is required by law.

Matt Hardege as Agent for Owner signed as Lessor for the property located 8121 Jason Street Woodland Hills, CA 91304., located in Los Angeles County. Rents were to be paid, located to Edge Property Management Inc. located at 6200 Canoga Ave. Suite 340, Woodland Hills CA 91367 which is within the designated perimeter for signature verification requirement for the unlawful detainer complaint. Matt Hardege as self-pronounced agent to the property respectfully is not a party to this claim. The Plaintiff agent of record or corporate officer are not signers to the lease agreement and Plaintiff knows that proper standing for the Plaintiff Edge Property Management Inc., yet the Plaintiff's Attorney Michael D. Zeff specifically and knowingly chose to not to have a verification signature on the form unlawful detainer complaint filed with the court yet has presented a complaint on behalf of Plaintiff to seek an unlawful judgment order. Plaintiff's Attorney offers no evidence of change of ownership or substitution of management company on behalf of owner Edge Property Management Inc.

Plaintiff agent issued a Notice to Pay or Quit in the name of owner, whereas if there were a change of ownership, a (3) Day Notice was not served properly as there is no Proof of Service as item (4) in Delivery of Notice/Proof of Service is not filled out in the document. The form is defective on its face and is not sufficient in form as a (3) Three Day Notice should have been issued. Defendant is unaware of any changes in ownership or management of the property located at 8121 Jason Street Woodland Hills, CA 91304 and therefor request that this case be dismissed due to the false documented filing on behalf of the Plaintiff Attorney and Agent Matt Hardege who has no standing in this matter.

As Plaintiff fails to plead its claim sufficiently and fails to state a valid claim for relief,
Defendant respectfully requests that the Demurrer be sustained, and Plaintiff's meritless
complaint be dismissed.

## II.  THE COURT SHOULD SUSTAIN THE GENERAL DEMURRER TO THE COMPLAINT BECAUSE THE COMPLAINT FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION

This Demurrer is brought pursuant to California Code of Civil Procedure §430.10 et. seq. which

states the following in relevant part:

**§430.10.**  The party against whom a Complaint or cross-Complaint has been filed
may object, by demurrer or answer as provided in Section **430.30**, to the pleading on
any one or more of the following grounds:

a.  The Complaint is unverified by a competent fact witness with personal knowledge.
b.  The Complaint is verified on information and belief.
c.  Plaintiff lacks standing to bring this action.
d.  Plaintiff lacks standing to maintain this action.
e.  Plaintiff can not comply with Civil Code 2924(a) (6)
f.  Plaintiff's who filed the pleading does not have the legal capacity to sue.
g.  Plaintiff's complaint for unlawful detainer fails to state facts sufficient to
constitute a cause of action, because Plaintiff has not pled, and cannot plead
the requisite elements of the transfer of title interest.
h.  The complaint is not verified by a Real Party In Interest with firsthand
personal knowledge.
i.  The pleading is uncertain.  As used in this subdivision, "uncertain" includes
ambiguous and unintelligible as to who has the right to bring this suit against
Defendant.
j.  There is no evidence to support its preliminary fact.
k.  There is no landlord/tenant relationship.
l.  This is an improper form to bring this matter.
m.  Plaintiff has failed to serve proper notice of the Summon and Complaint upon
defendants.
n.  Plaintiff has demonstrated unethical legal practices.
o.  Plaintiff's attorney has misrepresented the material facts of the case without a
fact witness with personal knowledge and standing.

**§430.30.**  (a) When any ground for objection to a Complaint, cross-

Notice and Motion to Demurrer Complaint

- 6-

Complaint, or answer appears on the face thereof, or from any matter of which the court is required to or may take judicial notice, the objection on that ground may be taken by a Demurrer to the pleading.

(b) When any ground for objection to a Complaint or cross-Complaint does not appear on the face of the pleading, the objection may be taken by answer.

(c) A party objecting to a Complaint or cross-Complaint may demur and answer at the same time.

**§430.50.** (a) A Demurrer to a Complaint or cross-Complaint may be taken to the whole Complaint or cross-Complaint or to any of the causes of action stated therein.(b) A demurrer to an answer may be taken to the whole answer or to any one or more of the several defenses set up in the answer.

When any ground for objection to a Complaint appears on the face thereof, the objection on that ground may be taken by a demurrer to the pleading. *See* Code Civ. Proc. §430.30(a). The party against whom a Complaint has been filed may object, by Demurrer to the pleading, on the ground that the pleading does not state facts sufficient to constitute a cause of action. *See* Code Civ. Proc. §430.10(e).

In order to be a sufficient verified Complaint, it must contain a statement of facts by a Real Party In Interest with firsthand personal knowledge, without the aid of other conjectured facts not stated, shows a complete cause of action. *See Going v. Dinwiddie* (1890) 86 Cal. 633, 637; *See Garcia v. Superior Court* (1990) 50 Cal. 3d 728, 737.

### III.ESSENTIAL FACTS HAVE NOT BEEN ALLEGED

The Complaint "provides no factual basis to support its "conclusions of facts." In ruling on a Demurrer: The Court does not assume the truth of contentions, deductions, or conclusions of fact or law set out in any complaint (*Daar v. Yellow Cab Co.,* (1967) 67 Cal.2d 695, 713, 63 Cal. Rptr. 724, 433 P.2d 732.) (Emphasis added.)

Plaintiff's only evidence is hearsay evidence on information and belief.

Pliantiff is not original Lessor on Lease Agreement signed by Lessee.

The (3) Day Notice is Devoid

The Complaint is devoid.

Notice and Motion to Demurrer Complaint

The Complaint and all documents filed with it are not self authenticating and are objected to under California Evidence Code 1401(a)(b).

The purpose of a Demurrer is to test the legal sufficiency of the complaint; therefore, an appellate court employs two separate standards of review on appeal. [Citations.] First, the complaint is reviewed de novo to determine whether it contains sufficient facts to state a cause of action. [Citation.] A ruling "of the court is to be based upon facts which may be presented to it, and not upon the belief of the affiant." (Pelegrinelli v. McCloud River etc. Co., 1 Cal. App. 593, 597 [82 P. 695].) Such allegations on "information and belief" furnish " 'no proof of the facts stated . ...'" (Franklin v. Nat C. **[88 Cal. App. 3d 205]** Goldstone Agency, supra, 33 Cal. 2d 628, 631 Cal. 2d 628, 631; Kellett v. Kellett, 2 Cal. 2d 45, 48 [39 P.2d 203].)

For the purposes of ruling on the demurrer, the court "assume[s] the truth of all material facts properly pleaded in the complaint, but no such credit is given to pleaded contentions or legal conclusions." Financial Corp. of America v. Wilburn, 189 Cal. App. 3d 764, 768-69 (1987). Accordingly, "[contentions, deductions or conclusions of fact or law alleged in the complaint are not considered in judging its sufficiency" against a demurrer, C&H Foods Co. v. Hartford, 163 Cal. App. 3d 1055, 1062 (1984), and must be disregarded. See Cantu v. Resolution Trust Corp. 4 Cal App. 19th 857, 881 (1992). Moreover, general pleadings are controlled by specific allegations. See e.g. Iverson Yoakum, Papiano & Hatch v. Berwald, 76 Cal. App. 19th 990, 995 (1999) (denying motion for reconsideration on demurrer). Plaintiff's Complaint fails to plead any specific facts against Defendant.

Here Plaintiff has failed to provide any facts or evidence to state a cause of action. Therefore, the Summons and Complaint remains unverified by a Real Party In Interest with firsthand knowledge. The Complaint is being opposed and objected to being used as evidence or verified by a person who has no personal knowledge of the facts of the alleged sale of the property.

Wherefore Defendant objects to the complaint being entered into evidence in its entirety under California Evidence Code 1401(a)(b).

The Complaint lacks any facts to support that it has met all the elements of §2924.

The Complaint is boiler plate assumptions and conclusions with no facts to support their allegation.

The Demurrer questions the legal sufficiency of the face of the Complaint. Plaintiff's claims should be dismissed when it clearly appears that no set of facts can be proved which will entitle them to recover. (***Quake Construction Inc. v. American Airlines, Inc.***, 152 Ill. Dec. 308, 31-2 (Ill. S. Ct. 1990).

A Real Party in Interest must appear before the court, testify under oath and penalty of perjury that they have read the complaint and have firsthand personal knowledge of the matter contained in the complaint. Until then the complaint remains hearsay, lacking foundation, lacking authentication, lacking personal knowledge of the matter stated therein pursuant to the Cal. Evid. Code 1401(a)(b) is being objected to being used or entered evidence. Defendant moves the court to strike it from the record.

**CONCLUSION**

Plaintiff's Complaint is fatally defective because it fails to state a cause of action and it is so ambiguous and unintelligible as to be uncertain as to who has the authority or capacity to bring this matter before the court and whereupon Plaintiff's Three-Day Notice to Quit, accounting report is defective on its face. The amounts are incorrect and not valid. There is no signer for the verification of the complaint. Matt Hardege, agent for the owner as signed on the lease is not the owner of the subject property and is not an officer for the corporation. There is no witness to the facts as the Attorney Michael D. Zeff indicated by having no signature for verification of the complaint under penalty of perjury. Defendant Joseph Little, therefore, moves and respectfully request that this Demurrer be sustained without leave to amend and that the Plaintiff take nothing for its Complaint, and for such further relief as the Court considers proper.

If Defendant's Demurrer is denied, then Defendant's move the court for an evidentiary hearing to establish Plaintiffs standing to bring this matter before this court.

Dated this 7th, day of February 2025.

Joseph Little
Defendant in Pro Per

## **DECLARATION OF JOSEPH LITTLE**

I, Joseph Little, declare and state the following:

1. I am the Defendant in the above-captioned action and live in the Los Angeles County of California.

2. I have personal knowledge of the matters stated in this Declaration, and if called as a witness, could and would testify competently as to those matters; and as to those matters stated on my own personal knowledge to be true.

3. I make this Declaration in support of my Demurrer of this complaint for lack of a valid verified complaint and standing to bring this action.

4. I have read the entire Unlawful Detainer and know it contends to be false. In the Complaint is alleged by Plaintiff, who make claims on behalf of Plaintiff without Verification. There is no verification from Plaintiff on information and belief with no firsthand knowledge of the subject matter. Plaintiff is not the legal owner, agent of record or corporate officer of Edge Property Management Inc. for the subject property.

5. No persons of record with standing has verified the complaint under penalty of perjury.

6. A verification made on information and belief is based on hearsay and set forth no facts for the court to meet the preliminary fact.

7. This is the alleged Plaintiff's attempt to bring a false claim with this court using the disguise that falls under the jurisdiction of a summary proceeding.

8. Defendant alleges that the attorney is bringing a false claim without any authority from the alleged plaintiff.

9. As stated in the Demurrer, Plaintiff fails to meet its burden of proof as to any evidence to meets its preliminary fact.

10. Plaintiff's document that it submits as evidence is the complaint with no facts or evidence to support its hearsay statements, which is inadmissible.

11. Pursuant to CCP §430.30(a)(b)(c)(d)(e)f) a Demurrer is an objection raised to attack a complaint.

12. Defendant may move for a Demurrer on the grounds that the complaint fails to state a legally cognizable cause of action against them. (Code Civ. Proc.§4389(c)(1)(B)(ii); (*IMO Development Corp. v. Dow Corning Corp.* (1982) 135 Cal. App. 3d 451, 185 Cal. Rptr. 341);

IV. ( *Pierson v. Sharp Memorial Hospital, Inc* (1989) 216 Cal. App.3d 340, 264 Cal. Rptr. 673).

V.  The payment amount is incorrect and not valid. There are additional payments to Plaintiff that have not been applied to the Defendants account. The amount owed in the Notice to Pay or Quit is incorrect. Defendant has kept receipt of each payment and the manager of the facility has removed access to the amenities.

VI.    The plaintiff has not applied for any Covid Relief for supplemental payments for rents.

VII.    The number of payments is disputable.

VIII.    Plaintiff has failed to make corrections or cure repairs to the property.

I declare under the laws of this state and under the penalty of perjury that the foregoing is true and correct.

Dated this 7th day of February 2025

Joseph Littel
Defendant in Pro Per

## **PROOF OF SERVICE**

I, __Donna Todd__, am over the age of 18 and not a party to this action.

I am a resident of or employed in the county where the mailing occurred; my

business/residence address is:   815 N. La Brea Ave., Inglewood, CA 90301

On this 7th day of February 2025, I served the foregoing document(s) described as:

**NOTICE AND MOTION TO DEMURRER PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF
DEFENDANTS AND [PROPOSED ORDER]**

The following party was served:

MICHAEL D. ZEFF, ESQ
16633 VENTURA BLVD. SUITE 104
ENCINO, CA 91436

On the date below, I served the above documents by placing same in a postpaid envelope

properly addressed to Recipient at the said address and depositing same at an official depository

under the exclusive face and custody of the U.S. Postal Service within the State of California.

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

DATED: February 7, 2025      _____

                             Donna Todd

Notice and Motion to Demurrer Complaint

- 13-

Joseph Little
8121 Jason Street
Woodland Hills, CA 91304
Plaintiff in Pro Per

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES
## VAN NUYS COURTHOUSE

**EDGE PROPETY MANAGEMENT INC.**

|  |  |
|---|---|
| Plaintiff, | ) Case No.: **24VEUD03773** |
| | ) |
| vs. | ) **[PROPOSED ORDER]** |
| | ) |
| **JOSEPH LITTLE; DOES 1 TO 10 INCLUSIVE** | ) |
| | ) Date: |
| Defendant(s) | ) Time: |
| | ) Dept.:  H |

The Court having considered the **MOTION TO DEMURRER** Plaintiff Complaint and reviewing the court records, Plaintiff's Complaint and Defendant's moving papers; the court having found no evidence to support Plaintiff's preliminary fact:

The court order's as follows:

Defendant's Motion to Demurrer to the Complaint in its entirety is Granted. Plaintiff to take nothing from this case. Plaintiff to provide restitution to for all cost and court cost for responding to the complaint. The entire matter is dismissed without prejudice.

IT IS SO ORDERED

Date: _____, 2025      By:_____

Judge of the Superior Court

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 04 2025

David W. Slayton, Executive Officer/Clerk of Court

1
2
3
4

Joseph Little
8121 Jason Street
Woodland Hills, CA 91304
Plaintiff in Pro Per

5
6
7

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES
## VAN NUYS COURTHOUSE

8
9
10
11
12
13
14
15
16
17

**EDGE PROPETY MANAGEMENT INC.**

                  Plaintiff,

vs.

**JOSEPH LITTLE; DOES 1 TO 10 INCLUSIVE**

                  Defendant(s)

)
)
)
)
)
)
)
)
)
)
)

Case No.: **24VEUD03773**

**REQUEST FOR JUDICIAL NOTICE**

Dept.: H

18
19
20
21
22

PLEASE TAKE NOTICE THAT DEFENDANT JOSEPH LITTLE hereby requests that the Court take Judicial Notice pursuant to Evidence Code Sections 452(c), (d), (h) and 453, and California Rules of Court, Rule 3.1113 (I), (m) and 3.1306(c) of the following:

Notice of Real Estate Home Inspection Report for Damages, A true copy and correct copy of which is attached hereto as Exhibit "1".

23
24
25

    A REQUEST IS HEREBY MADE TO THE CLERK OF THE COURT to have the files which contain the above-referenced court records in Department H of the above –entitled Court at the time of hearing of this matter on the courts calendar.

