UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 25-4272-GW-SSCx | Date | June 10, 2025 |
| Title | Edge Property Management, Inc. v. Joseph Little, et al. | | |

Present: The Honorable  GEORGE H. WU, United States District Judge

| Javier Gonzalez | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):  Attorney(s) Present for Defendant(s):

None Present  None Present

Proceedings:  **IN CHAMBERS - ORDER REMANDING THE ACTION TO THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

On May 12, 2025, *pro per* defendant Joseph Little ("Little") removed this unlawful detainer action to federal court from the Superior Court of California, County of Los Angeles. *See* Notice of Removal ("NOR"), Docket No. 1. For the reasons explained herein, this Court lacks subject matter jurisdiction over the removed action and therefore acts *sua sponte* to order the action **REMANDED** to state court.

Federal courts are courts of limited jurisdiction and have subject matter jurisdiction to adjudicate only those cases authorized by the United States Constitution and/or Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). This Court is obligated to consider its subject matter jurisdiction in every case that comes before it, even if no party challenges it. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Jurisdictional challenges can be raised at any time; indeed, federal courts have "a duty to consider them *sua sponte*." *Wilkins v. United Staes*, 598 U.S. 152, 157 (2023). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Little asserts that this action was properly removed to federal court because this Court has original jurisdiction over the action under 28 U.S.C. § 1331 (federal question jurisdiction). *See* NOR ¶¶ 4-5. Little asserts that federal question jurisdiction exists because "Defendant asserts claims and defenses arising under federal law." *Id*. ¶ 4. Little also suggests that there "may exist complete diversity of citizenship, and the amount in controversy exceeds $75,000." *Id.* ¶ 6.

Under the "well-pleaded complaint rule," federal question jurisdiction exists only if the "federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). That means that federal question jurisdiction "cannot be predicated on an actual or anticipated defense." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *see also Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("A counterclaim . . . cannot serve as the basis for 'arising under' [federal] jurisdiction."). In this case, the state court complaint asserts just one cause of action for unlawful detainer based upon California Code of Civil Procedure § 1161(a). Accordingly, the Complaint does not contain a federal question because the sole cause of action alleged against Little is purely a California state law claim. Therefore, any right based in federal law that Little claims by way of a defense or counterclaim does not vest this Court with original jurisdiction over this unlawful detainer case. Furthermore, Little provides no evidence that the parties are diverse in citizenship, and the Complaint states that the amount at issue is less than $10,000. *See* NOR at 20. Lacking jurisdiction, the Court must remand this removed action. 28 U.S.C. § 1447(c).

Based on the foregoing discussion, the Court acts *sua sponte* and orders this case **REMANDED TO STATE COURT**.

**IT IS SO ORDERED.**