26
27
28

Dated: February 4, 2025

Joseph Little

REQUEST FOR JUDICIAL NOTICE - 1

1
2
3
# EXHIBIT 1
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
Exhibit:  REAL ESTATE INPSECTION REPORT
22
23
24
25
26
27
28

REQUEST FOR JUDICIAL NOTICE  – 2

# Real Estate Inspection Report

7th of November, 2024



Home Inspection Experts

# Home Inspection Experts



### Joseph Little

8121 Jason Avenue
Los Angeles, CA 91304



**Inspector** - Eric Penta

Confidential and Proprietary

**Home Inspection Experts**
9121 Atlanta Avenue #118
Huntington Beach CA 92646

https:homeinspectionexperts.com
ericpenta@icloud.com
714-330-7756

# Table Of Contents

**Inspection Report** ....................................................... 1

**Client Information** ..................................................... 3

**Report Information** .................................................... 4

**Inspection Report Summary** ....................................... 7

**Inspection Report Detail** ........................................... 9

**Exterior & Structure** ................................................ 9

    *Building Information* .............................................. 10

**Electrical** ............................................................... 10

    *Main Panel* ......................................................... 11

**Interior** .................................................................. 12

    *Ceilings* .............................................................. 12

    *Walls* ................................................................. 13

    *Indoor Environmental Issues* ................................. 14

    *Infrared/Thermal Imaging* ..................................... 15

**Bathrooms** ............................................................. 16

    *Shower components* ............................................. 16

**Certifications And Affiliations** ................................... 17

**Conclusion** ............................................................. 18

**Invoice** .................................................................. 19

# Client Information



## Client Information

| | |
|---|---|
| Client Name: | Joseph Little |
| Address: | 8121 Jason Avenue Los Angeles CA 91304 |
| Inspection Date: | 7th of November, 2024 |
| Inspection Time: | 10:00:00 AM |
| Inspector: | Eric Penta |

# Report Information

*The enclosed summary report will provide you with a preview of the components or conditions that need
service or a second opinion, but it is not definitive. Therefore, it is essential that you read the ful
Regardless, in recommending service we have fulfilled our contractual obligation as generalists, and
therefore disclaim any further responsibility. However, service is essential, because a specialist co▯
identify further defects or recommend some upgrades that could affect your evaluation of the property.*

This report is the exclusive property of Home Inspection Experts, and the client whose name appears
herewith, and its use by any unauthorized persons is strictly prohibited.

The observations and opinions expressed within this report are those of Home Inspection Experts and
supersede any alleged verbal comments. We inspect all of the systems, components, and conditions
described in accordance with the standards of practice govern by International Association of Certified
Home Inspectors (InterNACHI) , and those that we do not inspect are clearly disclaimed in the contrac
and/or in the aforementioned standards. However, some components that are inspected and found to be
functional may not necessarily appear in the report, simply because we do not wish to waste our clien▯
time by having them read an unnecessarily lengthy report about components that do not need to be
serviced.

In accordance with the terms of the contract, the service recommendations that we make in this report
should be completed well before the close of escrow by licensed specialists, who may well identify
additional defects or recommend some upgrades that could affect your evaluation of the property. A
Credible Expert to perform a Lead base, Asbestos, Radon gas, Foundation, Sewer Line, Infrared and or
General home inspection in accordance with the standards of practice established by the Home Inspection
Foundation, a copy of which is available upon request. Generalist inspections are essentially visual,▯
distinct from those of specialists, inasmuch as they do not include the use of specialized instrument▯
dismantling of equipment, or the sampling of air and inert materials. Consequently, a generalist insp▯
and the subsequent report will not be as comprehensive, nor as technically exhaustive, as that genera▯
by specialists, and it is not intended to be. The purpose of a generalist inspection is to identify s▯
defects or adverse conditions that would warrant a specialist evaluation. Therefore, you should be aw▯
the limitations of this type of inspection, which are clearly indicated in the standards. However, th▯
inspection is not intended to document the type of cosmetic deficiencies that would be apparent to the
average person, and certainly not intended to identify insignificant deficiencies. Similarly, we do not
inspect for vermin infestation, which is the responsibility of a licensed exterminator.

Most properties built after 1978, are generally assumed to be free of asbestos and many other common
environmental contaminants. However, as a courtesy to our clients, we are including some well
documented, and therefore public, information about several environmental contaminants that could be ▯
concern to you and your family, all of which we do not have the expertise or the authority to evaluat▯
such as asbestos, radon, methane, formaldehyde, termites and other wood-destroying organisms, pests
and rodents, molds, microbes, bacterial organisms, and electromagnetic radiation, to name some of the
more commonplace ones. Nevertheless, we will attempt to alert you to any suspicious substances that
would warrant evaluation by a specialist. However, health and safety, and environmental hygiene are
deeply personal responsibilities, and you should make sure that you are familiar with any contaminant▯
could affect your home environment. You can learn more about contaminants that can affect you home
from a booklet published by The environmental Protection Agency, which you can read online
at www.epa.gov/iaq/pubs/insidest.htm.

Mold is one such contaminant. It is a microorganism that has tiny seeds, or spores, that are spread o▯
air then land and feed on organic matter. It has been in existence throughout human history, and actu▯
contributes to the life process. It takes many different forms, many of them benign, like mildew. Some
characterized as allergens are relatively benign but can provoke allergic reactions among sensitive p▯

and others characterized as pathogens can have adverse health effects on large segments of the population, such as the very young, the elderly, and people with suppressed immune systems. However, there are less common molds that are called toxigens that represent a serious health threat. All mold⬚ flourish in the presence of moisture, and we make a concerted effort to look for any evidence of it wherever there could be a water source, including that from condensation. Interestingly, the molds th⬚ commonly appear on ceramic tiles in bathrooms do not usually constitute a health threat, but they sho⬚ be removed. However, some visibly similar molds that form on cellulose materials, such as on drywall, plaster, and wood, are potentially toxigenic. If mold is to be found anywhere within a home, it will ⬚ in the area of tubs, showers, toilets, sinks, water heaters, evaporator coils, inside attics with unv⬚ bathroom exhaust fans, and return-air compartments that draw outside air, all of which are areas that⬚ inspect very conscientiously. Nevertheless, mold can appear as though spontaneously at any time, so y⬚ should be prepared to monitor your home, and particularly those areas that we identified. Naturally, it equally important to maintain clean air-supply ducts and to change filters as soon as they become soile because contaminated ducts are a common breeding ground for dust mites, rust, and other contaminants. Regardless, although some mold-like substances may be visually identified, the specific identification of molds can only be determined by specialists and laboratory analysis, and is absolutely beyond the sco⬚ of our inspection. Nonetheless, as a prudent investment in environmental hygiene, we categorically recommend that you have your home tested for the presence of any such contaminants, and particularly ⬚ you or any member of your family suffers from allergies or asthma. Also, you can learn more about mold from an Environmental Protection Agency document entitled "A Brief Guide to Mold, Moisture and Your Home," by visiting their web site at: http://www.epa.gov/iaq/molds/moldguide.html/, from which it can be downloaded.

Asbestos is a notorious contaminant that could be present in any home built before 1978. It is a natu⬚ occurring mineral fiber that was first used by the Greek and Romans in the first century, and it has been widely used throughout the modern world in a variety of thermal insulators, including those in the fo⬚ paper wraps, bats, blocks, and blankets. However, it can also be found in a wide variety of other pro⬚ too numerous to

mention, including duct insulation and acoustical materials, plasters, siding, floor tiles, heat vents, roofing products. Although perhaps recognized as being present in some documented forms, asbestos can only be specifically identified by laboratory analysis. The most common asbestos fiber that exists in residential products is chrysotile, which belongs to the serpentine or white-asbestos group, and was ⬚ in the clutches and brake shoes of automobiles for many years. However, a single asbestos fiber is said be able to cause cancer, and is therefore a potential health threat and a litigious issue. Significantl asbestos fibers are only dangerous when they are released into the air and inhaled, and for this reason authorities such as the Environmental Protection Agency [EPA] and the Consumer Product Safety Commission [CPSC] distinguish between asbestos that is in good condition, or non-friable, and that wh⬚ is in poor condition, or friable, which means that its fibers could be easily crumbled and become airbo However, we are not specialists and, regardless of the condition of any real or suspected asbestos-containing material [ACM], we would not endorse it and recommend having it evaluated by a specialist.

Radon is a gas that results from the natural decay of radioactive materials within the soil, and is p⬚ to be the second leading cause of lung cancer in the United States. The gas is able to enter homes th⬚ the voids around pipes in concrete floors or through the floorboards of poorly ventilated crawlspaces, a⬚ particularly when the ground is wet and the gas cannot easily escape through the soil and be disperse⬚ into the atmosphere. However, it cannot be detected by the senses, and its existence can only be determined by sophisticated instruments and laboratory analysis, which is completely beyond the scope⬚ our service. However, you can learn more about radon and other environmental contaminants and their affects on health, by contacting the Environmental Protection Agency (EPA), at www. epa.gov/radon/images/hmbuygud.pdf, and it would be prudent for you to enquire about any high radon readings that might be prevalent in the general area surrounding your home.

Lead poses an equally serious health threat. In the 1920's, it was commonly found in many plumbing systems. In fact, the word "plumbing" is derived from the Latin word "plumbum," which means lead. Whe⬚

in use as a component of a waste system, it is not an immediate health threat, but as a component of potable water pipes it is a definite health-hazard. Although rarely found in modern use, lead could be present in any home build as recently as the nineteen forties. For instance, lead was an active ingre⬜ in many household paints, which can be released in the process of sanding, and even be ingested by sm⬜ children and animals chewing on painted surfaces. Fortunately, the lead in painted surfaces can be detected by industrial hygienists using sophisticated instruments, but testing for it is not cheap. T⬜ other environmental contaminants, some of which we have already mentioned, and others that may be relatively benign. However, we are not environmental hygienists, and as we stated earlier we disclaim⬜ responsibility for testing or establishing the presence of any environmental contaminant, and recomme⬜ that you schedule whatever specialist inspections that may deem prudent within the contingency period⬜

Mold Inspections are performed and lab results are good for the day of the inspection-Mold strains an⬜ counts can vary on a day to day basis.

# Inspection Report Summary

## Electrical

### Main Panel

The panel was manufactured by Zinsco/Sylvania and has been alleged to be defective. You can learn mor⬚ on the Internet, at www.inspect-ny.com/electric/Zinsco.htm However, in the interests of safety the ba⬚ breakers should be evaluated by a licensed electrician to ensure that there is no scorching or eviden⬚ and catching fire.

*because of the age of the home and the age of the main panel-it is possible there is older aluminum w⬚ home-this can be a hazard as it is not equipped to handle to amount of load on each circuit by today'⬚ recommend an electrician to open walls up to determine the type of wiring in the home and determine t⬚ the panel*

## Interior

### Ceilings

*master shower area-there is evidence of an item that was on the ceiling in the shower area-however t⬚ moisture showing up on the thermal imaging camera-recommend applying mold resistant paint in this are⬚ moisture levels from increasing*

*the linen closet has acoustic ceiling this is known to contain asbestos-asbestos can be a hazardous m⬚ recommend an asbestos abatement company to determine the severity of the asbestos in the ceiling*

*hallway ceiling has cracks-as they do not appear to be structural-because of the age of the home-plas⬚ asbestos-which being cracked means it is disturbed-this can cause spores to go into the air being har⬚ health-recommend repairing the cracks-however recommend an asbestos abatement professional to perform⬚ prior to any work being performed on the home*

### Walls

*there is a higher level of moisture in the lower portion of the wall right of the shower area in the⬚ did not drill into the wall to determine the severity of the moisture however it is showing up on the⬚ as well as the thermal imaging camera*

*We would recommend opening the wall in the this area-drying the cavity out-cleaning surfaces inside t⬚ allowing a fan to dry the area out and then installing new drywall in this area*

*the walls in the furnace closet have acoustic-which is known to contain asbestos-there are also holes⬚ which means the walls are disturbed-this can be harmful once it is disturbed and recommend an abateme⬚ to perform a survey to determine the level of asbestos*

### Indoor Environmental Issues

We air tested for mold in the kitchen and master bathroom area and a control sample outside

We use the control sample as a baseline to compare results to the inside of the home to determine if ☐ levels found inside

Master bathroom-there was no toxic mold present however there are higher levels of mold spores in the☐ there is evidence of mildew forming on and around the shower area-recommend replacing the grout/caulk☐ area recommend treating the area for mildew/mold

Although the area does not contain toxic mold-there is a moisture based mold Alternaria- which if not☐ treated can be a pre-cursor to black mold which is known as stachybotrys

there are other molds present- cladosporium, curvularia which are elevated compared to the control sa☐ outside-these typically can be taken care of by replacing the baseboards and cleaning the wall surfac☐ however if not treated and contained can allow for further mold growth in the area-recommend a mold r☐ company performs the work to clear the area of the mold present

once the area is remediated recommend a mold clearance to clear the area

See lab results in separate email

## Infrared/Thermal Imaging

there is a higher level of moisture in the lower portion of the wall right of the shower area in the☐ did not drill into the wall to determine the severity of the moisture however it is showing up on the☐ as well as the thermal imaging camera

master bathroom ceiling is showing signs of moisture in the ceiling above the shower area-recommend a☐ resistant paint in the bathrooms to keep mildew and mold from forming

# Bathrooms

## Shower components

Master bathroom-there was no toxic mold present however there are higher levels of mold spores in the☐ there is evidence of mildew forming on and around the shower area-recommend replacing the grout/caulk☐ area recommend treating the area for mildew/mold

# Inspection Report Detail

## 1 . Exterior & Structure

Our inspection: of the Exterior grounds includes the surface drainage, grading, some fencing, gates, sidewalks, patios, driveways, and retaining walls adjacent to the structure. The inspection of the exterior of t☐ includes the cladding, trim, eaves, fascias, decks, porches, downspouts, railings, doors, windows and☐ Areas hidden from view by finished walls or stored items cannot be judged and are not a part of this ☐ Minor cracks are typical in many foundations and most do not represent a structural problem. If major☐ are present along with rotation, we routinely recommend further evaluation be made by a qualified pro☐ structural engineer. The grading of the soil should allow for surface and roof water to flow away fro☐ foundation. All concrete slabs experience some degree of cracking due to shrinkage in the drying proc☐ minor settlement. All items listed are inspected for their proper function, poor installation, excess☐ general state of repair. Where deck carpeting, stacked firewood, excessive vegetation, soil and other☐ are installed over decking and patio surfaces, the materials or their nature of construction and cond☐ underneath these coverings cannot be determined.

Condominium Inspection Disclaimer:
Only pertain to condominiums PUD & Townhouses
Because this is a report on a condominium, PUD or Townhouse inspection, we do not inspect or report o☐ condition of the roof, the foundation, grading and drainage, or components beyond the unit, which are☐ the responsibility of the home owners\' association.

Notice to absent clients:
Only pertain to clients who was absent.
We prefer to have our clients present, during, or immediately following the inspection so that we can☐ on what may well be complicated or technical issues that could be somewhat difficult for the average ☐ understand. Inasmuch as you were not present, we encourage you to read the whole report and not just ☐ summary report, and to consult with us directly. Also, please verify anything that we may have been p☐ to have said.

General Observation Reporting Neglected Property:
Only pertain to properties with significant damage
The property has been neglected, and we will not comment further on the obvious and numerous deficien☐ However, you should obtain estimates from a general contractor, because the cost of renovation could significantly effect your evaluation of the property.

There are a wide variety of pre-fabricated chimneys, which are constructed on site with approved comp☐ We perform a competent inspection of them, but we are not specialists, and our inspection of them is ☐ those areas that can be viewed without dismantling any portion of them, and we cannot guarantee that ☐ particular component is the one stipulated for use by the manufacturer. For instance, experience has ☐ that many prefabricated chimneys have been fitted with architectural shrouds that are not approved by☐ manufacturer, and which can inhibit drafting and convectional cooling. However, we recommend a level-☐ inspection by a qualified specialist within the contingency period or before the close of escrow, as recommended by NAPA standards "upon the sale or transfer of a property." Chimney's that are lined mas☐ type, which is the most dependable because the flue liner not only provides a smooth transition for t☐ products of combustion to be vented beyond the residence but provides an approved thermal barrier as ☐ However, we recommend a level-two inspection by a qualified specialist within the contingency period ☐ the close of escrow, as recommended by NAPA standards "upon the sale or transfer of a property." Unli☐ chimneys, or those without flue liners, are suspect. Although such flues include a plaster coat of mo☐ corrosive effect of flue gases and the elements can deteriorate the mortar. In fact, the Chimney Safe☐

of America reported in 1992 that "all unlined chimneys, irrespective of fuel used, are very liable to☐ defective through disintegration of the mortar joints." However, we recommend a level-two inspection ☐ qualified specialist within the contingency period or before the close of escrow, as recommended by N☐ standards "upon the sale or transfer of a property."

## 1.1 Building Information

**Property Type :** Single Family Residence **Furnished :** No
**Number of Stories :** 1
**Year Constructed:** 1965
**Present at time of inspection :** Tenant (s) **Foundation Type:** Slab **Specific Zoning Classification:** R 1 **Is the highest & best use of the property as improved (or as proposed per plans & specifications):** Yes
**Zoning Description:** Single Family Residence
**Zoning Compliance:** Legal
**Are there any adverse site conditions or external factors :** No
**Assignment Type:** Mold Inspection

# 2 . Electrical

Our examination of the electrical system includes a visual examination of the exposed and accessible ☐ circuits, wiring, service panel, over current protection devices, lighting fixtures, switches, and re☐ Service equipment, proper grounding, wiring methods and bonding are focal points. We inspect for adve☐ conditions such as lack of grounding and bonding, over-fusing, exposed wiring, open-air wire splices,☐ polarity and defective GFCI's. The hidden nature of the electrical wiring prevents inspection of ever☐ wire or their connections. Telephone, video, cable, audio, security systems and other low voltage sys☐ not included in this inspection unless specifically noted. We recommend you have the seller or a spec☐ demonstrate the serviceability or locations of these systems to you if necessary. Any electrical repa☐ attempted by anyone other than a licensed electrician should be approached with caution. The power to☐ entire house should be turned off prior to beginning any repair efforts, no matter how trivial the re☐ seem. Aluminum wiring requires periodic inspection and maintenance by a licensed electrician. Operati☐ time clock motors is not verified. Inoperative light fixtures often lack bulbs or have dead bulbs ins☐ bulbs are not changed during the inspection, due to time constraints. Smoke Alarms should be installe☐ 15 feet of all Bedroom doors and in Bedrooms. These units should be tested monthly.

There are a wide variety of electrical systems with an even greater variety of components, and any one particular system may not conform to current standards or provide the same degree of service and safety. What is most significant about electrical systems however is that the national electrical code [NEC] is not retroactive, and therefore many residential systems do not comply with the latest safety standards. Regardless, we are not electricians and in compliance with our standards of practice we only test a representative number of switches and outlets and do not perform load-calculations to determine if the supply meets the demand. However, in the interests of safety, we regard every electrical deficiency and recommended upgrade as a latent hazard that should be serviced as soon as possible, and that the entire system be evaluated and certified as safe by an electrician. Therefore, it is essential that any recommendations that we may make for service or upgrades should be completed before the close of escrow, because an electrician could reveal additional deficiencies or recommend some upgrades for which we would disclaim any further responsibility. However, we typically recommend upgrading outlets to have ground fault protection, which is a relatively inexpensive but essential safety feature. These outlets are often referred to a☐ GFCI's, or ground fault circuit interrupters and, generally speaking, have been required in specific locations for more than thirty years, beginning with swimming pools and exterior outlets in 1971,

and the list has been added to ever since: bathrooms in 1975, garages in 1978, spas and hot tubs in 1981, hydro tubs, massage equipment, boat houses, kitchens, and unfinished basements in 1987, crawlspaces in 1990, wet bars in 1993, and all kitchen countertop outlets with the exception of refrigerator and freezer outlets since 1996. Similarly, AFCI's or arc fault circuit interrupters, represent the very latest in circuit breaker technology, and have been required in all bedroom circuits since 2002. However, inasmuch as arc faults cause thousands of electrical fires and hundreds of deaths each year, we categorically recommend installing them at every circuit as a prudent safety feature.

---

## 2.1 Main Panel

**Condition:** Professional Consultation
**Volts:** 240 -120V
**Capacity:** 100 A
**Type:** Circuitbreakers
**Grounding:** Grounded
**Bonding:** Not determined
**We did not attempt to inspect the panel because the power was off at the time of inspection.:** Power was on
**Various circuits within the panel are not labeled but should be.:** Yes
**We did not attempt to access the panel because to do so would break a paint seal or damage plaster.:** No
**There are loose connections in the main panel.:** No
**The main panel contains aluminum wiring.:** N.I.
**The system is not properly bonded.:** No
**There are over fused circuits.:** No
**The main panel is not properly secured.:** No
**There is evidence of circuit breakers failing or overloading.:** No
**Cables are clamped improperly.:** No
**There is rust or corrosion affecting the main panel.:** No
**The system is not properly grounded.:** No
**The panel was manufactured Zinsco/Sylvania and has been alleged to be defective and cause scorching:** Should be replaced

**Comments:**

The panel was manufactured by Zinsco/Sylvania and has been alleged to be defective. You can learn mor☐ this on the Internet, at www.inspect-ny.com/electric/Zinsco.htm However, in the interests of safety t☐ breakers should be evaluated by a licensed electrician to ensure that there is no scorching or eviden☐ overheating and catching fire.

*because of the age of the home and the age of the main panel-it is possible there is older aluminum w☐ home-this can be a hazard as it is not equipped to handle to amount of load on each circuit by today'☐ recommend an electrician to open walls up to determine the type of wiring in the home and determine t☐ of the panel*



## 3 . Interior

Our inspection of the Interior includes a visual inspection of the readily accessible portions of the ceilings, floors, doors, cabinetry, countertops, steps, stairways, balconies and railings. Please not representative sample of the accessible windows and electrical receptacles are inspected. These featu examined for proper function, excessive wear and general state of repair. In some cases, all or porti components may not be visible because of furnishings and personal items. In these cases some of the i may not be inspected. The condition of walls behind wall coverings, paneling and furnishings cannot b Only the general condition of visible portions of floors is included in this inspection. As a general cosmetic deficiencies are considered normal wear and tear and are not reported. Determining the sourc odors or like conditions is not a part of this inspection. Floor covering damage or stains may be hid furniture. The condition of underlying floor coverings is not inspected. Determining the condition of glass windows is not always possible due to temperature, weather and lighting conditions. Check with for further information. All fireplaces should be cleaned and inspected on a regular basis to make su cracks have developed. Large fires in the firebox can overheat the firebox and flue liners, sometimes in internal damage.

### 3.1 Ceilings

**Condition:** Needs Maintenance
**Type:** Drywall, Plaster
**There is evidence of water damage to the ceiling. :** Yes
**There are cracks or loose sections in the ceiling. :** No
**The ceiling is sagging. :** No
**The acostic sprayed ceiling is known to contain asbestos and should be tested:** Yes
**There are cosmetic/hairline cracks on the ceiling that may not be structural threatening :** Not Structural.

**Comments:**

*master shower area-there is evidence of an item that was on the ceiling in the shower area-however t little moisture showing up on the thermal imaging camera-recommend applying mold resistant paint in t keep moisture levels from increasing*

*the linen closet has acoustic ceiling this is known to contain asbestos-asbestos can be a hazardous m would recommend an asbestos abatement company to determine the severity of the asbestos in the ceilin*

*hallway ceiling has cracks-as they do not appear to be structural-because of the age of the home-plas contain asbestos-which being cracked means it is disturbed-this can cause spores to go into the air b to one's health-recommend repairing the cracks-however recommend an asbestos abatement professional t perform a survey prior to any work being performed on the home*



## 3.2 Walls

**Condition:** Needs Maintenance
**Type:** Drywall
**The walls are pulling away from the studs. :** No
**There are cracks or holes in the walls. :** No
**There is paint peeling or chipping off the walls. :** No
**There's cosmetic damage to the walls that is typical in most properties :** No
**There are cosmetic/hairline cracks on the walls that may not be structural
threatening :** Not Structural.

### Comments:

*there is a higher level of moisture in the lower portion of the wall right of the shower area in the
bathroom-we did not drill into the wall to determine the severity of the moisture however it is showi
moisture detector as well as the thermal imaging camera*

*We would recommend opening the wall in the this area-drying the cavity out-cleaning surfaces inside t
allowing a fan to dry the area out and then installing new drywall in this area*

*the walls in the furnace closet have acoustic-which is known to contain asbestos-there are also holes
acoustic which means the walls are disturbed-this can be harmful once it is disturbed and recommend a
abatement company to perform a survey to determine the level of asbestos*



Sec. 3.2 Picture 1 | Sec. 3.2 Picture 2 | Sec. 3.2 Picture 3 | Sec. 3.2 Picture 4

Sec. 3.2 Picture 5 | Sec. 3.2 Picture 6 | Sec. 3.2 Picture 7

## 3.3 Indoor Environmental Issues

**Environmental Testing :** We was hired to inspect for mold and the test is pending
**A smoker or smokers occupy this residence, which can have an adverse affect on air quality.:** No

**Comments:**

*We air tested for mold in the kitchen and master bathroom area and a control sample outside*

*We use the control sample as a baseline to compare results to the inside of the home to determine if  
higher levels found inside*

*Master bathroom-there was no toxic mold present however there are higher levels of mold spores in the  
there is evidence of mildew forming on and around the shower area-recommend replacing the grout/caulk  
this area recommend treating the area for mildew/mold*

*Although the area does not contain toxic mold-there is a moisture based mold Alternaria- which if not  
treated can be a pre-cursor to black mold which is known as stachybotrys*

*there are other molds present- cladosporium, curvularia which are elevated compared to the control sa  
outside-these typically can be taken care of by replacing the baseboards and cleaning the wall surfac  
however if not treated and contained can allow for further mold growth in the area-recommend a mold r  
company performs the work to clear the area of the mold present*

*once the area is remediated recommend a mold clearance to clear the area*

*See lab results in separate email*



## 3.4 Infrared/Thermal Imaging

**Leaks Inside Ceilings :** Yes
**Leaks Inside Floors/Floor Boards:** No
**Type of Infrared Camera :** flir
**Moisture Content :** 30-50%
**Leaks Inside Walls :** No
**Missing Insulation/Air Gaps:** No
**Air Infiltration :** No
**Recommend Mold Testing :** Yes
**Moisture Reading Detected By A Moisture Meter:** Yes

### Comments:

*there is a higher level of moisture in the lower portion of the wall right of the shower area in the*
*bathroom-we did not drill into the wall to determine the severity of the moisture however it is showi*
*moisture detector as well as the thermal imaging camera*

*master bathroom ceiling is showing signs of moisture in the ceiling above the shower area-recommend a*
*mold resistant paint in the bathrooms to keep mildew and mold from forming*

## 4 . Bathrooms

**In accordance with industry standards, we do not comment on common cosmetic deficiencies, and do not evaluate window treatments, steam showers, and saunas. More importantly, we do not leak-test shower pans, which is usually the responsibility of a termite inspector. However, because of the possibility of water damage, most termite inspectors will not leak-test second floor shower pans without the written consent of the owners or occupants.**

**Our inspection of the bathrooms included a visual examination of the readily accessible portions of t⬜ walls, ceilings, cabinets, countertops and plumbing fixtures. Bathrooms are inspected for water drain⬜ damage, deterioration to floor and walls, proper function of components, active leakage, unusual wear⬜ general state of repair. Bathroom fixtures are run simultaneously to check for adequate water flow an⬜ pressure. Fixtures are tested using normal operating controls. Vent fans and their ductwork are teste⬜ proper operation and examined where visible. Shower pans are visually checked for leakage, but leaks ⬜ not show except when the shower is in actual use. Determining whether shower pans, tub/shower surroun⬜ watertight is beyond the scope of this inspection. It is very important to maintain all grout and cau⬜ bath areas. Very minor imperfections can allow water to get into the wall or floor areas and cause da⬜ Proper ongoing maintenance will be require ed in the future.**

### 4.1 Shower components

**Condition:** Needs Maintenance

**Comments:**

*Master bathroom-there was no toxic mold present however there are higher levels of mold spores in the bathroom-there is evidence of mildew forming on and around the shower area-recommend replacing the grout/caulking in this area recommend treating the area for mildew/mold*

# **Certifications And Affiliations**



Internachi Certified-16112215 Certification ID: IAC2-94563 Certification: IAC2 Certified, IAC2 Mold
Certified I

# Report Conclusion

8121 Jason Avenue Los Angeles CA 91304

### Report Conclusion

*Thank you for hiring us to evaluate your property, whether a home purchase, investment property, or f☐ pre-sale purposes. In addition to any safety recommendations made in the report we ask you to follow these general safety recommendations: install smoke and carbon monoxide detectors in locations stipulated by the device manufacturer; identify all emergency escape routs and rehearse an emergency evacuation of the home; test GFCI (ground-fault circuit interrupter) outlets at least once per year; the temperature of water heaters to prevent scalding; insure that substances containing caustic or poisonous compounds such as bleach, drain cleaners, and nail polish removers be stored where small children cannot reach them; check garage door safety devices regularly, particularly if they are the ☐ wooden type; and install child-safe barriers and alarms on the exterior doors of all pool and spa pro☐*

*We have made every effort to provide you with an accurate assessment of the general condition of the property and its components and to alert you to any significant defects or adverse conditions. We may n have tested every outlet or opened every window and door, or identified every minor defect. Also, becau we are not specialists and our inspection is essentially visual, latent defects could exist. Please d☐ regard our inspection as conferring a guarantee or warranty. It does not. It is simply a report on th☐ general condition of a particular property at a given point in time. As a homeowner, you should expec☐ problems to occur. Roofs will leak, drain lines will become blocked, and components and systems will ☐ without warning. For these reasons, you should take into consideration the age of the house and its components and keep a comprehensive insurance policy current. If you have been provided with a home protection policy, read it carefully. Such policies may only cover insignificant costs, such as that of service, and insurance companies may deny coverage on the grounds that a given condition was preexisting, or not covered because of building standards/code violation or a manufactures defect. K☐ in mind "we do not Inspect for building code violations or permit issues" This is the cities buildin☐ inspectors job and you should consult with the city regarding any code or possible permit violations.☐*

*Please take the time to read this entire report, and call us if you have any questions or observations whatsoever. A residential dwelling and its components are complicated, and becaus of this and the limitations of our visit, we offer consultation and encourage questions. Candid and forthright communication between all parties is vital in avoiding disputes and costly litigation. We orally summarize our findings on site whenever possible, however, it is essential that you read all of the written report. The estimate value in this report is for information only, **this is not an appraisal** and the information is to educate the buyer about the investment they are about to make in the subject property.*



Home Inspection Experts

# INVOICE

Home Inspection Experts
9121 Atlanta Avenue #118
Huntington Beach CA 92646
714-330-7756

Inspection Date: 7th of November, 2024

| Customer Info: | Inspection Property: |
|---|---|
| Joseph Little<br>8121 Jason Avenue Los Angeles, CA 91304 | 8121 Jason Avenue<br>Los Angeles, CA 91304 |

**Inspection Fee:**

| Service | Price | Amount | Sub-Total |
|---|---|---|---|
| Home Inspection | 699.00 | 1 | 699.00 |

**Tax $**0.00
**Total Price $**699.00

**Payment Method:**
**Payment Status:**

**PAID**

**Note:**

This Page Intentionally Left Blank

**PROOF OF SERVICE**

I am over the age of 18 and not a party to this action.

    I am not a process server.

    I am a resident of or employed in the county where the mailing occurred; my business/residence address is: 815 N. La Brea Ave, Inglewood, CA 90301.

    On February 4, 2025, I mailed copy of the following documents described as: **REQUEST FOR JUDICIAL NOTICE** in a self-stamped address envelope and dropped it into a mailbox to the following party(s):

    Michael D. Zeff Esq.

    16633 Ventura Blvd. Suite 1014

    Encino, CA 91436

    [X ] (By U.S. Mail) I deposited such envelope in the mail at Los Angeles County, California with postage thereon fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: February 4, 2025

DONNA TODD

REQUEST FOR JUDICIAL NOTICE – 3



# EXPANDED FUNGAL REPORT ™

**Prepared Exclusively For**

Home Inspection Experts

21247 Elda Circle
Huntington Beach, CA  92648-5381
Phone:714-330-2843

| | |
|---|---|
| **Report Date:** | 11/8/2024 |
| **Project:** | 8121 JASON AVE. WESTHILLS, CA 91304 |
| **LA Testing Order:** | 332421443 |

**AIHA LAP, LLC.**

AIHA LAP, LLCEMLAP  #101650



This report has been prepared by  LA Testing at the request of and for the exclusive use of the client named in this report.
Completely read the important terms, conditions, and limitations that apply to this report.
© 2006,LA Testing,  All rights reserved. No part of this report may be reproduced or otherwise distributed or used without the express written consent of LA Testing.



**LA Testing**

5431 Industrial Drive  Huntington Beach, CA  92649
Phone: (714) 828-4999    Fax: (714) 828-4944    Web: http://www.LATesting.com    Email:hblab@latesting.com

**Attn:** Eric Penta
Home Inspection Experts
21247 Elda Circle
Huntington Beach, CA  92648-5381

EMSL Order:    332421443
Customer ID:    HMIE42
Collected:    11/07/2024
Received:    11/07/2024
Analyzed:    11/08/2024

**Proj:** 8121 JASON AVE. WESTHILLS, CA 91304

### 1. Description of Analysis

**Analytical Laboratory**

LA Testing (LA Testing) is a nationwide, full service, analytical testing laboratory network providing Asbestos, Mold, Indoor Air Quality, Microbiological, Environmental, Chemical, Forensic, Materials, Industrial Hygiene and Mechanical Testing services since 1981. Ranked as the premier independently owned environmental testing laboratory in the nation, LA Testing puts analytical quality as its top priority. This quality is recognized by many well-respected federal, state and private accrediting agencies, and assured by our high quality personnel, including many Ph.D. microbiologists and mycologists.

LA Testing is an independent laboratory that performed the analysis of these samples.  LA Testing did not conduct the sampling or site investigation for this report. The samples referenced herein were analyzed under strict quality control procedures using state-of-the-art microbiological methods. The analytical methods used and the data presented are scientifically and legally defensible.

The laboratory data is provided in compliance with ISO-IEC 17025 guidelines for the particular test(s) requested, including any associated limitations for the methods employed. These data are intended for use by professionals having knowledge of the testing methods necessary to interpret them accurately.

This report has been prepared by  LA Testing at the request of and for the exclusive use of the client named in this report.
Completely read the important terms, conditions, and limitations that apply to this report.

© 2006,LA Testing,  All rights reserved. No part of this report may be reproduced or otherwise distributed or used without the express written consent of LA Testing.



**LA Testing**

5431 Industrial Drive  Huntington Beach, CA 92649
Phone: (714) 828-4999    Fax: (714) 828-4944    Web: http://www.LATesting.com    Email:hblab@latesting.com

| | |
|---|---|
| **Attn:** Eric Penta | EMSL Order:  332421443 |
| Home Inspection Experts | Customer ID:  HMIE42 |
| 21247 Elda Circle | Collected:  11/07/2024 |
| Huntington Beach, CA 92648-5381 | Received:  11/07/2024 |
| | Analyzed:  11/08/2024 |

**Proj:**  8121 JASON AVE. WESTHILLS, CA 91304

### Air Samples - Spore traps:

Spore traps are commercially available sampling devices that capture airborne particles on an adhesive slide. Air is pulled through the device using a vacuum pump. Spores, as well as other airborne particles, are impacted on the collection adhesive. Using spore trap collection methods has inherent limitations. These collection methods are biased towards larger spore sizes.

The analysis for total spore counts is a direct microscopic examination and does not include culturing or growing the fungi. Therefore, the results include both viable and non-viable spores. Some fungal groups produce similar spore types that cannot be distinguished by direct microscopic examination alone (i.e., *Aspergillus/Penicillium*, and others). Other spore types may lack distinguishing features that aid in their identification. These types are grouped into larger categories such as Ascospores or Basidiospores.

Fungal spores are identified and grouped by morphological characteristics including color, shape, septation, ornamentation, and fruiting structures (if present) which are compared to published mycological identification keys and texts. LA Testing reports provide spore counts per cubic meter of air to three significant figures. Please note that each spore category is reported to three significant figures. Due to rounding and the application of three significant figures the sum of the individual spore numbers may not equal the total spore count on the report. LA Testing does not maintain responsibility for final volume concentrations (counts/m3) since this volume is provided by the field collector and can not be verified by LA Testing.

LA Testing analyzes spore traps using phase contrast microscopy. There is a wide choice of collection devices (Air-O-Cell, Micro-5, Burkhard, etc.) on the market. Differences in analytical method may exist between spore trap devices.

Spore trap results are reported in spores per cubic meter of air. Due to the other airborne particles collected with the spores, LA Testing reports a background particle density. Background density is an indication of overall particulate matter present on the sample (i.e. dust in the air). High background concentrations may obscure spores such as the *Penicillium/Aspergillus* group. The rating system is from 1-5 with 1 = 1 - 25% of the background obscured by material, 2 = 26 - 50%, 3 = 51 - 75%, 4 = 76% - 99%, 5 = 100% or overloaded. A background rating of 4 or higher should be regarded as a minimum count since the actual concentrations may be higher than those reported. LA Testing will not be held responsible for overloading of samples. Sample volumes are left to the discretion of the company or persons conducting the fieldwork.

Skin fragment density is the percentage of skin cells making up the total background material, 1 = 1 - 25%, 2 = 26 - 50%, 3 = 51 - 75%, 4 = 76-100%. Skin fragment density is considered an indication of the general cleanliness in the area sampled. It has been estimated that up to 90% of household dust consists of dead skin cells.

This report has been prepared by  LA Testing at the request of and for the exclusive use of the client named in this report.
Completely read the important terms, conditions, and limitations that apply to this report.

© 2006, LA Testing,  All rights reserved. No part of this report may be reproduced or otherwise distributed or used without the express written consent of LA Testing.



**LA Testing**

5431 Industrial Drive  Huntington Beach, CA  92649
Phone: (714) 828-4999    Fax: (714) 828-4944    Web: http://www.LATesting.com    Email:hblab@latesting.com

**Attn:**  Eric Penta
Home Inspection Experts
21247 Elda Circle
Huntington Beach, CA  92648-5381

EMSL Order:   332421443
Customer ID:  HMIE42
Collected:    11/07/2024
Received:     11/07/2024
Analyzed:     11/08/2024

**Proj:**  8121 JASON AVE. WESTHILLS, CA 91304

## 2. Analytical Results

See attached data reports and charts.

This report has been prepared by  LA Testing at the request of and for the exclusive use of the client named in this report.
Completely read the important terms, conditions, and limitations that apply to this report.

© 2006,LA Testing.  All rights reserved. No part of this report may be reproduced or otherwise distributed or used without the express written consent of LA Testing.

## LA Testing

5431 Industrial Drive  Huntington Beach, CA 92649
Phone: (714) 828-4999    Fax: (714) 828-4944    Web: http://www.LATesting.com    Email:hblab@latesting.com

**Attn:**  Eric Penta
Home Inspection Experts
21247 Elda Circle
Huntington Beach, CA 92648-5381

| | |
|---|---|
| EMSL Order: | 332421443 |
| Customer ID: | HMIE42 |
| Collected: | 11/07/2024 |
| Received: | 11/07/2024 |
| Analyzed: | 11/08/2024 |

**Proj:**  8121 JASON AVE. WESTHILLS, CA 91304

### Spore Trap ASSESSMENTReport™ Air-O-Cell(™) Analysis of Fungal Spores & Particulates (Methods MICRO-SOP-201, ASTM D7391)

| | Particle Identification | Raw Count | (Count/m³) | % of Total | Interpretation Guideline |
|---|---|---|---|---|---|
| **332421443-0001** | Alternaria (Ulocladium) | 1* | 7* | 1.8 | |
| | Ascospores | 1 | 20 | 5.1 | |
| **Client Sample ID** | Aspergillus/Penicillium++ | - | - | - | |
| #1 | Basidiospores | 3 | 60 | 15.3 | |
| | Bipolaris++ | - | - | - | |
| | Chaetomium++ | - | - | - | |
| **Location** | Cladosporium | 10 | 210 | 53.7 | |
| CONTROL | Curvularia | 1 | 20 | 5.1 | |
| | Epicoccum | 1* | 7* | 1.8 | |
| **Sample Volume (L)** | Fusarium++ | - | - | - | |
| | Ganoderma | - | - | - | |
| 150 | Myxomycetes++ | 3 | 60 | 15.3 | |
| | Pithomyces++ | - | - | - | |
| **Sample Type** | Rust | 1* | 7* | 1.8 | |
| | Scopulariopsis/Microascus | - | - | - | |
| Background | Stachybotrys/Memnoniella | - | - | - | |
| **Comments** | Unidentifiable Spores | - | - | - | |
| | Zygomycetes | - | - | - | |
| | Torula++ | - | - | - | |
| | **Total Fungi** | 21 | 391 | 100 | |
| | Hyphal Fragment | 6 | 100 | - | |
| | Insect Fragment | - | - | - | |
| | Pollen | 2 | 40 | - | |

| Analytical Sensitivity 600x: 21    counts/cubic meter | Skin Fragments: | 1 to 4 (low to high) |
|---|---|---|
| Analytical Sensitivity 300x *: 7*   counts/cubic meter | Fibrous Particulate: 1 | 1 to 4 (low to high) |
| | Background: 1 | 1 to 4 (low to high); 5 (overloaded) |

Not commonly found growing indoors, spores likely come from outside.

Spores reported to be able to cause allergies in individuals.

Potential for mycotoxin production exists with these fungi.

These fungi are considered water damage indicators.

++ Includes other spores with similar morphology; see EMSL's fungal glossary for each specific category.

*Michael Chapman*

Initial report from: 11/08/2024 13:56:33

Michael Chapman, Laboratory Manager
or Other Approved Signatory

LA Testing maintains liability limited to cost of analysis. Interpretation and use of test results are the responsibility of the client. This report relates only to the samples reported above, and may not be reproduced, except in full, without written approval by LA Testing. LA Testing bears no responsibility for sample collection activities or analytical method limitations. The report reflects the samples as received. Results are generated from the field sampling data (sampling volumes and areas, locations, etc.) provided by the client on the Chain of Custody. Samples are within quality control criteria and met method specifications unless otherwise noted. High levels of background particulate can obscure spores and other particulates, leading to underestimation. Background levels of 5 indicate an overloading of background particulates, prohibiting accurate detection and quantification. Present = Spores detected on overloaded samples. Results are not blank corrected unless otherwise noted. The detection limit is equal to one fungal spore, structure, pollen, fiber particle or insect fragment. "*" Denotes particles found at 300X. "-" Denotes not detected. Due to method stopping rules, raw counts in excess of 100 are extrapolated based on the percentage analyzed. Skin & Fibrous ratings: 1 (1-25%), 2 (26-50%), 3 (51-75%), 4 (76-100%) of the background particles.
Samples analyzed by LA Testing Huntington Beach, CA AIHA LAP, LLC-EMLAP Accredited #101650

This report has been prepared by LA Testing at the request of and for the exclusive use of the client named in this report.
Completely read the important terms, conditions, and limitations that apply to this report.

© 2006,LA Testing. All rights reserved. No part of this report may be reproduced or otherwise distributed or used without the express written consent of LA Testing.



## LA Testing

5431 Industrial Drive  Huntington Beach, CA 92649
Phone: (714) 828-4999    Fax: (714) 828-4944    Web: http://www.LATesting.com    Email:hblab@latesting.com

**Attn:**  Eric Penta
Home Inspection Experts
21247 Elda Circle
Huntington Beach, CA 92648-5381

| | |
|---|---|
| EMSL Order: | 332421443 |
| Customer ID: | HMIE42 |
| Collected: | 11/07/2024 |
| Received: | 11/07/2024 |
| Analyzed: | 11/08/2024 |

**Proj:**  8121 JASON AVE. WESTHILLS, CA 91304

### Spore Trap ASSESSMENTReport™ Air-O-Cell(™) Analysis of Fungal Spores & Particulates (Methods MICRO-SOP-201, ASTM D7391)

| | Particle Identification | Raw Count | (Count/m³) | % of Total | Interpretation Guideline | |
|---|---|---|---|---|---|---|
| **332421443-0002** | Alternaria (Ulocladium) | 3 | 60 | 6.6 | Slightly Elevated | 🌱 🕷 🔵 |
| | Ascospores | - | - | - | | |
| **Client Sample ID** | Aspergillus/Penicillium++ | - | - | - | | |
| **#2** | Basidiospores | 1 | 20 | 2.2 | Acceptable | 🌱 🕷 |
| | Bipolaris++ | 1* | 7* | 0.8 | Slightly Elevated | 🌱 🕷 🟡 |
| | Chaetomium++ | - | - | - | | |
| **Location** | Cladosporium | 23 | 470 | 51.8 | Slightly Elevated | 🕷 |
| **MASTER BATH** | Curvularia | 7 | 100 | 11 | Slightly Elevated | 🌱 🕷 |
| | Epicoccum | - | - | - | | |
| **Sample Volume (L)** | Fusarium++ | - | - | - | | |
| | Ganoderma | - | - | - | | |
| **150** | Myxomycetes++ | 10 | 210 | 23.2 | Slightly Elevated | 🌱 🕷 |
| | Pithomyces++ | - | - | - | | |
| **Sample Type** | Rust | 1 | 20 | 2.2 | Slightly Elevated | 🌱 🕷 |
| | Scopulariopsis/Microascus | - | - | - | | |
| **Inside** | Stachybotrys/Memnoniella | - | - | - | | |
| **Comments** | Unidentifiable Spores | - | - | - | | |
| | Zygomycetes | - | - | - | | |
| | Torula++ | 1 | 20 | 2.2 | Slightly Elevated | 🌱 |
| | **Total Fungi** | **47** | **907** | **100** | Slightly Elevated | |
| | Hyphal Fragment | 8 | 200 | - | Slightly Elevated | |
| | Insect Fragment | - | - | - | | |
| | Pollen | 3 | 60 | - | Slightly Elevated | 🌱 🕷 |

| | | | | |
|---|---|---|---|---|
| Analytical Sensitivity 600x: **21** | counts/cubic meter | Skin Fragments: **1** | 1 to 4 (low to high) | |
| Analytical Sensitivity 300x *: **7*** | counts/cubic meter | Fibrous Particulate: **1** | 1 to 4 (low to high) | |
| | | Background: **4** | 1 to 4 (low to high); 5 (overloaded) | |

| | | | |
|---|---|---|---|
| **Acceptable** | Concentration at or below background | 🌱 | Not commonly found growing indoors, spores likely come from outside. |
| **Slightly Elevated** | Concentration above background | 🕷 | Spores reported to be able to cause allergies in individuals. |
| **ELEVATED** | Concentration 10X or more above background | 🟡 | Potential for mycotoxin production exists with these fungi. |
| | | 🔵 | These fungi are considered water damage indicators. |

++ Includes other spores with similar morphology; see EMSL's fungal glossary for each specific category.

*Michael Chapman*

Initial report from: 11/08/2024 13:56:33

Michael Chapman, Laboratory Manager
or Other Approved Signatory

LA Testing maintains liability limited to cost of analysis. Interpretation and use of test results are the responsibility of the client. This report relates only to the samples reported above, and may not be reproduced, except in full, without written approval by LA Testing. LA Testing bears no responsibility for sample collection activities or analytical method limitations. The report reflects the samples as received. Results are generated from the field sampling data (sampling volumes and areas, locations, etc.) provided by the client on the Chain of Custody. Samples are within quality control criteria and met method specifications unless otherwise noted. High levels of background particulate can obscure spores and other particulates, leading to underestimation. Background levels of 5 indicate an overloading of background particulates, prohibiting accurate detection and quantification. Present = Spores detected on overloaded samples. Results are not blank corrected unless otherwise noted. The detection limit is equal to one fungal spore, structure, pollen, fiber particle or insect fragment. "*" Denotes particles found at 300X. "-" Denotes not detected. Due to method stopping rules, raw counts in excess of 100 are extrapolated based on the percentage analyzed. Skin & Fibrous ratings: 1 (1-25%), 2 (26-50%), 3 (51-75%), 4 (76-100%) of the background particles.
Samples analyzed by LA Testing Huntington Beach, CA AIHA LAP, LLC-EMLAP Accredited #101650

This report has been prepared by  LA Testing at the request of and for the exclusive use of the client named in this report.
Completely read the important terms, conditions, and limitations that apply to this report.

© 2006,LA Testing. All rights reserved. No part of this report may be reproduced or otherwise distributed or used without the express written consent of LA Testing.

Test Report EXMold-2.1.0.0  Printed: 11/08/2024 01:56:33PM



**LA Testing**

5431 Industrial Drive  Huntington Beach, CA 92649
Phone: (714) 828-4999    Fax: (714) 828-4944    Web: http://www.LATesting.com    Email:hblab@latesting.com

**Attn:**  Eric Penta
Home Inspection Experts
21247 Elda Circle
Huntington Beach, CA 92648-5381

| | |
|---|---|
| EMSL Order: | 332421443 |
| Customer ID: | HMIE42 |
| Collected: | 11/07/2024 |
| Received: | 11/07/2024 |
| Analyzed: | 11/08/2024 |

**Proj:**  8121 JASON AVE. WESTHILLS, CA 91304

### Spore Trap ASSESSMENTReport™ Air-O-Cell(™) Analysis of Fungal Spores & Particulates (Methods MICRO-SOP-201, ASTM D7391)

| | Particle Identification | Raw Count | (Count/m³) | % of Total | Interpretation Guideline |
|---|---|---|---|---|---|
| **332421443-0003** | Alternaria (Ulocladium) | - | - | - | |
| | Ascospores | - | - | - | |
| **Client Sample ID** | Aspergillus/Penicillium++ | - | - | - | |
| **#3** | Basidiospores | - | - | - | |
| | Bipolaris++ | - | - | - | |
| | Chaetomium++ | - | - | - | |
| **Location** | Cladosporium | 6 | 100 | 100 | Acceptable ✦ |
| **KITCHEN** | Curvularia | - | - | - | |
| | Epicoccum | - | - | - | |
| **Sample Volume (L)** | Fusarium++ | - | - | - | |
| | Ganoderma | - | - | - | |
| **150** | Myxomycetes++ | - | - | - | |
| | Pithomyces++ | - | - | - | |
| **Sample Type** | Rust | - | - | - | |
| | Scopulariopsis/Microascus | - | - | - | |
| **Inside** | Stachybotrys/Memnoniella | - | - | - | |
| **Comments** | Unidentifiable Spores | - | - | - | |
| | Zygomycetes | - | - | - | |
| | Torula++ | - | - | - | |
| | **Total Fungi** | **6** | **100** | **100** | Acceptable |
| | Hyphal Fragment | 2 | 40 | - | Acceptable |
| | Insect Fragment | - | - | - | |
| | Pollen | - | - | - | |

| Analytical Sensitivity 600x: **21**  counts/cubic meter | Skin Fragments: **1** | 1 to 4 (low to high) |
|---|---|---|
| Analytical Sensitivity 300x *: **7***  counts/cubic meter | Fibrous Particulate: **1** | 1 to 4 (low to high) |
| | Background: **1** | 1 to 4 (low to high); 5 (overloaded) |

**Acceptable**  Concentration at or below background

**Slightly Elevated**  Concentration above background

**ELEVATED**  Concentration 10X or more above background

⬛ Not commonly found growing indoors, spores likely come from outside.
⬛ Spores reported to be able to cause allergies in individuals.
⬛ Potential for mycotoxin production exists with these fungi.
⬛ These fungi are considered water damage indicators.

++ Includes other spores with similar morphology; see EMSL's fungal glossary for each specific category.

Initial report from: 11/08/2024 13:56:33

*Michael Chapman*

Michael Chapman, Laboratory Manager
or Other Approved Signatory

LA Testing maintains liability limited to cost of analysis. Interpretation and use of test results are the responsibility of the client. This report relates only to the samples reported above, and may not be reproduced, except in full, without written approval by LA Testing. LA Testing bears no responsibility for sample collection activities or analytical method limitations. The report reflects the samples as received. Results are generated from the field sampling data (sampling volumes and areas, locations, etc.) provided by the client on the Chain of Custody. Samples are within quality control criteria and met method specifications unless otherwise noted. High levels of background particulate can obscure spores and other particulates, leading to underestimation. Background levels of 5 indicate an overloading of background particulates, prohibiting accurate detection and quantification. Present = Spores detected on overloaded samples. Results are not blank corrected unless otherwise noted. The detection limit is equal to one fungal spore, structure, pollen, fiber particle or insect fragment. "*" Denotes particles found at 300X. "-" Denotes not detected. Due to method stopping rules, raw counts in excess of 100 are extrapolated based on the percentage analyzed. Skin & Fibrous ratings: 1 (1-25%), 2 (26-50%), 3 (51-75%), 4 (76-100%) of the background particles. Samples analyzed by LA Testing Huntington Beach, CA AIHA LAP, LLC-EMLAP Accredited #101650

This report has been prepared by LA Testing at the request of and for the exclusive use of the client named in this report.
Completely read the important terms, conditions, and limitations that apply to this report.

© 2006,LA Testing. All rights reserved. No part of this report may be reproduced or otherwise distributed or used without the express written consent of LA Testing.



**LA Testing**

5431 Industrial Drive  Huntington Beach, CA 92649
Phone: (714) 828-4999    Fax: (714) 828-4944    Web: http://www.LATesting.com    Email:hblab@latesting.com

**Attn:** Eric Penta
Home Inspection Experts
21247 Elda Circle
Huntington Beach, CA 92648-5381

| | |
|---|---|
| EMSL Order: | 332421443 |
| Customer ID: | HMIE42 |
| Collected: | 11/07/2024 |
| Received: | 11/07/2024 |
| Analyzed: | 11/08/2024 |

**Proj:** 8121 JASON AVE. WESTHILLS, CA 91304

## Spore Trap Report: Total Counts



**Spore Counts per m3**



\* The chart is displayed using a logarithmic scale. Bar size is not directly proportional to the number of spores.

This report has been prepared by  LA Testing at the request of and for the exclusive use of the client named in this report.
Completely read the important terms, conditions, and limitations that apply to this report.
© 2006,LA Testing,  All rights reserved. No part of this report may be reproduced or otherwise distributed or used without the express written consent of LA Testing

Test Report EXMold-2.1.0.0 Printed: 11/08/2024 01:56:33PM                                        Page 8 of 21



**LA Testing**

5431 Industrial Drive  Huntington Beach, CA 92649
Phone: (714) 828-4999    Fax: (714) 828-4944    Web: http://www.LATesting.com    Email:hblab@latesting.com

| | |
|---|---|
| **Attn:** Eric Penta | **EMSL Order:** 332421443 |
| Home Inspection Experts | **Customer ID:** HMIE42 |
| 21247 Elda Circle | **Collected:** 11/07/2024 |
| Huntington Beach, CA  92648-5381 | **Received:** 11/07/2024 |
| | **Analyzed:** 11/08/2024 |

**Proj:** 8121 JASON AVE. WESTHILLS, CA 91304

## Spore Trap Report: Total Counts



MASTER BATH #2

- Alternaria (Ulocladium) 60
- Basidiospores 20
- Bipolaris++ 7
- Cladosporium 470
- Curvularia 100
- Myxomycetes++ 210
- Rust 20
- Torula++ 20

**Spore Counts per m3**



Alternaria (Ulocladium)    Ascospores    Basidiospores
Bipolaris++    Cladosporium    Curvularia
Epicoccum    Myxomycetes++    Rust
Torula++

* The chart is displayed using a logarithmic scale. Bar size is not directly proportional to the number of spores.

This report has been prepared by  LA Testing at the request of and for the exclusive use of the client named in this report.
Completely read the important terms, conditions, and limitations that apply to this report.
© 2006,LA Testing,  All rights reserved. No part of this report may be reproduced or otherwise distributed or used without the express written consent of LA Testing.

Test Report EXMold-2.1.0.0  Printed: 11/08/2024 01:56:33PM



**LA Testing**

5431 Industrial Drive  Huntington Beach, CA  92649
Phone: (714) 828-4999    Fax: (714) 828-4944    Web: http://www.LATesting.com    Email:hblab@latesting.com

| | |
|---|---|
| **Attn:** Eric Penta | **EMSL Order:** 332421443 |
| Home Inspection Experts | **Customer ID:** HMIE42 |
| 21247 Elda Circle | **Collected:** 11/07/2024 |
| Huntington Beach, CA  92648-5381 | **Received:** 11/07/2024 |
| | **Analyzed:** 11/08/2024 |

**Proj:**  8121 JASON AVE. WESTHILLS, CA 91304



## Spore Trap Report: Total Counts

KITCHEN #3 — Cladosporium 100

**Spore Counts per m3**



- Alternaria (Ulocladium)
- Bipolaris++
- Epicoccum
- Torula++
- Ascospores
- Cladosporium
- Myxomycetes++
- Basidiospores
- Curvularia
- Rust

\* The chart is displayed using a logarithmic scale. Bar size is not directly proportional to the number of spores.

This report has been prepared by  LA Testing at the request of and for the exclusive use of the client named in this report.
Completely read the important terms, conditions, and limitations that apply to this report.
© 2006,LA Testing,  All rights reserved. No part of this report may be reproduced or otherwise distributed or used without the express written consent of LA Testing.

Test Report EXMold-2.1.0.0 Printed: 11/08/2024 01:56:33PM



**LA Testing**

5431 Industrial Drive  Huntington Beach, CA  92649
Phone: (714) 828-4999     Fax: (714) 828-4944     Web: http://www.LATesting.com          Email:hblab@latesting.com

**Attn:**  Eric Penta
Home Inspection Experts
21247 Elda Circle
Huntington Beach, CA  92648-5381

EMSL Order:       332421443
Customer ID:      HMIE42
Collected:        11/07/2024
Received:         11/07/2024
Analyzed:         11/08/2024

**Proj:**  8121 JASON AVE. WESTHILLS, CA 91304



### Background Comparison Chart

**Spore Counts per m3**

■ #1 CONTROL          ■ #2 MASTER BATH          ■ #3 KITCHEN

* The chart is displayed using a logarithmic scale. The bar size is not directly proportional to the number of spores.

This report has been prepared by  LA Testing at the request of and for the exclusive use of the client named in this report.
Completely read the important terms, conditions, and limitations that apply to this report.
© 2006,LA Testing.  All rights reserved. No part of this report may be reproduced or otherwise distributed or used without the express written consent of LA Testing.

Test Report EXMold-2.1.0.0  Printed: 11/08/2024 01:56:33PM                                                    Page 11 of 21



**LA Testing**

5431 Industrial Drive  Huntington Beach, CA 92649
Phone: (714) 828-4999    Fax: (714) 828-4944    Web: http://www.LATesting.com    Email:hblab@latesting.com

**Attn:** Eric Penta
Home Inspection Experts
21247 Elda Circle
Huntington Beach, CA 92648-5381

EMSL Order:    332421443
Customer ID:    HMIE42
Collected:    11/07/2024
Received:    11/07/2024
Analyzed:    11/08/2024

**Proj:** 8121 JASON AVE. WESTHILLS, CA 91304



### Background Comparison Chart

**Spore Counts per m3**

■ #1 CONTROL      ■ #2 MASTER BATH      ■ #3 KITCHEN

* The chart is displayed using a logarithmic scale. The bar size is not directly proportional to the number of spores.

This report has been prepared by LA Testing at the request of and for the exclusive use of the client named in this report.
Completely read the important terms, conditions, and limitations that apply to this report.

© 2006,LA Testing, All rights reserved. No part of this report may be reproduced or otherwise distributed or used without the express written consent of LA Testing.

Test Report EXMold-2.1.0.0  Printed: 11/08/2024 01:56:33PM



**LA Testing**

5431 Industrial Drive  Huntington Beach, CA  92649
Phone: (714) 828-4999    Fax: (714) 828-4944    Web: http://www.LATesting.com    Email:hblab@latesting.com

**Attn:**  Eric Penta
Home Inspection Experts
21247 Elda Circle
Huntington Beach, CA  92648-5381

EMSL Order:   332421443
Customer ID:  HMIE42
Collected:    11/07/2024
Received:     11/07/2024
Analyzed:     11/08/2024

**Proj:**  8121 JASON AVE. WESTHILLS, CA 91304

### 3. Understanding the Results

LA Testing is an independent laboratory, providing unbiased and scientifically valid results. These data represent only a portion of an overall IAQ investigation. Visual information and environmental conditions measured during the site assessment (humidity, moisture readings, etc.) are crucial to any final interpretation of the results. Many factors impact the final results; therefore, result interpretation should only be conducted by qualified individuals. The American Conference of Governmental Industrial Hygienists (ACGIH) has published a good reference book covering sampling and data interpretation. It is entitled, Bioaerosols: Assessment and Control, 1999.

Fungal spores are found everywhere. Whether or not symptoms develop in people exposed to fungi depends on the nature of the fungal material (e.g., allergenic, toxic, or infectious), the exposure level, and the susceptibility of exposed persons. Susceptibility varies with the genetic predisposition (e.g., allergic reactions do not always occur in all individuals), age, pre-existing medical conditions (e.g., diabetes, cancer, or chronic lung conditions), use of immunosuppressive drugs, and concurrent exposures. These reasons make it difficult to identify dose/response relationships that are required to establish "safe" or "unsafe" levels (i.e., permissible exposure limits).

It is generally accepted in the industry that indoor fungal growth is undesirable and inappropriate, necessitating removal or other appropriate remedial actions. The New York City guidelines and EPA guidelines for mold remediation in schools and commercial buildings define the conditions warranting mold remediation. Always remember that water is the key. Preventing water damage or water condensation will prevent mold growth.

This report is not intended to provide medical advice or advice concerning the relative safety of an occupied space. Always consult an occupational or environmental health physician who has experience addressing indoor air contaminants if you have any questions.

This report has been prepared by  LA Testing at the request of and for the exclusive use of the client named in this report.
Completely read the important terms, conditions, and limitations that apply to this report.

© 2006,LA Testing,  All rights reserved. No part of this report may be reproduced or otherwise distributed or used without the express written consent of LA Testing.



**LA Testing**

5431 Industrial Drive Huntington Beach, CA 92649
Phone: (714) 828-4999    Fax: (714) 828-4944    Web: http://www.LATesting.com    Email:hblab@latesting.com

**Attn:** Eric Penta
Home Inspection Experts
21247 Elda Circle
Huntington Beach, CA 92648-5381

EMSL Order: 332421443
Customer ID: HMIE42
Collected: 11/07/2024
Received: 11/07/2024
Analyzed: 11/08/2024

**Proj:** 8121 JASON AVE. WESTHILLS, CA 91304

## 4. Glossary of Fungi

### ALTERNARIA(ULOCLADIUM)

| | |
|---|---|
| **Natural Habitat** | Common saprobe and pathogen of plants.  Typically found on plant tissue, decaying wood, and foods.  Soil . Air outdoors. |
| **Suitable Substrates in the Indoor Environment** | Indoors near condensation (window frames, showers), House dust (in carpets, and air). Also colonizes building supplies, computer disks, cosmetics, leather, optical instruments, paper, sewage, stone monuments, textiles, wood pulp, and jet fuel |
| **Water Activity** | Aw =0.85-0.88 (water damage indicator) |
| **Mode of Dissemination** | Wind |
| **Allergic Potential** | Type I allergies (hay fever, asthma), Type III (hypersensitivity pneumonitis) |
| **Potential or Opportunistic Pathogens** | Phaeohyphomycosis {causing cystic granulomas in the skin and subcutaneous tissue}.  In immunocompetent patients, Alternaria colonizes the paranasal sinuses, leading to chronic hypertrophic sinusitis |
| **Industrial Uses** | Biocontrol of weed plants ·Biocontrol fungal plant pathogens. |
| **Potential Toxins Produced** | Alternariol (AOH) . Alternariol monomethylether (AME). Tenuazonic acid (TeA). Altenuene (ALT). Altertoxins (ATX) |
| **Other Comments** | Many species of Ulocladium have been renamed as Alternaria. Alternaria spores are one of the most common and potent indoor and outdoor airborne allergens.  Additionally, Alternaria sensitization has been determined to be one of the most important factors in the onset of childhood asthma.  Synergy with Cladosporium or Ulocladium may increase the severity of symptoms |
| **References** | Alternaria redefined. J. Woudenberg et al., Studies in Mycology. Volume 75, June 2013, Pages 171-212 |

### ASCOSPORES

| | |
|---|---|
| **Natural Habitat** | Everywhere in nature. |
| **Suitable Substrates in the Indoor Environment** | Depends on genus and species. |
| **Water Activity** | Depends on genus and species. |
| **Mode of Dissemination** | Forcible ejection or passive release and dissemination by wind or insects. |
| **Allergic Potential** | Depends on genus and species. |
| **Potential or Opportunistic Pathogens** | Depends on genus and species. |
| **Industrial Uses** | Depends on genus and species. |
| **Potential Toxins Produced** | Depends on genus and species. |
| **Other Comments** | Ascospores are the result of sexual reproduction and produced in a saclike structure called an ascus.  All ascospores belong to members of the Phylum Ascomycota, which encompasses a plethora of genera worldwide. |

This report has been prepared by  LA Testing at the request of and for the exclusive use of the client named in this report.
Completely read the important terms, conditions, and limitations that apply to this report.
© 2006,LA Testing.  All rights reserved. No part of this report may be reproduced or otherwise distributed or used without the express written consent of LA Testing.

**LA Testing**

5431 Industrial Drive  Huntington Beach, CA  92649
Phone: (714) 828-4999      Fax: (714) 828-4944      Web: http://www.LATesting.com      Email:hblab@latesting.com

**Attn:**  Eric Penta
Home Inspection Experts
21247 Elda Circle
Huntington Beach, CA  92648-5381

| | |
|---|---|
| EMSL Order: | 332421443 |
| Customer ID: | HMIE42 |
| Collected: | 11/07/2024 |
| Received: | 11/07/2024 |
| Analyzed: | 11/08/2024 |

**Proj:**  8121 JASON AVE. WESTHILLS, CA 91304

## BASIDIOSPORES

| | |
|---|---|
| **Natural Habitat** | Forest floors. Lawns .Plants (saprobes or pathogens depending on genus) |
| **Suitable Substrates in the Indoor Environment** | Depends on genus.  Wood products |
| **Water Activity** | Unknown. |
| **Mode of Dissemination** | Forcible ejection.  Wind currents. |
| **Allergic Potential** | Type I allergies (hay fever, asthma) .  Type III (hypersensitivity pneumonitis) |
| **Potential or Opportunistic Pathogens** | Depends on genus. |
| **Industrial Uses** | Edible mushrooms are used in the food industry. |
| **Potential Toxins Produced** | Amanitins. monomethyl-hydrazine.  muscarine.  ibotenic acid.  psilocybin. |
| **Other Comments** | Basidiospores are the result of sexual reproduction and formed on a structure called the basidium.  Basidiospores belong to the members of the Phylum Basidiomycota, which includes mushrooms, shelf fungi, rusts, and smuts. |

## BIPOLARIS++

| | |
|---|---|
| **Natural Habitat** | Plant saprophyte.Plant pathogen of many plants, causing leaf rot, crown rot, and root rot on warm season turf grasses |
| **Suitable Substrates in the Indoor Environment** | House plants, Indoor building materials |
| **Free moisture required for mold growth** | Unknown |
| **Mode of Dissemination** | Wind |
| **Allergic Potential** | Hay fever, asthma. Allergic and chronic invasive sinusitis |
| **Potential or Opportunistic Pathogens** | Invasive sinusitis, disseminated mycoses, peritonitis, keratitis, phaeohyphomycosis |
| **Potential Toxins** | Can potentially produce sterigmatocystin. |
| **Other Comments** | Includes Bipolaris, Drechslera, Exserohilum. |

## CLADOSPORIUM

| | |
|---|---|
| **Natural Habitat** | Dead plant matter. Straw.  Soil.  Woody plants |
| **Suitable Substrates in the Indoor Environment** | Fiberglass duct liner. Paint. Textiles. Found in high concentration in water-damaged building materials. |
| **Water Activity** | Aw 0.84-0.88 |
| **Mode of Dissemination** | Air |
| **Allergic Potential** | Type I (asthma and hay fever). |
| **Potential or Opportunistic Pathogens** | Edema. keratitis. onychomycosis.  pulmonary infections. Sinusitis. |
| **Industrial Uses** | Produces 10 antigens. |
| **Potential Toxins Produced** | Cladosporin  and Emodin. |

This report has been prepared by  LA Testing at the request of and for the exclusive use of the client named in this report.
Completely read the important terms, conditions, and limitations that apply to this report.

© 2006,LA Testing.  All rights reserved. No part of this report may be reproduced or otherwise distributed or used without the express written consent of LA Testing.

Test Report EXMold-2.1.0.0  Printed: 11/08/2024 01:56:33PM

**LA Testing**

5431 Industrial Drive  Huntington Beach, CA  92649
Phone: (714) 828-4999      Fax: (714) 828-4944      Web: http://www.LATesting.com      Email:hblab@latesting.com

Attn:   Eric Penta
        Home Inspection Experts
        21247 Elda Circle
        Huntington Beach, CA 92648-5381

| EMSL Order: | 332421443 |
|---|---|
| Customer ID: | HMIE42 |
| Collected: | 11/07/2024 |
| Received: | 11/07/2024 |
| Analyzed: | 11/08/2024 |

Proj:   8121 JASON AVE. WESTHILLS, CA 91304

## CURVULARIA

| | |
|---|---|
| Natural Habitat | A worldwide saprophytic fungi, being isolated from dead plant material and soil. |
| Suitable Substrates in the Indoor Environment | Paper, wood products |
| Free moisture required for mold growth | Unknown |
| Mode of Dissemination | Wind |
| Allergic Potential | Hay fever, asthma, allergic fungal sinusitis |
| Potential or Opportunistic Pathogens | In immunocompromised patients can cause cerebral abscess, endocarditis, mycetoma, ocular keratitis, onychomycosis, and pneumonia. |

## EPICOCCUM

| | |
|---|---|
| Natural Habitat | A worldwide saprophytic fungi, being isolated from dead plant material and soil. |
| Suitable Substrates in the Indoor Environment | Paper, textiles |
| Water Activity | 0.86-0.90 |
| Mode of Dissemination | Wind |
| Allergic Potential | Hay fever, asthma |
| Potential or Opportunistic Pathogens | Unknown |

## MYXOMYCETES++

| | |
|---|---|
| Natural Habitat | Decaying logs, Dead leaves , Dung , Lawns , Mulched flower beds, Lawns |
| Suitable Substrates in the Indoor Environment | Rotting lumber |
| Free moisture required for mold growth | Unknown |
| Mode of Dissemination | Insects, Water, Wind |
| Allergic Potential | Type I |
| Potential or Opportunistic Pathogens | Unknown |
| Industrial Uses | |
| Other Comments | Includes Myxomycetes, Smut, Rust, and Periconia. |

## RUSTS

| | |
|---|---|
| Natural Habitat | Parasitic on cultivated and many types of plants |
| Suitable Substrates in the Indoor Environment | Unknown- rust fungi require a living plant host for growth |
| Free moisture required for mold growth | Unknown |
| Mode of Dissemination | Wind, Forcible Ejection |
| Allergic Potential | Type I. (hay fever, asthma) |
| Potential or Opportunistic Pathogens | Unknown |

This report has been prepared by  LA Testing at the request of and for the exclusive use of the client named in this report.
Completely read the important terms, conditions, and limitations that apply to this report.
© 2006,LA Testing.  All rights reserved. No part of this report may be reproduced or otherwise distributed or used without the express written consent of LA Testing.

**LA Testing**

5431 Industrial Drive  Huntington Beach, CA 92649
Phone: (714) 828-4999    Fax: (714) 828-4944    Web: http://www.LATesting.com    Email: hblab@latesting.com

**Attn:**  Eric Penta
Home Inspection Experts
21247 Elda Circle
Huntington Beach, CA 92648-5381

| | |
|---|---|
| EMSL Order: | 332421443 |
| Customer ID: | HMIE42 |
| Collected: | 11/07/2024 |
| Received: | 11/07/2024 |
| Analyzed: | 11/08/2024 |

**Proj:**  8121 JASON AVE. WESTHILLS, CA 91304

| TORULA++ | |
|---|---|
| **Natural Habitat** | A worldwide saprophytic fungi, being isolated from dead plant material and soil. |
| **Suitable Substrates in the Indoor Environment** | Wood, paper, wicker furniture, baskets |
| **Water Activity** | Unknown |
| **Mode of Dissemination** | Wind |
| **Allergic Potential** | Hay fever, asthma |
| **Potential or Opportunistic Pathogens** | Unknown |
| **Other Comments** | Spores that appear morphologically similar to Torula include Bahusaganda, Bahusandhika, Pseudotorula and others. |

This report has been prepared by LA Testing at the request of and for the exclusive use of the client named in this report.
Completely read the important terms, conditions, and limitations that apply to this report.
© 2006 LA Testing. All rights reserved. No part of this report may be reproduced or otherwise distributed or used without the express written consent of LA Testing

Test Report EXMold-2.1.0.0 Printed: 11/08/2024 01:56:33PM

**LA Testing**

5431 Industrial Drive  Huntington Beach, CA 92649
Phone: (714) 828-4999    Fax: (714) 828-4944    Web: http://www.LATesting.com    Email:hblab@latesting.com

**Attn:**  Eric Penta
Home Inspection Experts
21247 Elda Circle
Huntington Beach, CA 92648-5381

EMSL Order:  332421443
Customer ID:  HMIE42
Collected:  11/07/2024
Received:  11/07/2024
Analyzed:  11/08/2024

**Proj:**  8121 JASON AVE. WESTHILLS, CA 91304

## 5. References and Informational Links

### Books

- Bioaerosols: Assessment and Control. Janet Macher, Ed., American Conference of Governmental Industrial Hygienists, Cincinnati, OH 1999.

- Exposure Guidelines for Residential Indoor Air Quality. Environmental Health Directorate, Health Protection Branch, Health Canada, Ottawa, Ontario, 1989.

- Fungal Contamination in Public Buildings: Health Effects and Investigation Methods. Health Canada, Ottawa, Ontario, 2004.

- IICRC: S500 Standard and Reference Guide for Professional Water Damage Restoration. 3rd Edition, Institute of Inspection, Cleaning, and Restoration Certification, Vancouver, WA, 2006

  IICRC: S520 Standard and Reference Guide for Professional Mold Remediation. 1st Edition, Institute of Inspection, Cleaning, and Restoration Certification, Vancouver, WA, 2004

- Field Guide for the Determination of Biological Contaminants in Environmental Samples. 2nd Edition, American Industrial Hygiene Association, 2005.

### Consumer Links

Read the full text of AIHA's "The Facts About Mold" consumer brochure.
https://aiha-assets.sfo2.digitaloceanspaces.com/AIHA/resources/Facts-About-Mold-A-Consumer-Focus-Fact-Sheet.pdf

The Occupational Safety and Health Administration (OSHA)
http://www.osha.gov/SLTC/molds/index.html

CDC Mold Facts
https://www.cdc.gov/mold-health/about/index.html?
CDC_AAref_Val=https://www.cdc.gov/mold/faqs.htm

CDC Stachybotrys - Questions and answers on Stachybotrys chartarum and other molds
https://www.cdc.gov/mold-health/data-research/facts-stats/?
CDC_AAref_Val=https://www.cdc.gov/mold/stachy.htm

IOM, NAS: Clearing the Air: Asthma and Indoor Air Exposures
https://www.epa.gov/indoor-air-quality-iaq/should-you-have-air-ducts-your-home-cleaned

This report has been prepared by LA Testing at the request of and for the exclusive use of the client named in this report.
Completely read the important terms, conditions, and limitations that apply to this report.
© 2006,LA Testing. All rights reserved. No part of this report may be reproduced or otherwise distributed or used without the express written consent of LA Testing.

**LA Testing**

5431 Industrial Drive  Huntington Beach, CA 92649
Phone: (714) 828-4999    Fax: (714) 828-4944    Web: http://www.LATesting.com    Email:hblab@latesting.com

**Attn:** Eric Penta
Home Inspection Experts
21247 Elda Circle
Huntington Beach, CA 92648-5381

EMSL Order:  332421443
Customer ID:  HMIE42
Collected:  11/07/2024
Received:  11/07/2024
Analyzed:  11/08/2024

**Proj:** 8121 JASON AVE. WESTHILLS, CA 91304

National Library of Medicine-Mold website
http://www.nlm.nih.gov/medlineplus/molds.html

California Department of Health Services (CADOHS)
https://www.cdph.ca.gov/Programs/cls/dehl/ehl/Pages/AQS/Mold.aspx

Minnesota Department of Health
https://www.health.state.mn.us/communities/environment/air/mold/index.html

New York City Department of Health and Mental Hygiene
https://www.nyc.gov/site/doh/health/health-topics/mold.page

### EPA

"Should You Have the Air Ducts in Your Home Cleaned?"
https://www.epa.gov/indoor-air-quality-iaq/should-you-have-air-ducts-your-home-cleaned

General information about molds and actions that can be taken to clean up or prevent a mold problem.
https://www.epa.gov/mold/mold-cleanup-your-home

"A Brief Guide to Mold, Moisture, and Your Home" - Includes basic information on mold, cleanup guidelines, and moisture and mold prevention
https://www.epa.gov/mold/brief-guide-mold-moisture-and-your-home

"Mold Remediation in Schools and Commercial Buildings" - Information on remediation in schools and commercial property, references for potential mold and moisture remediators.
https://www.epa.gov/mold/mold-remediation-schools-and-commercial-buildings-guide

### FEMA

"Homes That Were Flooded May Harbor Mold Problems" - Information and tips for cleaning mold.
https://www.fema.gov/press-release/20210318/fact-sheet-mold-problems-and-solutions

"Dealing With Mold & Mildew in Your Flood Damaged Home.
http://www.fema.gov/pdf/rebuild/recover/fema_mold_brochure_english.pdf

This report has been prepared by LA Testing at the request of and for the exclusive use of the client named in this report.
Completely read the important terms, conditions, and limitations that apply to this report.

© 2006,LA Testing. All rights reserved. No part of this report may be reproduced or otherwise distributed or used without the express written consent of LA Testing.

Test Report EXMold-2.1.0.0  Printed: 11/08/2024 01:56:33PM

**LA Testing**

5431 Industrial Drive  Huntington Beach, CA 92649
Phone: (714) 828-4999    Fax: (714) 828-4944    Web: http://www.LATesting.com    Email:hblab@latesting.com

| | | |
|---|---|---|
| **Attn:** Eric Penta | EMSL Order: | 332421443 |
| Home Inspection Experts | Customer ID: | HMIE42 |
| 21247 Elda Circle | Collected: | 11/07/2024 |
| Huntington Beach, CA 92648-5381 | Received: | 11/07/2024 |
| | Analyzed: | 11/08/2024 |

**Proj:** 8121 JASON AVE. WESTHILLS, CA 91304

## 6. Important Terms, Conditions, and Limitations

### A. Sample Retention

Samples analyzed by LA Testing will be retained for 60 days after analysis date Storage beyond this period is available for a fee with written request prior to the initial 30 day period. Samples containing hazardous/toxic substances which require special handling will be returned to the client immediately.  LA Testingreserves the right to charge a sample disposal fee or return samples to the client.

### B. Change Orders and Cancellation

All changes in the scope of work or turnaround time requested by the client after sample acceptance must be made in writing and confirmed in writing by LA Testing.  If requested changes result in a change in cost the client must accept payment responsibility.  In the event work is cancelled by a client, LA Testing will complete work in progress and invoice for work completed to the point of cancellation notice.  LA Testing is not responsible for. holding times that are exceeded due to such changes.

### C. Warranty

LA Testing  warrants to its clients that all services provided hereunder shall be performed in accordance with established and recognized analytical testing procedures and with reasonable care in accordance with applicable federal, state and local laws.  The foregoing express warranty is exclusive and is given in lieu of all other warranties, expressed or implied. LA Testing disclaims any other warranties, express or implied, including a warranty of fitness for particular purpose and warranty of merchantability.

### D. Limits of Liability

In no event shall LA Testing be liable for indirect, special, consequential, or incidental damages, including, but not limited to, damages for loss of profit or goodwill regardless of the negligence (either sole or concurrent) of LA Testing and whether LA Testing has been informed of the possibility of such damages, arising out of or in connection with LA Testing's services thereunder or the delivery, use, reliance upon or interpretation of test results by client or any third party.  We accept no legal responsibility for the purposes for which the client uses the test results. LA Testing will not be held responsible for the improper selection of sampling devices even if we supply the device to the user.  The user of the sampling device has the sole responsibility to select the proper sampler and sampling conditions to insure that a valid sample is taken for analysis. Any resampling performed will be at the sole discretion of LA Testing, the cost of which shall be limited to the reasonable value of the original sample delivery group (SDG) samples. In no event shall LA Testing be liable to a

This report has been prepared by  LA Testing at the request of and for the exclusive use of the client named in this report. Completely read the important terms, conditions, and limitations that apply to this report.

© 2006,LA Testing. All rights reserved. No part of this report may be reproduced or otherwise distributed or used without the express written consent of LA Testing

**LA Testing**

5431 Industrial Drive  Huntington Beach, CA  92649
Phone: (714) 828-4999     Fax: (714) 828-4944     Web: http://www.LATesting.com     Email:hblab@latesting.com

**Attn:** Eric Penta
Home Inspection Experts
21247 Elda Circle
Huntington Beach, CA  92648-5381

| | |
|---|---|
| EMSL Order: | 332421443 |
| Customer ID: | HMIE42 |
| Collected: | 11/07/2024 |
| Received: | 11/07/2024 |
| Analyzed: | 11/08/2024 |

**Proj:** 8121 JASON AVE. WESTHILLS, CA 91304

client or any third party, whether based upon theories of tort, contract or any other legal or equitable theory, in excess of the amount paid to  LA Testing by client thereunder.

E.  Indemnification

Client shall indemnify LA Testing and its officers, directors and employees and hold each of them harmless for any liability, expense or cost, including reasonable attorney's fees, incurred by reason of any third party claim in connection with LA Testing services, the test result data or its use by client

---

This report has been prepared by  LA Testing at the request of and for the exclusive use of the client named in this report.
Completely read the important terms, conditions, and limitations that apply to this report.
© 2006,LA Testing. All rights reserved. No part of this report may be reproduced or otherwise distributed or used without the express written consent of LA Testing.

Test Report EXMold-2.1.0.0  Printed: 11/08/2024 01:56:33PM

# MEDICAL REPORT

## EXHIBIT D

Plaintiff's First Amended Verified Complaint - 19

 **Health** | **UCLA West Valley Medical Center**

Patient: LITTLE,JOSEPH ALLEN
Account No: AF1878034348
Unit No: AF00944088
Location: EMERGENCY DEPT NURSING  X4199
Physician: Derderian,Hrak  MD
Date: 08/23/24

## Patient Visit Information

### You were seen today for:

Dizziness
HTN (hypertension)

### Staff

Your caregivers today were:

Physician:    Derderian,Hrak  MD
Nurse:        DM

### Patient Instructions Reviewed

Sinus Infection, Adult

received 08/23/24 - 1222

### Medication Dose and Instructions

AMOXICILLIN/POTASSIUM CLAV (AUGMENTIN 875-125 MG TABLET) 875 MG-125 MG TAB
1 TAB ORAL Twice Daily #14 TAB REF 0
   08/23/24 12:22pm  Status: PENDING
   CVS/pharmacy #9682 (818)887-7350
   22968 Victory Blvd Woodland Hills,CA 91367

### Follow-up

Please contact the following to make an appointment for follow-up care:

Burstein,Samuel  MD
 6325 Topanga Canyon Blvd
 STE 224
 Calabasas, CA 91367
 Phone: (818)222-2443     Fax: 1(818)222-2491

Note: Your health care plan may require a referral from your primary care provider prior to making an appointment.

 **Health** | UCLA West Valley
Medical Center

Patient: LITTLE,JOSEPH ALLEN
Account No: AF1878034348
Unit No: AF00944088
Location: EMERGENCY DEPT NURSI
NG   X4199
Physician: Derderian,Hrak  MD
Date: 08/23/24

## Sinus Infection, Adult

A sinus infection, also called sinusitis, is inflammation of
your sinuses. Sinuses are hollow spaces in the bones
around your face. Your sinuses are located:



- Around your eyes.
- In the middle of your forehead.
- Behind your nose.
- In your cheekbones.

Mucus normally drains out of your sinuses. When your nasal tissues become inflamed
or swollen, mucus can become trapped or blocked. This allows bacteria, viruses, and
fungi to grow, which leads to infection. Most infections of the sinuses are caused by a
virus.

A sinus infection can develop quickly. It can last for up to 4 weeks (*acute*) or for more
than 12 weeks (*chronic*). A sinus infection often develops after a cold.

### What are the causes?
This condition is caused by anything that creates swelling in the sinuses or stops mucus
from draining. This includes:

- Allergies.
- Asthma.
- Infection from bacteria or viruses.
- Deformities or blockages in your nose or sinuses.
- Abnormal growths in the nose (*nasal polyps*).
- Pollutants, such as chemicals or irritants in the air.
- Infection from fungi. This is rare.

### What increases the risk?
You are more likely to develop this condition if you:

- Have a weak body defense system (*immune system*).
- Do a lot of swimming or diving.
- Overuse nasal sprays.
- Smoke.

### What are the signs or symptoms?
The main symptoms of this condition are pain and a feeling of pressure around the
affected sinuses. Other symptoms include:

 **UCLA West Valley Medical Center**

Patient: LITTLE,JOSEPH ALLEN
Account No: AF1878034348
Unit No: AF00944088
Location: EMERGENCY DEPT NURSI
NG  X4199
Physician: Derderian,Hrak  MD
Date: 08/23/24

- Stuffy nose or congestion that makes it difficult to breathe through your nose.
- Thick yellow or greenish drainage from your nose.
- Tenderness, swelling, and warmth over the affected sinuses.
- A cough that may get worse at night.
- Decreased sense of smell and taste.
- Extra mucus that collects in the throat or the back of the nose (*postnasal drip* ) causing a sore throat or bad breath.
- Tiredness ( *fatigue* ).
- Fever.

**How is this diagnosed?**
This condition is diagnosed based on:

- Your symptoms.
- Your medical history.
- A physical exam.
- Tests to find out if your condition is acute or chronic. This may include:
  - Checking your nose for nasal polyps.
  - Viewing your sinuses using a device that has a light ( *endoscope* ).
  - Testing for allergies or bacteria.
  - Imaging tests, such as an MRI or CT scan.

In rare cases, a bone biopsy may be done to rule out more serious types of fungal sinus disease.

**How is this treated?**
Treatment for a sinus infection depends on the cause and whether your condition is chronic or acute.

- If caused by a virus, your symptoms should go away on their own within 10 days. You may be given medicines to relieve symptoms. They include:
  - Medicines that shrink swollen nasal passages ( *decongestants* ).
  - A spray that eases inflammation of the nostrils ( *topical intranasal corticosteroids* ).
  - Rinses that help get rid of thick mucus in your nose ( *nasal saline washes* ).
  - Medicines that treat allergies ( *antihistamines* ).
  - Over-the-counter pain relievers.

- If caused by bacteria, your health care provider may recommend waiting to see if your symptoms improve. Most bacterial infections will get better without antibiotic



**UCLA West Valley Medical Center**

Patient: LITTLE,JOSEPH ALLEN
Account No: AF1878034348
Unit No: AF00944088
Location: EMERGENCY DEPT NURSI
NG   X4199
Physician: Derderian,Hrak  MD
Date: 08/23/24

medicine. You may be given antibiotics if you have:
  ○ A severe infection.
  ○ A weak immune system.

- If caused by narrow nasal passages or nasal polyps, surgery may be needed.

## Follow these instructions at home:
### Medicines
- Take, use, or apply over-the-counter and prescription medicines only as told by your health care provider. These may include nasal sprays.
- If you were prescribed an antibiotic medicine, take it as told by your health care provider. **Do not** stop taking the antibiotic even if you start to feel better.

### Hydrate and humidify
- Drink enough fluid to keep your urine pale yellow. Staying hydrated will help to thin your mucus.
- Use a cool mist humidifier to keep the humidity level in your home above 50%.
- Inhale steam for 10-15 minutes, 3-4 times a day, or as told by your health care provider. You can do this in the bathroom while a hot shower is running.
- Limit your exposure to cool or dry air.



Dark yellow    Yellow    Pale yellow

### Rest
- Rest as much as possible.
- Sleep with your head raised ( *elevated* ).
- Make sure you get enough sleep each night.

### General instructions
- Apply a warm, moist washcloth to your face 3-4 times a day or as told by your health care provider. This will help with discomfort.
- Use nasal saline washes as often as told by your health care provider.
- Wash your hands often with soap and water to reduce your exposure to germs. If soap and water are not available, use hand sanitizer.
- **Do not** smoke. Avoid being around people who are smoking ( *secondhand smoke* ).
- Keep all follow-up visits. This is important.

## Contact a health care provider if:

 **UCLA West Valley Medical Center**

Patient: LITTLE,JOSEPH ALLEN
Account No: AF1878034348
Unit No: AF00944088
Location: EMERGENCY DEPT NURSI
NG   X4199
Physician: Derderian,Hrak  MD
Date: 08/23/24

- You have a fever.
- Your symptoms get worse.
- Your symptoms do not improve within 10 days.

**Get help right away if:**
- You have a severe headache.
- You have persistent vomiting.
- You have severe pain or swelling around your face or eyes.
- You have vision problems.
- You develop confusion.
- Your neck is stiff.
- You have trouble breathing.

These symptoms may be an emergency. Get help right away. Call 911.
- **Do not wait to see if the symptoms will go away.**
- **Do not drive yourself to the hospital.**

**Summary**
- A sinus infection is soreness and inflammation of your sinuses. Sinuses are hollow spaces in the bones around your face.
- This condition is caused by nasal tissues that become inflamed or swollen. The swelling traps or blocks the flow of mucus. This allows bacteria, viruses, and fungi to grow, which leads to infection.
- If you were prescribed an antibiotic medicine, take it as told by your health care provider. **Do not**  stop taking the antibiotic even if you start to feel better.
- Keep all follow-up visits. This is important.

This information is not intended to replace advice given to you by your health care provider. Make sure you discuss any questions you have with your health care provider.

Document Revised: 11/22/2022 Document Reviewed: 11/22/2022
Elsevier Patient Education © 2023 Elsevier Inc.

 **UCLA West Valley Medical Center**

Patient: LITTLE,JOSEPH ALLEN
Account No: AF1878034348
Unit No: AF00944088
Location: EMERGENCY DEPT NURSI
NG  X4199
Physician: Derderian,Hrak  MD
Date: 08/23/24

## DEPARTMENT INFORMATION

General Emergency Department Discharge Instructions

The treatment and evaluation you received have been provided on an emergency basis
only and is not intended to be a substitute for, or an effort to provide complete
medical care. It is important that you follow up with your primary care provider for
ongoing monitoring and intervention. If your symptoms become worse or you do not
improve as expected and you are unable to reach your usual health care provider, you
should return to the Emergency Department. We are available 24 hours a day.

If you are prescribed opioid medications (pain medications), please be aware of the
following:
* Take this medication exactly as prescribed and do not take beyond the expiration
date.
* This medication may cause accidental overdose and/or death if it is taken by other
adults, children, or pets.
* Please store in a secure location and dispose of unused medication through a
medicine take-back program or other recommended method.
* Additional information can be found at www.fda.gov or by calling the Food and Drug
Administration at 1-800-882-9539.

If you received medication for sedation, pain or nausea, the following applies: Do
NOT drive, use heavy machinery or do anything that requires attention today or while
taking this medication. Be careful walking up and down stairs. If you get dizzy, sit
or lie down. Do not drink alcohol with this medication. Children should be
supervised carefully.

What To Do:
* Take this sheet with you when you go to your follow-up visit.
* If you have any problem arranging the follow-up visit, contact the Emergency
Department immediately.
* Take all medications as directed.

Studies Done in the Emergency Department:
* There are occasions where additional lab tests return- such as a culture result or
an X-ray or EKG is further reviewed after you are discharged. If a change in your
diagnosis or treatment is indicated, we will attempt to contact you. It s critical
that we have a current phone number for you.
* If you had X-rays done, we can provide you a CD with those X-rays for your review
and follow-up.
* Culture results may take 2-3 days. We review many culture results and will attempt
to contact you if the results are significant or may change our treatment.

Additonal Information or Instructions:
        If side effects develop, such as a rash, difficulty breathing, or a severe

 **UCLA West Valley Medical Center**

Patient: LITTLE,JOSEPH ALLEN
Account No: AF1878034348
Unit No: AF00944088
Location: EMERGENCY DEPT NURSI
NG   X4199
Physician: Derderian,Hrak  MD
Date: 08/23/24

upset stomach, stop the medication and call your doctor or the Emergency
Department.

Start managing your health today by using the MyHealthOne portal. The MyHealthOne
portal will allow you to view hospital viisits and lab results.
www.myhealthone.com or call (855) 422-6625

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>JOSEPH LITTLE<br>8121 Jason Ave.<br>West Hills, Ca 91401 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. *(Optional):*<br>EMAIL ADDRESS *(Optional)*<br>ATTORNEY FOR *(Name):* DEFENDANT IN PRO PER | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**JAN 10 2025**<br><br>David W. Slayton, Executive Officer/Clerk of Court<br><br>By: C. Haroutunian, Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF **CALIFORNIA**<br>STREET ADDRESS: 6230 SYLMAR AVE<br>MAILING ADDRESS: 6230 SYLMAR AVE<br>CITY AND ZIP CODE: VAN NUYS, 91401<br>BRANCH NAME: VAN NUYS COURTHOUSE | |

| PLAINTIFF/PETITIONER: EDGE PROPERTY MANANGEMENT INC | CASE NUMBER:<br>24VEUD03773 |
|---|---|
| DEFENDANT/RESPONDENT: JOSEPH LITTLE | JUDICIAL OFFICER: |
| **NOTICE OF RELATED CASE** | DEPT.:<br>DEPT H |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1.  a.  Title: JOSEPH LITTLE VS. EDGE PROPERTY MANANGEMENT INC. ET AL

    b.  Case number: 24VECV05651

    c.  Court: [x] same as above

    [ ] other state or federal court *(name and address):*

    d.  Department: T

    e.  Case type: [ ] limited civil [x] unlimited civil [ ] probate [ ] family law [ ] other *(specify):*

    f.  Filing date: 11/14/2024

    g.  Has this case been designated or determined as "complex?" [ ] Yes [x] No

    h.  Relationship of this case to the case referenced above *(check all that apply):*

    [x] involves the same parties and is based on the same or similar claims.

    [x] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

    [x] involves claims against, title to, possession of, or damages to the same property.

    [x] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

    [ ] Additional explanation is attached in attachment 1h

    i.  Status of case:

    [x] pending

    [ ] dismissed [ ] with [ ] without prejudice

    [ ] disposed of by judgment

2.  a.  Title: EDGE PROPERTY MANAGEMENT INC. VS. JOSEPH LITTLE

    b.  Case number: 24VEUD03773

    c.  Court: [x] same as above

    [ ] other state or federal court *(name and address):*

    d.  Department: H

Form Approved for Optional Use<br>Judicial Council of California<br>CM-015 [Rev. July 1, 2007]

**NOTICE OF RELATED CASE**

Cal. Rules of Court, rule 3.300<br>www.courts.ca.gov

**CM-015**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

### PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify)*:

   815 N. LA BREA AVE., INGLEWOOD CA 90301

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one)*:

   a. [ x ]  deposited the sealed envelope with the United States Postal Service.

   b. [    ]  placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:

   a. on *(date):* 01/09/2025

   b. from *(city and state):* INGLEWOOD, CA

4. The envelope was addressed and mailed as follows:

   a. Name of person served:
   HARRY A SAFARIAN ESQ.
   Street address: 3150 MONTROSE AVE.
   City: GLENDALE
   State and zip code: CA  91214

   b. Name of person served:

   Street address:
   City:
   State and zip code:

   c. Name of person served:
   MICHAEL D. ZEFF ESQ.
   Street address: 16633 VENTURA BLVD SUITE 1014
   City: ENCINO
   State and zip code: CA,  91438

   d. Name of person served:

   Street address:
   City:
   State and zip code:

[    ]  Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: JANUARY 9, 2025

DONNA TODD
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

UD-150

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Joseph Little
8121 Jason Ave.
West Hills, CA 91304

TELEPHONE NO.:                    FAX No. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Defendant in Pro Per

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 6230 Sylmar Ave
MAILING ADDRESS: 6230 Sylmar Ave
CITY AND ZIP CODE: Van Nuys 91401
BRANCH NAME: Northwest Dist.

**CONFORMED COPY
ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**APR 15 2025**

David W. Slayton, Executive Officer/Clerk of Court

PLAINTIFF: EDGE PROPERTY MANAGEMENT INC.
DEFENDANT: JOSEPH LITTLE

| ☐ REQUEST  ☒ COUNTER-REQUEST TO SET CASE FOR TRIAL—UNLAWFUL DETAINER  ☐ Plaintiff  ☒ Defendant | CASE NUMBER: 24VEUD03773 |
|---|---|

1. ☐ **Plaintiff's request.** I represent to the court that all parties have been served with process and have appeared or have had a default or dismissal entered against them. I request that this case be set for trial.

2. **Trial preference.** The premises concerning this case are located at *(street address, apartment number, city, zip code, and county):*
   8121 JASON AVE. WEST HILLS CA 91304, LOS ANGELES COUNTY

   a. ☒ To the best of my knowledge, the right to possession of the premises is still in issue. This case is entitled to legal preference under Code of Civil Procedure section 1179a.

   b. ☐ To the best of my knowledge, the right to possession of the premises is no longer in issue. No defendant or other person is in possession of the premises.

3. **Jury or nonjury trial.** I request ☒ a jury trial  ☐ a nonjury trial.

4. **Estimated length of trial.** I estimate that the trial will take *(check one):*
   a. ☒ days *(specify number):* 2   b. ☒ hours *(specify if estimated trial is less than one day):* 8HRS

5. **Trial date.** I am not available on the following dates *(specify dates and reasons for unavailability):*

**UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400–6415)**

6. *(Complete in all cases.)* An unlawful detainer assistant ☒ did not ☐ did  for compensation give advice or assistance with this form. *(If declarant has received any help or advice for pay from an unlawful detainer assistant, complete a–f.)*
   a. Assistant's name:                          c. Telephone no.:
   b. Street address, city, and zip code:         d. County of registration:
                                                  e. Registration no.:
                                                  f. Expires on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:  April 11, 2025

Joseph Little
_____          ►         _____
(TYPE OR PRINT NAME)                               (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- An unlawful detainer case must be set for trial on a date not later than 20 days after the first request to set the case for trial is made (Code Civ. Proc., § 1170.5(a)).
- If a jury is requested, $150 must be deposited with the court 5 days before trial (Code Civ. Proc., § 631).
- Court reporter and interpreter services vary. Check with the court for availability of services and fees charged.
- If you cannot pay the court fees and costs, you may apply for a fee waiver. Ask the court clerk for a fee waiver form.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
UD-150 [New January 1, 2005]

**REQUEST/COUNTER-REQUEST TO SET CASE
FOR TRIAL—UNLAWFUL DETAINER**

Code of Civil Procedure, §§ 631, 1170.5(a), 1179a
www.courts.ca.gov

| PLAINTIFF:<br>DEFENDANT: | CASE NUMBER: |
|---|---|

## PROOF OF SERVICE BY MAIL

**Instructions:** *After having the parties served by mail with the* Request/Counter-Request to Set Case for Trial—Unlawful Detainer, *(form UD-150), have the person who mailed the form UD-150 complete this* Proof of Service by Mail. *An **unsigned** copy of the* Proof of Service by Mail *should be completed and served with form UD-150. Give the* Request/Counter-Request to Set Case for Trial—Unlawful Detainer *(form UD-150) and the completed* Proof of Service by Mail *to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the* Proof of Service by Mail.

1. I am over the age of 18 and **not a party to this case.** I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is *(specify)*:
   815 N. La Brea Ave. Inglewood, Ca 90301

3. I served the *Request/Counter-Request to Set Case for Trial—Unlawful Detainer* (form UD-150) by enclosing a copy in an envelope addressed to each person whose name and address are shown below AND

   a. [ × ] **depositing** the sealed envelope in the United States mail on the date and at the place shown in item 3c with the postage fully prepaid.

   b. [ ] **placing** the envelope for collection and mailing on the date and at the place shown in item 3c following ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

   c. (1) Date mailed: April 11, 2025
      (2) Place mailed *(city and state):* Los Angeles, CA

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 11, 2025

Donna Todd
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PERSON WHO MAILED *FORM UD-150)*

## NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

| | Name | Address *(number, street, city, and zip code)* |
|---|---|---|
| 4. | Michael D. Zee Esq. | 16633 Ventura Blvd. Suite 1014, Encino CA 91436 |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |
| 9. | | |

[ ] List of names and addresses continued on a separate attachment or form MC-025, titled Attachment to Proof of Service by Mail.

UD-150 [New January 1, 2005]

## REQUEST/COUNTER-REQUEST TO SET CASE FOR TRIAL—UNLAWFUL DETAINER

Page 2 of 2

**For your protection and privacy, please press the Clear**

**UD-105**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|
| NAME: Joseph Little | | |

NAME: Joseph Little
FIRM NAME:
STREET ADDRESS: 8121 Jason Street
CITY: Los Angeles   STATE: CA   ZIP CODE: 91304
TELEPHONE NO.: 818) 458-6199   FAX NO.:
EMAIL ADDRESS:
ATTORNEY FOR (name): Defendant In Pro Per

**FILED**
Superior Court of California
County of Los Angeles

**FEB 20 2025**

David W. Slayton, Executive Officer/Clerk of Court

By: P. Diaz, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 6230 SYLMAR AVE.
MAILING ADDRESS: 6230 SYLMAR AVE.
CITY AND ZIP CODE: VAN NUYS, 91401
BRANCH NAME: VAN NUYS COURTHOUSE EAST

PLAINTIFF: EDGE PROPERTY MANAGMENT INC.
DEFENDANT: JOSEPH LITTLE

| ANSWER—UNLAWFUL DETAINER | CASE NUMBER: 24VEUD03773 |
|---|---|

1. Defendant *(all defendants for whom this answer is filed must be named and must sign this answer unless their attorney signs)*:
   JOSEPH LITTLE

   answers the complaint as follows.

2. **DENIALS** *(Check ONLY ONE of the next two boxes.)*

   a. [ x ] **General Denial** *(Do not check this box if the complaint demands more than $1,000.)*
      Defendant generally denies each statement of the complaint and of *Mandatory Cover Sheet and Supplemental Allegations—Unlawful Detainer* (form UD-101).

   b. [   ] **Specific Denials** *(Check this box and complete (1) and (2) below if complaint demands more than $1,000.)*
      Defendant admits that all the statements of the complaint and of *Mandatory Cover Sheet and Supplemental Allegations—Unlawful Detainer* (form UD-101) are true EXCEPT:

      (1) **Denial of Allegations in Complaint (form UD-100 or other complaint for unlawful detainer)**

          (a) Defendant claims the following statements of the complaint are false *(state paragraph numbers from the complaint or explain below or, if more room needed, on form MC-025)*:
              [ x ]  Explanation is on form MC-025, titled as Attachment 2b(1)(a).
              SEE ATTACHED MC-025

          (b) Defendant has no information or belief that the following statements of the complaint are true, so defendant denies them *(state paragraph numbers from the complaint or explain below or, if more room needed, on form MC-025)*:
              [   ]  Explanation is on form MC-025, titled as Attachment 2b(1)(b).

      (2) **Denial of Allegations in *Mandatory Cover Sheet and Supplemental Allegations—Unlawful Detainer* (form UD-101)**

          (a) [ x ]  Defendant did not receive plaintiff's *Mandatory Cover Sheet and Supplemental Allegations* (form UD-101). *(If not checked, complete (b) and (c), as appropriate.)*

          (b)  Defendant claims the following statements on *Mandatory Cover Sheet and Supplemental Allegations—Unlawful Detainer* (form UD-101) are false *(state paragraph numbers from form UD-101 or explain below or, if more room needed, on form MC-025)*: [ x ]  Explanation is on form MC-025, titled as Attachment 2b(2)(b).
              SEE ATTACJED MC-025

Form Approved for Optional Use
Judicial Council of California
UD-105 [Rev. January 1, 2024]

**ANSWER—UNLAWFUL DETAINER**

Civil Code, § 1940 et seq.;
Code of Civil Procedure, §§ 425.12,
1161 et seq., 1179.01 et seq.
www.courts.ca.gov

**UD-105**

| PLAINTIFF: | CASE NUMBER: |
|---|---|
| DEFENDANT: | |

2. b. (2) (c)  Defendant has no information or belief that the following statements on *Mandatory Cover Sheet and Supplemental Allegations—Unlawful Detainer* (form UD-101) are true, so defendant denies them *(state paragraph numbers from form UD-101 or explain below or, if more room needed, on form MC-025):*

         ☒ Explanation is on form MC-025, titled as Attachment 2b(2)(c).

         SEE ATTACJED MC-025

3. **DEFENSES AND OBJECTIONS** *(NOTE: For each box checked, you must state brief facts to support it in item 3t (on page 3) or, if more room is needed, on form MC-025. You can learn more about defenses and objections at www.courts.ca.gov/selfhelp-eviction.htm.)*

  a. ☒  *(Nonpayment of rent only)* Plaintiff has breached the warranty to provide habitable premises.

  b. ☐  *(Nonpayment of rent only)* Defendant made needed repairs and properly deducted the cost from the rent, and plaintiff did not give proper credit.

  c. ☐  *(Nonpayment of rent only)* On *(date):*                   before the notice to pay or quit expired, defendant offered the rent due but plaintiff would not accept it.

  d. ☐  *(Nonpayment of rent only)* Plaintiff's demand for possession is based on nonpayment of rent due more than one year ago.

  e. ☒  Plaintiff waived, changed, or canceled the notice to quit.

  f. ☒  Plaintiff served defendant with the notice to quit or filed the complaint to retaliate against defendant.

  g. ☒  By serving defendant with the notice to quit or filing the complaint, plaintiff is arbitrarily discriminating against the defendant in violation of the Constitution or the laws of the United States or California.

  h. ☐  Plaintiff's demand for possession violates the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

      *(Also, briefly state in item 3t the facts showing violation of the ordinance.)*

  i. ☒  Plaintiff's demand for possession is subject to the Tenant Protection Act of 2019, Civil Code section 1946.2 or 1947.12, and is not in compliance with the act. *(Check all that apply and briefly state in item 3t the facts that support each.)*

    (1) ☒  Plaintiff failed to state a just cause for termination of tenancy in the written notice to terminate.

    (2) ☒  Plaintiff failed to provide an opportunity to cure any alleged violations of terms and conditions of the lease (other than payment of rent) as required under Civil Code section 1946.2(c).

    (3) ☐  Plaintiff failed to comply with the relocation assistance requirements of Civil Code section 1946.2(d).

    (4) ☐  Plaintiff has raised the rent more than the amount allowed under Civil Code section 1947.12, and the only unpaid rent is the unauthorized amount.

    (5) ☒  Plaintiff violated the Tenant Protection Act in another manner that defeats the complaint.

  j. ☐  Plaintiff accepted rent from defendant to cover a period of time after the date the notice to quit expired.

  k. ☐  Plaintiff seeks to evict defendant based on an act—against defendant, defendant's immediate family member, or a member of defendant's household—that constitutes domestic violence, sexual assault, stalking, human trafficking, abuse of an elder or a dependent adult, or a crime that caused bodily injury, involved a deadly weapon, or used force or threat of force. *(This defense requires one of the following, which may be included with this form: (1) a temporary restraining order, protective order, or police report that is not more than 180 days old; (2) a signed statement from a qualified third party (e.g., a doctor, domestic violence or sexual assault counselor, human trafficking caseworker, psychologist, or a victim of violent crime advocate concerning the injuries or abuse resulting from these acts); or (3) another form of documentation or evidence that verifies that the abuse or violence occurred.)*

    (1) ☐  The abuse or violence was committed by a person who does not live in the dwelling unit.

    (2) ☐  The abuse or violence was committed by a person who lives in the dwelling unit and defendant claims protection from eviction under Code of Civil Procedure section 1161.3(d)(2).

  l. ☐  Plaintiff seeks to evict defendant based on defendant or another person calling the police or emergency assistance (e.g., ambulance) by or on behalf of a victim of abuse, a victim of crime, or an individual in an emergency when defendant or the other person believed that assistance was necessary.

  m. ☒  Plaintiff's demand for possession of a residential property is based on nonpayment of rent or other financial obligations and *(check all that apply)*

    (1) ☐  plaintiff received or has a pending application for rental assistance from a governmental rental assistance program or some other source relating to the amount claimed in the notice to pay rent or quit. (Health & Saf. Code, §§ 50897.1(d)(2)(B) and 50897.3(e)(2).)

UD-105 [Rev. January 1, 2024]

**ANSWER—UNLAWFUL DETAINER**

Page 2 of 4

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| EDGE PROPERTY MANAGMENT VS. LITTLE | 24VEUD03773 |

ATTACHMENT (Number): 001

*(This Attachment may be used with any Judicial Council form.)*

GENERAL ALLEGATIONS

1. INDOOR ENVORIROMENTAL ISSUES: It is essential to the economic health of the state of California for the state to ameliorate the deleterious effects for Landlords who do not repair requests by renter for health concern problems. Defendant Joseph Little have been complaining about Moisture & Mildew for a few months which led to him being hospitalized from dealing with the harmful conditions that have not been repaired at the property. After several demands for remedy and without concern Plaintiff and Plaintiff's agents have failed to remedy or make repairs to resolve ongoing issues described in Home Inspection Report issued by Eric Penta, a licensed home inspector for real estate.

2. The report had found cancer causing agents such as mold and asbestos at the subject property. The main electrical panel was found to have inferior aluminum in the unit which has can cause an electrical fire. Home inspector suggested a licensed electrician to conclude remedy. Included in the inspection was a coverage of the garage, interior home, and the bathrooms. The report found evidence of moisture showing up in thermal imaging in the walls and ceilings which are acoustic and this in known for asbestos-asbestos that are causes of respiratory diseases for which the inspector has recommended removal or abatement by a professional team.

3. Additionally, after inspection of the bathrooms and shower areas, it was recommended by the inspector that the abatement of certain walls and grout areas to be sealed again to eliminate the levels of moisture in the areas. As this extrusion was deemed a health hazard, immediate remover and abatement was recommended. A true and correct copy of the Real Estate Inspection Report issued on November 7, 2024, is incorporated herein by reference.

4. All Plaintiffs are business entities unless otherwise stated, they do business and have residency and business contacts within the County of Los Angeles, California

5. The Plaintiff, each of them, were the agents, employees, representatives, partners, officers, principals and/or joint venturers of each of the remaining defendants, and in doing the things hereinafter alleged, were acting within the scope, course and purpose of such agency, employment or position, or within the apparent scope, course and purpose of such agency, employment or position and with permission and consent of each of the remaining defendants

6. Plaintiff had actual knowledge that Defendnat's request for repairs and Plaintiffs have not made any attempts to remedy the actions described in the inspection report.

7. Defendnat is informed and believes that Mat Hardege is acting as the agent of the Beneficiary for Plaintiff' and the notices therein.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 2

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 (Rev. July 1, 2009)

ATTACHMENT
to Judicial Council Form

www.courtinfo.ca.gov

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| EDGE PROPERTY MANAGEMENET  VS. LITTLE | 24VEUD03773 |

### ATTACHMENT (Number): 002

*(This Attachment may be used with any Judicial Council form.)*

a. The Complaint is unverified by a competent fact witness with personal knowledge.

b. The Complaint is verified on information and belief.

c. Plaintiff lacks standing to bring this action.

d. Plaintiff lacks standing to maintain this action.

e. Plaintiff can not comply with Civil Code 2924(a) (6)

f. Plaintiffs who filed the pleading does not have the legal capacity to sue.

g. Plaintiffs complaint for unlawful detainer fails to state facts sufficient to constitute a cause of action, because Plaintiff has not pled, and cannot plead the requisite elements of the transfer of title interest.

h. The complaint is not verified by a Real Party fact Interest with firsthand personal knowledge.

i. The pleading is uncertain.  As used in this subdivision, "uncertain" includes ambiguous and unintelligible as to who has the right to bring this suit against Defendant.

j. There is no evidence to support its preliminary fact.

k. There is no landlord/tenant relationship.

l. This is an improper form to bring this matter.

m. Plaintiff has failed to serve proper notice of the Summon and Complaint upon defendants.

n. Plaintiff has demonstrated unethical legal practices.

o. Plaintiffs attorney has misrepresented the material facts of the case without a fact witness with personal knowledge and standing.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page  2  of  2

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California

**ATTACHMENT**

www.courtinfo.ca.gov

I am not a process server.

I am a resident of or employed in the county where the mailing occurred; my business/residence address is: 815 N. La Brea Ave, Inglewood, CA 90301.

On May 12, 2025, I mailed copy of the following documents described as: **REQUEST FOR FEDERAL REMOVAL** in a self-stamped address envelope and dropped it into a mailbox to the following party(s):

Michael D. Zeff Esq.

16633 Ventura Blvd. Suite 1014

Encino, CA 91436

818-789-7711 Office/ 424-292-8570 Fax

[X ] (By U.S. Mail) I deposited such envelope in the mail at Los Angeles County,

California with postage thereon fully prepaid. I am aware that on motion of the

party served, service is presumed invalid if postal cancellation date or postage

meter date is more than one day after date of deposit for mailing in affidavit.

[X] (By Electronic Mail) I delivered by electronic service of email/facsimile through a

Court approved service provider to the facsimile or email address(es) listed above

in accordance with Cod of California Civil Procedure § 1010.6(e).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: May 12, 2025

_____

DONNA TODD

NOTICE OF REMOVAL ACTION -  8